**FILED**

2010 Feb-08  AM 11:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL VELOTAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:**_____ |
| | ) | |
| **v.** | ) | |
| | ) | **Pending in the Circuit Court of** |
| **NATIONAL CREDIT SYSTEMS,** | ) | **Jefferson County, Alabama as** |
| **INC., et al.,** | ) | **Case No. CV-2006-03564** |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

COMES NOW the defendant, National Credit Systems, Inc. ("National Credit"), and hereby removes the above styled action from the Circuit Court of Jefferson County, Alabama pending as Civil Action Number: CV-2006-03564, to this United States District Court for the Northern District of Alabama, Southern Division by stating as follows:

1.      The Plaintiff served National Credit with the Summons and Complaint on or about June 26, 2006.

2.      The original Complaint alleged violations of Alabama common law for invasion of the right of privacy, intentional infliction of emotional distress, defamation, and negligence and wantonness all based on National Credit's collection activities.

3.      On July 23, 2007, the Circuit Court entered a Scheduling Order, which required all parties to seek leave of court to file any amendments to the pleadings after August 21, 2007.    The Plaintiff filed an Amended Complaint on September 5, 2007, without first seeking leave of court.  The Amended Complaint attempted to add a claim

under the Fair Debt Collection Practices Act ("FDCPA"). National Credit filed a Motion to Strike the Amended Complaint on September 6, 2007.

4.      After filing his Amended Complaint but before the Circuit Court ruled on National Credit's Motion to Strike, the Plaintiff filed a Motion to Amend the Complaint on January 17, 2008. National Credit filed an opposition to the motion.

5.      On January 7, 2010, the Circuit Court entered an Order wherein it granted National Credit's motion to strike the Plaintiff's Amended Complaint because the Plaintiff failed to seek leave of court.

6.      The January 7, 2010, Order also granted the Plaintiff's Motion to Amend the Complaint, allowing the Plaintiff to amend his complaint to add a claim for violation of the FDCPA.

7.      The United States District Court for the Northern District of Alabama, Southern Division encompasses the geographic area of the Circuit Court of Jefferson County, Alabama.

8.      Copies of all process and pleadings served upon National Credit in the state court including the Case Action Summary from the State Judicial Information System web site Alacourt.com are attached hereto as Exhibit A.

9.      Defendant National Credit gives prompt notice of its filing this Notice of Removal to all parties and to the Circuit Court of Jefferson County, Alabama, by filing a Notice of Filing Notice of Removal, attached hereto as Exhibit B, together with a copy of this Notice of Removal, in the Circuit Court of Jefferson County, Alabama, and by serving same on all parties as provided in 28 U.S.C. § 1446(d).

## Jurisdiction Based Upon Federal Question

10.    Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

11.    The Amended Complaint explicitly alleges claims against National Credit pursuant to the FDCPA.

12.    The FDCPA provides: "An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy . . . ." 15 U.S.C. § 1692k(d).

13.    Actions brought in state court under the FDCPA are removable to the appropriate Federal District Court. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1263 (11th Cir. 1999).

14.    According to 28 U.S.C. § 1441(b), a defendant in a state court action may remove the action to a federal court if the federal district court has "original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States."

15.    Moreover, removal pursuant to 28 U.S.C. § 1441(b) is proper "without regard to the citizenship or residence of the parties."

16.    When removal is based upon federal question jurisdiction, the defendant must demonstrate the existence of a federal question based on the well-pleaded complaint rule. *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2nd Cir.1998); *see also West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 192 (2nd Cir.1987)

(*stating* "[t]he [well-pleaded complaint] rule provides that federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law . . . and only when plaintiff's well-pleaded complaint raises issues of federal law.").

17.     Because the Amended Complaint explicitly alleges claims against National Credit pursuant to the FDCPA, removal is proper under 28 U.S.C. § 1441(b).

## Removal is Timely

18.     The Circuit Court granted the Plaintiff's Motion to Amend the Complaint to add a claim for violation of the FDCPA on January 7, 2010; therefore, this action first became removable on January 7, 2010.

19.     Per 28 U.S.C. § 1446(b): "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .  If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332of this title more than 1 year after commencement of the action."

20.     National Credit does not remove this action pursuant to 28 U.S.C. § 1332, diversity jurisdiction, thus, the one year limitation does not apply.

21.    The majority of courts that have considered the effect of a motion to amend a petition filed in state court have concluded that such a motion does not commence the thirty-day deadline for filing a notice removal in federal court; instead, it is the grant of that motion by the state court that commences the thirty-day deadline. *See Owings v. Deer & Co.*, 441 F.Supp.2d 1011 (S.D. Iowa 2006); *see also Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998); *Douklias v. Teacher's Ins. and Annuity Ass'n*, 35 F.Supp.2d 612, 615 (W.D.Tenn. 1999); *Finley v. Higbee Co.*, 1 F.Supp.2d 701, 704 (N.D.Ohio 1997); *Crump v. Wal-Mart Group Health Plan*, 925 F.Supp. 1214, 1219 (W.D.Ky. 1996); *Hibbs v. Consolidation Coal Co.*, 842 F.Supp. 215, 217 (N.D.W.Va. 1994); *Schoonover v. W. Am. Ins. Co.*, 665 F.Supp. 511, 514 (S.D.Miss. 1987).

22.    This is especially true when the time for amending the complaint as a matter of right has expired, leaving the decision whether to grant a plaintiff's motion to amend the complaint in the discretion of the state court. *Owings*, F.Supp. 2d at 1014; *see also Hibbs*, 842 F.Supp. at 217.

23.    Commencing the thirty-day period upon the filing of the plaintiff's motion would force a defendant to speculate as to the state court's ruling and require a defendant to file its removal petition before the grounds for removal actually exist. *Hibbs*, 842 F.Supp. at 217.  Stated differently, the majority view holds the defendant must be placed on guaranteed, actual notice that the action has become removable before the thirty-day timeframe begins to run.

24.    The Circuit Court's Scheduling Order stated that leave of court was required to file any amendment to the pleadings after the August 21, 2007, deadline.  The

Plaintiff first attempted to amend his complaint on September 5, 2007, without leave to amend and did not file his motion for leave to amend until January 17, 2008. Therefore, in accordance with the majority view and because the Court could have denied the motion to amend, National Credit did not have actionable notice until the Circuit Court granted the Plaintiff's Motion to Amend on January 7, 2010.

25.    Moreover, commencing the thirty-day period upon the filing of the plaintiff's motion to amend would force a defendant to choose between opposing the amendment and removing the action to federal court. If the defendant chooses the former, he depends on the state court to rule on the motion to amend within the thirty-day time period. If the state court fails to do so, the defendant, at no fault of his own, loses his right to remove. This is the situation in the present case where the Plaintiff filed his motion to amend on January 17, 2008; however, the Circuit Court did not rule on the motion until January 10, 2010—nearly two years later.

26.    This action did not become removable until January 7, 2010, when the Circuit Court entered its Order granting the Plaintiff's Motion to Amend the Complaint to add a claim under the FDCPA. Prior to that Order, National Credit had no basis to evoke this Court's jurisdiction. This is true despite the Plaintiff's prior attempt to amend the Complaint and opposing counsel's previous statements as to his belief National Credit violated the FDCPA as well as Alabama common law.

27.    Therefore, this notice is being filed with this Court within thirty (30) days of National Credit receiving a copy of the initial pleading.

WHEREFORE, PREMISES CONSIDERED, National Credit respectfully requests this Court to enter an order effecting the removal of this action from the Circuit Court of Jefferson County, Alabama, to this Court and make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said District Court.

DATED this the 29th day of January 2010.

Neal D. Moore, III
Patrick W. Franklin
*Attorneys for defendant National Credit Systems, Inc*

**OF COUNSEL:**
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama  35243
(205)879-8722

## CERTIFICATE OF SERVICE

This is to certify that on this the 5th day of February, 2010, I served the foregoing on the following via first class mail.

Jerry O. Lorant
JERRY O. LORANT & ASSOCIATES
401 Office Park Drive
Birmingham, AL  35223
*Attorney for Plaintiff*


OF COUNSEL

# EXHIBIT "A"

```
AVS0351                                              CV 2006 003564.00

                                            JUDGE: TENNANT M SMALLWOOD
```

ALABAMA JUDICIAL DATA CENTER
CASE ACTION SUMMARY
CIRCUIT CIVIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
FILED: 06/15/2006 TYPE: OTHER CV CASE      TYPE TRIAL: NON-JURY  TRACK:

```
**************************************************************************
DATE1:            CA:                    CA DATE:
DATE2:            AMT:         $.00  PAYMENT:
DATE3:
**************************************************************************
PLAINTIFF  001: VELOTAS MICHAEL
                                    ATTORNEY: LORANT JERRY O
                                    LOR002    401 OFFICE PARK DR
             , AL  00000-0000
             PHONE: (205)000-0000                  BIRMINGHAM, AL  35223
ENTERED:  06/19/2006 ISSUED:            TYPE:              (205)871-7551
SERVED:            ANSWERED:            JUDGEMENT:
```
DEFENDANT  001: NATIONAL CREDIT SYSTEMS INC
              % CORPORATION PROCESS CO   ATTORNEY: MOORE NEAL DEWITT III
              180 CHEROKEE ST NE          MOO073
              MARIETTA, GA  30060-0000
              PHONE: (205)000-0000
ENTERED:  06/19/2006 ISSUED: 06/26/2006 TYPE:    CERTIFIED
SERVED:   06/28/2006 ANSWERED: 08/10/2006 JUDGEMENT:

```
   06/19/2006   FILED THIS DATE: 06/15/2006           (AV01)

   06/19/2006   ASSIGNED TO JUDGE: TENNANT M SMALLWOOD (AV01)

   06/19/2006   BENCH/NON-JURY TRIAL REQUESTED         (AV01)

   06/19/2006   CASE ASSIGNED STATUS OF: ACTIVE        (AV01)

   06/19/2006   ORIGIN: INITIAL FILING                 (AV01)

   06/19/2006   VELOTAS MICHAEL ADDED AS C001          (AV02)

   06/19/2006   LISTED AS ATTORNEY FOR C001: LORANT JERRY O (AV02)

   06/19/2006   NATIONAL CREDIT SYSTEMS INC ADDED AS D001  (AV02)

   06/19/2006   LISTED AS ATTORNEY FOR D001: PRO SE    (AV02)

   06/19/2006   SUMMONS & COMPLAINT -INTGS-RQ PROD     (AV02)

   06/23/2006   CERTIFIED MAI ISSUED: 06/26/2006 TO D001    (AV02)

   07/03/2006   SERVICE OF CERTIFIED MAI ON 06/28/2006 FOR D001

   08/04/2006   NO ANSWER NOTICE ISSUED TO: D001       (V803)

   08/10/2006   PLTFS RESPONSE TO DEFAULT NOTICE

   08/14/2006   ORD/ REQUEST FOR EXTENSION GRANTED 30 DAYS

   08/14/2006   LISTED AS ATTORNEY FOR D001: MOORE NEAL DEWITT II

   08/14/2006   ANSWER OF ATTY APPEAR ON 08/10/2006 FOR D001(AV02)

   08/15/2006   ANSWER OF ANSWER FOR D001
```

```
LOH   12/28/2006                                CV 2006 003564.00
```

AVSO352

CASE:  CV 2006 003564.00
JUDGE:  TENNANT M SMALLWOOD

```
|-------------------------------------------------------------------------|
|                     ALABAMA JUDICIAL DATA CENTER                        |
|                   CASE ACTION SUMMARY CONTINUATION                      |
|                           CIRCUIT CIVIL                                 |
|-------------------------------------------------------------------------|
|  IN THE CIRCUIT  COURT OF JEFFERSON       COUNTY                        |
|                                                                         |
|   MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC                      |
|   FILED:  06/15/2006 TYPE:  OTHER CV CASE        TYPE TRIAL:  NON-JURY  TRACK: |
```

```
**********************************************************************
DATE1:              CA:               CA DATE:
DATE2:              AMT:       $.00   PAYMENT:
**********************************************************************
```

|      |      |                     JUDGES NOTES AND ORDERS           |
|------|------|-------------------------------------------------------|
| 08/10/06 | Plaintiff's Response to Default Notice |
| 08/14/06 | It has come to the attention of the Court that the Plaintiff has requested an |
|          | extension of time to take a default against the Defendant.  Such request is |
|          | granted for an additional thirty (30) days from the date herein. |
|          | DONE AND ORDERED On this the 14th day of August, 2006. |

_____, Circuit Judge

cc: Jerry O. Lorant, Esquire

Neal D. Moore, III, Esquire

ROA   06/26/2006

```
AVSO351                                                      CV 2006 003564.00

                                           JUDGE:  TENNANT M SMALLWOOD

                        ALABAMA JUDICIAL DATA CENTER
                            CASE ACTION SUMMARY
                              CIRCUIT CIVIL

    IN THE CIRCUIT  COURT OF JEFFERSON        COUNTY

    MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
    FILED:  06/15/2006 TYPE: OTHER CV CASE       TYPE TRIAL: NON-JURY  TRACK:

  *****************************************************************************
  DATE1:                CA:                  CA DATE:
  DATE2:                AMT:           $.00  PAYMENT:
  DATE3:
  *****************************************************************************
    09/06/2006    PLTF'S FIRST RESP TO DEFT'S ANSW CONCERNING

    09/06/2006       DAMAGES

    09/11/2006    DEFTS NOT OF SVC
```

```
LOH   12/28/2006                                        CV 2006 003564.00
```

| STATE OF ALABAMA<br>Unified Judicial System<br>**Jefferson County, Alabama** | Revised 02/22/05<br>Check one (Not for Workers' Comp., PFA, or Small Claims cases):<br>☐District Court   ☒ Circuit Court | ► **Case No.**<br><br>**CV-2006-03564** |
|---|---|---|

| Style of Case:<br><br>***Michael Velotas v. National Credit Systems, Inc., et al.*** | **MOTION COVER SHEET**<br>Name of Filing Party:  **National Credit Systems, Inc.** |
|---|---|

| Name, Address, and Telephone No. of Attorney or Party, If Not Represented:<br><br>Neal D. Moore, III<br>FERGUSON, FROST & DODSON, L.L.P.<br>2500 Acton Road, Suite 200<br>Birmingham, Alabama  35243<br><br>Attorney Bar No.:  ASB-3971-M73N | To be filled out by Clerk of Court:<br>☐   Filing Fee Charged and Collected (Amt $_____)<br>☐   Filing Fee Not Required (SM, Work Comp, PFA)<br>☐   Affidavit of Hardship on File |
|---|---|

## Type of Motion (Check One)

FILED IN OFFICE

MAR 06 2007

ANNE-MARIE ADAMS
*Clerk*

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐  Default Judgment ($50.00) | ☐   Add Party |
| | ☐   Amend |
| ☐  Intervene or Appear as Third party Plaintiff - Only in CV cases, excluding DR cases filed on the CV docket $297.00) | ☐   Change of Venue/Transfer |
| | ☒   Compel |
| | ☐   Consolidation |
| | ☐   Continue |
| ☐  Joinder in Other Party's Dispositive Motions (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐   Deposition |
| | ☐   Designate a Mediator |
| | ☐   Judgment as a Matter of Law (during trial) |
| | ☐   Disburse Funds |
| ☐  Judgment on the Pleadings ($50.00) | ☐   Discovery |
| | ☐   Ex Parte Restraining |
| Motion to Dismiss, or in the Alternative Summary Judgment ($50.00) | ☐   Extension of Time |
| | ☐   In Limine |
| | ☐   Joinder |
| ☐  Other Dispositive Motion no pursuant to Rule 12(b) ($50.00) | ☐   More Definite Statement |
| | ☐   Motion to Dismiss Pursuant to Rule 12(b) |
| | ☐   New Trial |
| ☐  Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b) $50.00) | ☐   Objection of Exemptions Claimed |
| | ☐   Plaintiff's Motion to Dismiss or Stipulation of Dismissal |
| | ☐   Preliminary Injunction |
| | ☐   Protective Order |
| ☐  Summary Judgment or other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐   Quash |
| | ☐   Release from Stay of Execution |
| | ☐   Sanctions |
| ☐  Other _____<br>     pursuant to Rule _____  ($50.00) | ☐   Sever |
| | ☐   Show Cause |
| | ☐   Special Practice in Alabama |
| | ☐   Stay |
| | ☐   Strike |
| | ☐   Supplement to Pending Motion |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of Court regarding applicable local fees. | ☐   Temporary Restraining Order |
| | ☐   Vacate or Modify |
| | ☐   Withdraw |
| | ☐   Other |

| ☐   Other Court Costs $ | | |
|---|---|---|
| *Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial* ☐ | Date:<br><br>March 6, 2007 | Signature of Attorney or Party:<br><br>_____ |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled "Motion to Dismiss" that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgment are subject to filing fee.

**STATE OF ALABAMA**
Unified Judicial System
**Jefferson County, Alabama**

Revised 02/22/05
Check one (Not for Workers' Comp., PFA, or Small claims cases).

☐ District Court   ☒ Circuit Court

► **Case No.**
MGC

**CV-2006-03564**

Style of Case:

*Michael Velotas v. National Credit Systems, Inc., et al.*

# MOTION COVER SHEET

Name of Filing Party: **National Credit Systems, Inc.**

Name, Address, and Telephone No. of Attorney or Party, If Not Represented:

Neal D. Moore, III
FERGUSON, FROST & DODSON, L.L.P.
2500 Acton Road, Suite 200
Birmingham, Alabama 35243

Attorney Bar No.: ASB-3971-M73N

To be filled out by Clerk of Court:

☐ Filing Fee Charged and Collected (Amt $_____)
☐ Filing Fee Not Required (SM, Work Comp, PFA)
☐ Affidavit of Hardship on File

## Type of Motion (Check One)

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| | ☐ Amend |
| ☐ Intervene or Appear as Third party Plaintiff - Only in CV cases, excluding DR cases filed on the CV docket $297.00) | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| | ☐ Consolidation |
| | ☐ Continue |
| ☐ Joinder in Other Party's Dispositive Motions (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator (non-binding trial) |
| | ☐ Judgment as a Matter of Law (during trial) |
| | ☐ Disburse Funds |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Discovery |
| | ☐ Ex Parte Restraining |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| | ☐ Joinder |
| ☐ Other Dispositive Motion no pursuant to Rule 12(b) ($50.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss Pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b) $50.00) | ☐ Objection of Exemptions Claimed |
| | ☐ Plaintiff's Motion to Dismiss or Stipulation of Dismissal |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| ☐ Summary Judgment or other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| ☐ Other _____ | ☐ Sever |
| pursuant to Rule _____ ($50.00) | ☐ Show Cause |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of Court regarding applicable local fees. | ☐ Supplement to Pending Motion |
| | ☐ Temporary Restraining Order |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☒ Other  - Motion for Entry of HIPAA Order |

*FILED IN OFFICE*
*FEB 16 2007*
*ANNE-MARIE ADAMS*
*Clerk*

☐ Other Court Costs $_____

Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial ☐

Date: 15 NOV 1
February 14, 2007

Signature of Attorney or Party:

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled "Motion to Dismiss" that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgment are subject to filing fee.

CV200603564

| State of Alabama<br>United Judicial System | **COVER SHEET**<br><br>**CIRCUIT COURT - CIVIL  CASE**<br>**(Not For Domestic Relations Cases)** | Case Number:<br>□□ □□-□□□□□ .□□ |
|---|---|---|
| Form ARCivP-93    12/95 | | Date of Filing:<br>□□ □□ □□<br>Month    Day    Year |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF_____JEFFERSON_____ COUNTY

PLAINTIFF: MICHAEL VELOTAS      v.     DEFENDANT: NATIONAL CREDIT SYSTEMS, INC.

**First Plaintiff**   □ Business   ☒ Individual        **First Defendant** ☒ Business   □ Individual
                      □ Government  □ Other                              □ Government □ Other

**NATURE OF SUIT:** Select primary cause of action.

FILED IN OFFICE
ANNE-MARIE ADAMS
Clerk
JUN 1 5 2006

**TORTS PERSONAL INJURY**

□ WDEA - Wrongful Death
□ TONG - Negligence: General
□ TOMV - Negligence: Motor Vehicle
□ TOWA - Wantonness
□ TOPL - Product Liability/AEMLD
□ TOMM -Malpractice-Medical
□ TOLM - Malpractice - Legal
□ TOOM - Malpractice-Other
□ TOFR - Fraud
□ TOXX - Other: _____

**TORTS PROPERTY INJURY**

□ TOPE -Personal Property
□ TORE -Real Property

□ PFAB - Protection From Abuse
□ RPRO - Real Property
□ ACCT - Account & Non-Mortgage
□ COXX- Contract: All other
□ CVRT -Civil Rights
□ WTEG-Wills/Trusts/Estates/Guardianships
□ EQND-Non-Damage Actions (Declaratory Judgment, Injunction)
□ MSHC -Habeas Corpus/Extraordinary Writ
□ ADPA -Admin. Procedure Act
□ FELA -Railroad/Seaman (FELA)
□ COMP -Workmen's Compensation
□ COND -Condemnation (Fruits of Crime, Rt of Way, Aband
   vehicle)
☒ CVXX — Other: Invasion of Privacy, et al

**ORIGIN** (check one):   F ☒ INITIAL FILING      A □ APPEAL FROM       o □ OTHER CIRCUIT COURT
                                                    DISTRICT COURT     _____
                         R □ REMANDED      T □ TRANSFERRED FROM
                                              OTHER COURT

**HAS JURY TRIAL BEEN DEMANDED?**
□ YES  ☒ NO  Note: Checking Yes does not constitute a demand for a  jury trial. (See Rules 36 and 39, ARCP, for procedure)

**RELIEF REQUESTED:**  ☒ MONETARY AWARD REQUESTED     ☒ NO MONETARY AWARD REQUESTED

| ATTORNEY CODE:  6/14/06 | _Signature of Attorney/Party filing this form_ |
|---|---|
| LOR 002          Date | |

**MEDIATION REQUESTED:**      □ YES      □ NO      ☒ UNDECIDED



| STATE OF ALABAMA | Revised 3/23/05 | ► Case No. |
|---|---|---|

**STATE OF ALABAMA**
Unified Judicial System
Jefferson _____County

Revised 3/23/05

Check one (*Not for Workers' Comp., PFA, or Small Claims cases*):
☐ District Court   ☑ Circuit Court

► Case No.
CV-2006-03564  *M G G*

*Style of case:*

v.   Michael Velotas v. National Credit Systems, Inc.

# CIVIL MOTION COVER SHEET

*Name of Filing Party:*
Michael Velotas

*Name, Address, and Telephone No. of Attorney or Party, If Not Represented:*
Jerry O. Lorant, 401 Office Park Drive, Birmingham, AL 35223; (205) 871-7551

*Attorney Alabama State Bar No.:*
ASB-8235-076J

*To be filled out by Clerk of Court:*
☐ Filing Fee Charged and Collected (Amt $_____)
☐ Filing Fee Not Required
☐ Affidavit of Hardship on File or State Agency

## Type of Motion (Check One)

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|

**Motions Requiring Fee**

☐ Default Judgment ($50.00)
☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
☐ Judgment on the Pleadings ($50.00)
☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00)
☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
☐ Summary Judgment Pursuant to Rule 56 ($50.00)
☐ Other _____,
pursuant to Rule_____ ($50.00)

* Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Cost $_____

**Motions Not Requiring Fee**

☐ Add Party
☐ Amend
☐ Change of Venue/Transfer
☑ Compel
☐ Consolidation
☐ Continue
☐ Deposition
☐ Designate a Mediator
☐ Judgment as a Matter of Law (during trial)
☐ Disburse Funds
☐ Extension of Time
☐ In Limine
☐ Joinder
☐ More Definite Statement
☐ Motion to Dismiss pursuant to Rule 12(b)
☐ New Trial
☐ Objection of Exemptions Claimed
☐ Pendente Lite
☐ Plaintiff's Motion to Dismiss
☐ Preliminary Injunction
☐ Protective Order
☐ Quash
☐ Release from Stay of Execution
☐ Revive Judgment
☐ Sanctions
☐ Sever
☐ Special Practice in Alabama
☐ Stay
☐ Strike
☐ Supplement to Pending Motion
☐ Vacate or Modify
☐ Withdraw
☐ Other_____
pursuant to Rule_____ (Subject to filing fee)

**FILED IN OFFICE**

**SEP 0 5 2007**

**ANNE-MARIE ADAMS**
Clerk

Hearing Date:

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:
September 5, 2007 | Signature of Attorney or Party:
/s/ Jerry O. Lorant
*Jerry O. Lorant* |

* This Cover Sheet must be completed, signed **by the filing attorney or party**, and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
** Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

FILED IN OFFICE
ANNE-MARIE ADAMS
Clerk

JUN 1 5 2006

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

**MICHAEL VELOTAS,**

      **Plaintiff,**

**vs.**                                CASE NO. _CV200603564_

**NATIONAL CREDIT SYSTEMS, INC.,** a Georgia domestic corporation with it's corporate address at 180 Cherokee Street, N.E., Marietta, Georgia 30060; B, C, D, and E, all whose true and correct names are not further known to Plaintiff at this time, but when ascertained, will be added by way of amendment. Nevertheless, each of said fictitious party Defendants participated in, contributed to, and conspired with the named Defendants herein to commit the acts that injured and damaged the Plaintiff as set forth herein below, all action as collectors and operating the corporate entity collecting corporate accounts. Each of said parties, named and fictitious, acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts that injured the Plaintiffs herein.

      **Defendant.**

## COMPLAINT

      COMES NOW the Plaintiff, by and through his counsel of record, Jerry O. Lorant, Esq., and says as follows:

1.      The Plaintiff, Michael Velotas, is a resident and citizen of the state of Alabama and is over the age of twenty-one (21) years.

2.      The Defendant, National Credit Systems, Inc., a Georgia corporation, 180 Cherokee Street, N.E., Marietta, Georgia 30060 said Georgia corporation being designated as Defendant No. 1, was, in all respects and at all times relevant herein, doing business in the State of Alabama.

3.      The Defendants B, C, D, and E, are all entities or hidden corporations or individuals who contributed to or participated in, or authorized the acts or conspired with the named Defendants to commit the acts and do the things complained of which caused the injuries and damages to the Plaintiff as hereinafter set forth.

4.      Each of said fictitious party Defendants participated in, contributed to, and conspired with the named Defendants herein to commit the acts that injured and damaged the Plaintiff as set forth herein below.

5.   Each of said parties, named and fictitious, acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts that injured the Plaintiff herein.

6.   National Credit Systems, Inc., acted as an agent, and is responsible for the acts of the other and liable for any Judgment rendered against them.

## COUNT I
## INVASION OF THE RIGHT OF PRIVACY

7.   The Plaintiff adopts the averments and allegations of paragraphs 1 through 7 herein before as if fully set forth herein.

8.   The Defendants undertook a series of telephone calls and communications to Plaintiff constituting invasions of privacy and an Invasion of the Right of Privacy, Plaintiff, as set out and described in the common law of the State of Alabama.

9.   Said communications were harassing, unreasonable, systematic, and continuous in number and were made in disregard for Plaintiff's right of privacy. Said communications were made to threaten, to force, coerce, harass, frighten, embarrass, humiliate the Plaintiff into paying a claim, debt, or indebtedness.

10.  Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the calls and communications were made by various individuals including, but not limited to, the named Defendants and other individuals who held themselves out to be collectors and employees of, and persons and agents acting on behalf of the named Defendants.

11.  Plaintiff repeatedly and continuously begged and pleaded with the Defendants to stop communicating with Plaintiff. Defendants continued communications and created great emotional distress, physical illness, and physical and mental pain and anguish. The Defendants refused to cease communicating with the Plaintiff.

12.  Said communications constitute an unwarranted, and/or the wrongful intrusion into Plaintiff's private activities, as well as intentional intrusion into the Plaintiff's solitude and seclusion.

13.  The Defendant, National Credit Systems, Inc., a corporation, has committed the acts complained of herein in the State of Alabama.

14.  As a proximate consequence of said invasion of the right of privacy, the Defendants have caused the Plaintiff to suffer wrongful intrusion into the Plaintiff's private activities, great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, anguish and fright.

## COUNT II
## INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS

15.   The Plaintiff adopts the averments and allegations of Paragraphs 1 through 16 herein before as if more fully set forth herein.

16.   As a proximate consequence of the invasion of the right of privacy as aforesaid and making the calls and threats aforesaid, which were an intentional infliction of emotional distress, willfully and intentionally undertaken, knowing that the same were designed to abuse and coerce and create great mental and physical pain and damage, the Plaintiff was caused great mental anguish, physical anguish, cause great inconvenience, chagrin, caused to be embarrassed, caused to be made physically sick, caused great loss of sleep, caused to be made ill and weak and sick, and caused to suffer great fear, fright, and intimidation.

17.   The Defendants have committed the acts complained of herein in the State of Alabama.

18.   As a proximate consequence of said intentional infliction of emotional distress, the Defendants have caused the Plaintiff great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental

## COUNT III
## DEFAMATION

19.   Plaintiff adopts and realleges each and every allegation contained in the preceding paragraphs as if set forth fully herein.

20.   The Defendants did intentionally, knowingly, and willingly make false and defamatory statements concerning the Plaintiff.

21.   The statements communicated were not privileged and were made to third parties.

22.   The statements were made negligently, wantonly, maliciously and/or recklessly by the Defendants.

23.   The Defendants are guilty of both Defamation *Per Se* and Defamation *Per Quod*. The Defendants' statements are actionable irrespective of the harm *(per se)*, and because the Plaintiff experienced special harm *(per quod)* caused by the publication of the statement.

24.   The Plaintiff sustained extensive damages including, but not limited to, *inter alia*, damage to reputation, obloquy, public humiliation, shame, embarrassment, contempt, ridicule, aversion, degradation, disgrace, and the Defendant disparaged the Plaintiff in her office, profession, or trade.

## COUNT IV
## NEGLIGENCE/WANTONNESS

25.   Plaintiff adopts and realleges each and every allegation contained in the preceding paragraphs as if set forth fully herein.

26.   The Defendants owed a duty to the Plaintiff to properly train, supervise, and monitor their collectors, to protect the public, including the Plaintiff from harassing, abusive, threatening communication including phone calls.

27.   The Defendants breached that duty when the Defendants failed to supervise, train, and monitor their employees and supervisors.

28.   As a direct and proximate result of the Defendants wantonness and negligence, Plaintiff suffered extensive damages, including, but not limited to, and emotional distress, physical injury, among other injuries.

29.   The Defendants acted recklessly, in complete disregard for the health, safety, welfare, and privacy and rights of the Plaintiff.

30.   As a direct result of the Defendants' negligent and wanton actions, the Plaintiff suffered extensive damages as named previously.

## DAMAGES CLAIMED AND RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against Defendants in the sum of FORTY-NINE THOUSAND AND FIVE HUNDRED DOLLARS ($49,500.00), compensatory and punitive damages, hence this suit. Though this complaint spells out, claims, and refers to several, separate and different counts, Plaintiff claims the single amount of damages of FORTY-NINE THOUSAND FIVE HUNDRED DOLLARS ($49,500.00) set out in this paragraph at this stage of these proceedings. Defendants are on notice that this ad damnum will be amended and increased, as appropriate as this case evolves.

Jerry O. Lorant
Attorney for Plaintiff

OF COUNSEL:
JERRY O. LORANT & ASSOCIATES
401 Office Park Drive
Birmingham, AL 35223
(205) 871-7551

**SERVE DEFENDANT VIA CERTIFIED MAIL AT:**

Corporation Process Company, Registered Agent
National Credit Systems, Inc.
180 Cherokee Street, N.E.
Marietta, Ga 30060

FILED IN OFFICE

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA** ANNE-MARIE ADAMS
Clerk

JUN 15 2006

MICHAEL VELOTAS,

    Plaintiff,

vs.
                          CASE NO.<u>CV 200603564</u>

NATIONAL CREDIT SYSTEMS, INC., a Georgia domestic corporation with it's corporate
address at 180 Cherokee Street, N.E., Marietta, Georgia 30060; B, C, D, and E, all whose true
and correct names are not further known to Plaintiff at this time, but when ascertained, will be
added by way of amendment. Nevertheless, each of said fictitious party Defendants participated
in, contributed to, and conspired with the named Defendants herein to commit the acts that
injured and damaged the Plaintiff as set forth herein below, all action as collectors and operating
the corporate entity collecting corporate accounts. Each of said parties, named and fictitious,
acted as principal and agent, each of the other, and combined and concurred each with the other
in committing the acts that injured the Plaintiffs herein.

    Defendant.

**SUMMONS**

    THIS SERVICE BY CERTIFIED MAIL OF T[...]
THE WRITTEN REQUEST OF PLAINTIFF'S ATTO[...]
RULES OF CIVIL PROCEDURE.

NOTICE TO:    Corporation Process Company, R[...]
                National Credit Systems, Inc.
                180 Cherokee Street, N.E.
                Marietta, GA 30060

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com.

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To _Corporation Process Company_
Street, Apt. No.; or PO Box No. _180 Cherokee St. N.E._
City, State, ZIP+4 _Marietta, GA 30060_

PS Form 3800, June 2002     See Reverse for Instructions

    The Complaint which is attached to this summons is important and you must take immediate action
to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either
admitting or denying each allegation in the Complaint, to **Jerry O. Lorant**, the lawyer for the Plaintiff,
whose address is 401 Office Park Drive, Birmingham, AL 35223. THIS ANSWER MUST BE MAILED
OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OR DELIVERY OF THIS

SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

_Anne-Marie Adams_

JUN 1 5 2006          CLERK OF COURT

DATED: _____



IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA ED IN OFFICE

ANNE-MARIE ADAMS
Clerk

JUN 1 5 2006

MICHAEL VELOTAS,

    Plaintiff,

vs.

CASE NO. C V 2 0 0 6 0 3 5 6 4

NATIONAL CREDIT SYSTEMS, INC., a Georgia domestic corporation with it's corporate address at 180 Cherokee Street, N.E., Marietta, Georgia 30060; B, C, D, and E, all whose true and correct names are not further known to Plaintiff at this time, but when ascertained, will be added by way of amendment. Nevertheless, each of said fictitious party Defendants participated in, contributed to, and conspired with the named Defendants herein to commit the acts that injured and damaged the Plaintiff as set forth herein below, all action as collectors and operating the corporate entity collecting corporate accounts. Each of said parties, named and fictitious, acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts that injured the Plaintiffs herein.

    Defendant.

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

COMES NOW the Plaintiff and requests the Defendant to answer the following interrogatories, within forty-five days (45) after service of said interrogatories. The Plaintiff requests that the Defendant's responses be in the form required by the Alabama Rules of Civil Procedure.

1. Provide the job title and last known address of the person(s) most knowledgeable regarding the following:

    (a)    collection activities of the Defendant;

    (b)    letters directed by the Defendant and any of their affiliates to the Plaintiff.

    (c)    collectors of the Defendant who had any contact with or made any communications to the Plaintiff;

    (d)    collectors of the Defendant and supervisors or supervisors of said collection account manager who dealt with, reviewed or made decisions concerning the account of the Plaintiff, or who had any contact with or made any communications to the Plaintiff.

1

2. Provide the name the address, job title and last known address of the head of each of the following departments: collections, customer service, accounts managers, fraud, debt management service, customer communications, customer service representative training.

3. Identify the name of each and every person who spoke with, called, contacted or directed letters to be issued to or wrote letters referencing the Plaintiff, including their names, all assumed names or aliases, addresses, and home and business phone numbers, the dates they called and the dates said communications were made.

4. State all of the details you know of concerning the contents and substance of the communications referred to in your response to interrogatory number 3 above.

5. List each and every communication between you or any other agent, officer, or employee of the company and the Plaintiff or members of her household or her representatives; state the date of the communication, the author of the communication, the contents of the communication, and whether the communication was oral or written.

6. State in detail everything you know of the contents of the contact and state the date of each oral or written communication to the Plaintiff made by any officer, agent or employee of the Defendant.

7. State the name, address, date of communication, content of communication of each and every report or communication made by this Defendant to any other person or entity concerning the account of Plaintiff, and/or the credit history or payment history of Plaintiff.

8. State whether letters were directed to Plaintiff's residence after Plaintiff requested all communications to Plaintiff cease.

9. State whether calls by collectors were made to Plaintiff after Plaintiff requested you to stop the calls.

10. List and describe the identity and location of all the policies, procedures and guidelines, or any other written or electronic documents, however named, that support your reasons for making calls after you were told to stop.

11. List and describe the identity of all laws or government regulations which support your reasons set out in response to interrogatory number 10.

12. State the name, address and qualifications of any and all experts you have retained, hired or consulted in the preparation of the above-styled cause.

(a) State the subject matter on which any and all such expert witnesses are expected to testify.

2

(b) Summarize the substance of the facts and opinions to which any such expert witness is expected to testify, including in that summary the grounds for each opinion.

(c) List all texts, articles, manuals, or any other materials used by the expert in preparation of this matter.

13. State the name and address of any and all witnesses that the Defendant has contacted in connection with this case including, but not limited to, those that are expected to testify at the trial of this case.

14. State the names, addresses, telephone numbers and places of employment of all persons who have factual knowledge regarding the facts and circumstances involving this lawsuit.

15. State the names, addresses and job titles of all persons who performed the review, participated in the review, or supplied any information to the review of the account and its contents.

16. State the names, addresses and job titles of all persons who performed any review, participated in the review, or supplied any information to the review of the account or your collection efforts of the Plaintiff's account.

17. State and attach copies of results and/or outcome of each and every review of claims as inquired about in question number 15, and question number 16.

18. State the precise information supplied by each and every person set out in Nos.15, 16, and 17.

19. Please provide a list of each and every person who spoke with, called or contacted, or was called with reference to the Plaintiff, including the names, all assumed names or aliases, addresses, and home and business phone numbers, the dates they called, the reasons for such call or contact, and what specifically they said to Plaintiff. State the entire, full, total conversation.

20. State whether or not you or any agent, servant, or employee has telephoned Plaintiff at any time.

    (a)    State the date and time of each call and the nature of the call or calls;

    (b)    State what was said, in detail, by and between your agent, servant or employee and the Plaintiff;

    (c)    State the name, and any assumed names, and employment of each person making such call or calls, and the purpose of said call.

3

21.  State whether you or your agent, servant or employee has called the Plaintiff's neighbors, spouse, relatives or employment at any time in connection with an alleged account or for any other reason:

    (a)    State the date, name of each person making the call or calls, the purpose of each such call, and the details of what was said between said agent, servant, or employee to Plaintiff's neighbors, relatives or employer.

22.  Identify the employees of Defendant who had any contact whatsoever with the Plaintiff:

    (a)    State everything said in detail by all parties involved in the contact and the date of same. Specifically, any employee who called the Plaintiff or directed any written communication to Plaintiff.

23.  Please set out herein a detailed description including the date of the charge and the nature of the charge imposed on the credit card or credit card account/s all in a chronological sequence charged by you on the account as subject of this cause of action.

24.  Please set out in detail each item imposed upon the account of the Plaintiff, or the account you were seeking to collect, each charge imposed and the date thereon, the nature of the charge which in any way added to the cost of credit in this transaction.

JERRY O. LORANT
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
401 Office Park Drive
Birmingham, AL 35223
(205) 871-7551

**PLEASE SERVE SIMULTANEOUSLY WITH THE COMPLAINT.**

4

FILED IN OFFICE

ANNE-MARIE ADAMS
Clerk

JUN 1 5 2006

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS,

    Plaintiff,

vs.                       CASE NO. CV200603564

NATIONAL CREDIT SYSTEMS, INC., a Georgia domestic corporation with it's corporate address at 180 Cherokee Street, N.E., Marietta, Georgia 30060; B, C, D, and E, all whose true and correct names are not further known to Plaintiff at this time, but when ascertained, will be added by way of amendment. Nevertheless, each of said fictitious party Defendants participated in, contributed to, and conspired with the named Defendants herein to commit the acts that injured and damaged the Plaintiff as set forth herein below, all action as collectors and operating the corporate entity collecting corporate accounts. Each of said parties, named and fictitious, acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts that injured the Plaintiffs herein.

    Defendant.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS

COMES NOW the Plaintiff in the above-styled matter and requests that the Defendants, pursuant to the Alabama Rules of Civil Procedure, produce the documents outlined below within forty-five (45) days after service of same upon you. Plaintiff requests that the Defendants' responses be in the form required by the Alabama Rules of Civil Procedure.

This request is intended to cover all documents in possession of the Defendants, or subject to their custody and control, regardless of location.

As used in this request, the term "document" means every writing, tape recording, electronic tape recording, or record of every type and description that is in the possession, control or custody of Defendants, including but without limitation to, correspondence, memoranda, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, surveys; minutes or statistical compilations, data processing cards or computer records or tapes or print-outs; agreements, communications, state and federal governmental hearings, and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture

1

film, brochures, pamphlets, advertisement, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

1. The original file, and any and all documents, including, but not limited to, the original file, original file folder, all computer records, computer printouts, all memoranda, statements, letters, notations, reports, reports of telephone calls, records of all calls, ledger cards, account cards, or other written memoranda, all communications, tape recordings, electronic recordings, transcripts of all tape recordings, in Defendants' file relating to an alleged account of Plaintiff.

2. Any and all collection manuals, all written procedural instructions and regulations regarding collection activities, all documents, records, books and manuals pertaining to collection procedures and practices utilized by the Defendants.

3. Please provide a list of each and every person who spoke with, called or contacted, or was called with reference to the Plaintiff, including the names, all assumed names or aliases, addresses, and home and business phone numbers, the dates they called, the reason for such call or contact, and what specifically they said to Plaintiff.  State the entire, full, total conversation.

4. Any and all computer programs, manuals, programming guides, programming instructions, or other guidelines, implemented by the Defendants concerning, relating or pertaining to collection procedures implemented by the Defendants with respect to the computers used in the collection process.

5. All documents, records, and memoranda evidencing or relating to any and all training materials for collectors, including pamphlets, brochures, texts, manuals, and any other document, item or thing used in the training, monitoring and supervision of telephone collection personnel.

6. Copies of any and all training manuals used to train employees in the following departments: Fraud, Customer Service, Phone (however designated), Collections, Debt Management.

7. Copies of any and all policies, handbooks or manuals used to train employees in the following departments: Fraud , Customer Service, Phone (however designated), Collections, and Debt Management.

8. Copies of any and all documentation regarding the Plaintiff's account indebtedness and any responsibility the Plaintiff may have on the account.

9. Copies of any and all computer notes, every computer screen, every computer entry, every manual that details the computer program and procedures for entering data, and every

2

instruction manual for the computer operators regarding when to and where to enter information concerning telephone collection calls to debtors.

10.     Copies of the entire and complete investigation as to Plaintiff's account indebtedness and all records of any responsibility the Plaintiff may have on the account.

11.     Copies of and originals of all charges, credit applications, credit authorizations, charge slips, purchase authorizations or any of the documents by which Defendants assert that the Plaintiff is in any way responsible for the indebtedness, for which Defendants continue to call on, write on, and/or report as delinquent.

12.     Copies of any and all computer notes, every computer screen, every computer entry, and the manuals that pertains or relates on how to, when to, and where to enter information concerning the Plaintiff on the account made the basis of this Complaint.

13.     Copies of each and every note, be it computer generated, handwritten, orally recorded or part of a computer screen, noting each and every communication which in anyway references notes or documents regarding the Plaintiff or the account made the basis of this lawsuit.

14.     Copies of any and all manuals and/or instructional materials that relate to the policies, procedures and guidelines for entering data into the above-described computer entry.

15.     Copies of any and al reports or communications made by these Defendants to any other persons or entity concerning the account of Plaintiff, and/or the credit history or payment history of Plaintiff.

16.     Copies of each and every document which concerns any and all alternative payment plans, including the instructional manuals, literature, procedural manuals or guidelines describing, regarding or pertaining to said plans, to assist customers in paying for their account.

17.     Produce all documents constituting your entire credit file(s) and investigation file(s) which in any way references Plaintiff, her personal identifiers or any of the account numbers associated with Plaintiff's identifiers.

18.     Produce a complete audit trail of any document(s), data bases, credit files, computer(s), or other data held by you which, in any degree, address or discuss the Plaintiff, or any of the Plaintiff's personal identifiers.

19.     Produce all policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in the investigation or reinvestigation of credit data which is disputed as inaccurate.

3

20.   Produce all policy manuals, procedure manuals, or other documents, which address your policies or procedures in the investigation or reinvestigation of all personal identifiers which are disputed as inaccurate.

21.   Produce all verification responses, if any which were provided to Defendant. (whether stored digitally or in hard copy) pertaining to the Plaintiff from any source.

22.   Produce all policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in correcting, updating, modifying, and/or deleting credit data or personal information which is disputed as incorrect on an Defendant credit report, including but not limited to disputes of fraud, mistaken identity, and mismerged files.

23.   Produce for inspection and copying all documents which you will or may use as Exhibits in the trial of this cause.

24.   Produce all archived prints (whether stored digitally or in hard copy) of all internal disclosures, memorandums, or any other documents generated as a result of the Plaintiff's notification of her dispute of the accuracy of her Defendant credit report.

25.   Produce any verification responses, if any, provided by any entity reporting to Defendant (whether stored digitally or in hard copy) pertaining to the Plaintiff.

These Requests shall be deemed continuing so as to require further and supplemental production if Defendants obtain additional documents required to be produced herein between the time of the initial production and the time of trial.

JERRY O LORANT
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
JERRY O. LORANT & ASSOCIATES
2204 Lakeshore Drive, STE 200
Birmingham, AL 35209
(205) 870-9848

**PLEASE SERVE SIMULTANEOUSLY WITH THE COMPLAINT.**

4

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Process Company
Registered Agent
National Credit Systems, Inc.
180 Cherokee St. N.E.
Marietta, GA 30060

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery   6-25-06

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

CV200603564

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☒ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)     7006 0100 0000 5042 5107

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540



UNITED STATES POSTAL SERVICE

28 JUN 2006 PM 4

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Anne Marie Adams, Clerk
716 No. Richard Arrington Jr. Blvd.
Room 400 Jeffco. Courthouse
Birmingham, AL 35203

FILED IN OFFICE
ANNE-MARIE ADAMS
Clerk

JUN 3 0 2006



IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

Michael Velotas                    )
                                   )
Plaintiff                          )
                                   )
v.                                 )   CASE NO.: CV 2006 003564.00   𝓂𝓈
                                   )
National Credit Systems, Inc.      )
                                   )
Defendant                          )

FILED IN OFFICE
AUG 1 0 2006
ANNE-MARIE ADAMS
Clerk

## PLAINTIFF RESPONSE TO DEFAULT NOTICE

COMES Plaintiff and shows to the Court that Defendants have retained Counsel,

and Plaintiffs Lawyer Jerry O. Lorant Esq. has extended 30 days from this date for a

Response. Do not enter Default.

_____

Jerry O. Lorant

OF COUNSEL:
401 Office Park Drive
Birmingham, AL 35223
(205) 871-7551

## CERTIFICATE OF SERVICE

I hereby certify that on August 8th, 2006, I sent, via facsimile transmission, the

foregoing to the following: Neal D. Moore III, Esq., Ferguson, Frost & Dodson L.L.P.,

2500 Acton Road, Suite 200, Birmingham, Alabama 35243-0189 and I hereby certify that

there are no participants to my knowledge.

Respectfully submitted,

Jerry O. Lorant
401 Office Park Drive
Birmingham, AL 35223
Phone: (205) 871-7551
Fax: (205) 871-8882
E-mail: lorantassociates@yahoo.com
ASB-8235-N60J



## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

Michael Velotas       )

                          )

Plaintiff              )

                          )

v.                 )       CASE NO.: CV 2006 003564.00   *TMS*

                          )

National Credit Systems, Inc.   )

                          )

Defendant           )

*FILED IN OFFICE*

*AUG 1 0 2006*

*ANNE-MARIE ADAMS*

*Clerk*

### PLAINTIFF RESPONSE TO DEFAULT NOTICE

COMES Plaintiff and shows to the Court that Defendants have retained Counsel,

and Plaintiffs Lawyer Jerry O. Lorant Esq. has extended 30 days from this date for a

Response. Do not enter Default.

*[signature]*

Jerry O. Lorant

**OF COUNSEL:**
401 Office Park Drive
Birmingham, AL 35223
(205) 871-7551

### CERTIFICATE OF SERVICE

I hereby certify that on August 8th, 2006, I sent, via facsimile transmission, the

foregoing to the following: Neal D. Moore III, Esq., Ferguson, Frost & Dodson L.L.P.,

2500 Acton Road, Suite 200, Birmingham, Alabama 35243-0189 and I hereby certify that

there are no participants to my knowledge.


Respectfully submitted,


Jerry O. Lorant
401 Office Park Drive
Birmingham, AL 35223
Phone: (205) 871-7551
Fax: (205) 871-8882
E-mail: lorantassociates@yahoo.com
ASB-8235-N60J



IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| MICHAEL VELOTAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NATIONAL CREDIT | ) |
| SYSTEMS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

Case No. CV-2006-03564

*FILED IN OFFICE*

*AUG 1 0 2006*

*ANNE-MARIE ADAMS*

*Clerk*

### NOTICE OF APPEARANCE

COMES NOW the undersigned counsel, Neal D. Moore, III, of the law firm

Ferguson, Frost & Dodson, LLP, and hereby files his notice of appearance on

behalf of National Credit Systems, Inc., and does hereby request to be served on

all further and future notices, pleadings, and orders in this matter at the below

address:

> Ferguson, Frost & Dodson, LLP
> 2500 Acton Road, Suite 200
> Birmingham, Alabama 35243
> (205) 879-8722 – telephone
> (205) 879-8831 - facsimile

Respectfully submitted,

Neal D. Moore, III   MOO 073

OF COUNSEL:

FERGUSON, FROST & DODSON, LLP
Post Office Box 430189
Birmingham, Alabama  35243
205-879-8722 - phone
205-873-8831 - fax

## CERTIFICATE OF SERVICE

This is to certify that on this the 10th day of August, 2006, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

    X         mailing the same by first-class United States mail, properly addressed and postage pre-paid

                  hand delivery

                  via facsimile

Jerry O. Lorant
JERRY O. LORANT & ASSOCIATES
401 Office Park Drive
Birmingham, AL   35223
*Attorney for Plaintiff*

                                                Of Counsel

134992



IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS, )
                  )
     Plaintiff, )
                  )
vs. )     Case No. CV200603564
                  )
NATIONAL CREDIT )
SYSTEMS, INC., et al., )
                  )
     Defendants. )

*FILED IN OFFICE*

*AUG 15 2006*

*ANNE-MARIE ADAMS*
*Clerk*

## ANSWER

COMES NOW the Defendant, National Credit Systems, Inc., and answers the Complaint in this matter as follows:

1.     Admitted on information and belief.

2.     The Defendant admits it is a Georgia S-corporation with its principal place of business at 3800 Camp Creek Parkway, Building 1800, Suite 110, Atlanta, Georgia 30331, and that it was doing business in the State of Alabama during the time at issue in this Complaint.

3.     To the extent this averment requires an admission or denial, the Defendant denies it is liable to the Plaintiff whatsoever and further denies any conspiracy with other parties or that any third parties acted with the consent or knowledge of this Defendant to injure the Plaintiff.

4.     Denied.

5.     Denied.

6.     Denied.

## COUNT I

### INVASION OF THE RIGHT OF PRIVACY

7.     The Defendant reincorporates its previous averments as if fully set forth herein.

8.     Denied.

9.     Denied.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

## COUNT II

## INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS

15.    The Defendant reincorporates its previous answers as if fully set out herein.

16.    Denied.

17.    Denied.

18.    Denied.

## COUNT III

## DEFAMATION

19.    The Defendant reincorporates its previous statements as if fully set out herein.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

## COUNT IV

## NEGLIGENCE/WANTONNESS

25.    The Defendant reincorporates its previous answers as if fully set out herein.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

## DAMAGES CLAIMED AND RELIEF SOUGHT

The Defendant denies that Plaintiff is entitled to any relief or judgment against it whatsoever, including compensatory and punitive damages. The Defendant admits that the Plaintiff's claim is capped at $49,500 and denies any subsequent amendment would be appropriate.

## AFFIRMATIVE DEFENSES

1.    The Defendant pleads the general issue.

2.    The Defendant pleads not guilty.

3.    The Defendant denies that the Plaintiff's Complaint states a claim or cause of action upon which relief can be granted.

4.    The Defendant pleads the applicable statute of limitations.

5.    The Defendant pleads assumption of the risk.

6.    The Defendant pleads contributory negligence.

7.    The Defendant pleads the doctrine of unclean hands.

8.    The Defendant pleads that the Plaintiff has failed to mitigate damages in accordance with Alabama law.

9.    The Defendant pleads the lack of any causal relationship between its actions and/or omissions and the damages claimed by the Plaintiff.

10.    The Defendant pleads privilege or conditional privilege.

11.     The Defendant denies any communications with third parties prior to the filing of the Complaint.

12.     The Defendant denies the violation of any state laws and further avers that its conduct was at all times in compliance with the Fair Debt Collection Practices Act, which operates to subsume or preempt in whole or in part the state law claims.

13.     The defendant pleads truth as a defense.

14.     An award of punitive damages will violate the defendant's rights to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and defendant's rights under Article I, Sections 6 and 13 of the Constitution of Alabama of 1901, because under Alabama law (a) the standard for an award of punitive damages is so vague and indefinite that it does not give defendants adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damage awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation, the residence, wealth, and/or corporate status of the defendants; (e) defendants may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award

of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity and uniformity.

14.   The Defendant reserves the right to add additional affirmative defenses as discovery continues.

Respectfully Submitted,

Neal D. Moore, III    (MOO073)
Attorney for Defendant,
National Credit Systems, Inc.

OF COUNSEL:

**FERGUSON, FROST & DODSON, LLP**
Post Office Box 430189
Birmingham, Alabama 35243
205-879-8722 – phone
205-873-8831 – fax

## CERTIFICATE OF SERVICE

This is to certify that on this the 15th day of August, 2006, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

     X     Via U. S. Mail

Jerry O. Lorant
JERRY O. LORANT & ASSOCIATES
401 Office Park Drive
Birmingham, AL  35223
*Attorney for Plaintiff*

OF COUNSEL

134416

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

Michael Velotas                    )
                                   )
Plaintiff                          )
                                   )
v.                                 )    CASE NO.: CV 2006 003564.00
                                   )
National Credit Systems, Inc.      )
                                   )
Defendant                          )

FILED IN OFFICE
SEP 0 6 2006
ANNE-MARIE ADAMS
Clerk

## PLAINTIFF'S FIRST RESPONSE TO
## DEFENDANT'S ANSWER CONCERNING DAMAGES

COMES NOW the Plaintiff, by and through his counsel on record, and makes his first response to Defendant's Answer:

Defendant is on notice that Plaintiff will amend at any time as appropriate and in compliance with the rules and is not bound by Defendants assertion that Plaintiff's ad damnum is capped at FORTY-NINE THOUSAND FIVE HUNDRED DOLLARS ($49,500.00).

Ad damnum is not being amended at this time, but will be when appropriate at the discretion of the Plaintiff.

Submitted this ___6___ day of September, 2006.

_____
Jerry O. Lorant

OF COUNSEL:
401 Office Park Drive
Birmingham, AL 35223
(205) 871-7551

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon counsel listed below by mailing a copy of the same to his office address by regular U.S. Mail, postage prepaid, on this 6th day of September, 2006.

Neal D. Moore III, Esq.
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, AL 35243

OF COUNSEL



IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

FILED IN OFFICE

SEP 11 2006

ANNE-MARIE ADAMS
Clerk

MICHAEL VELOTAS,           )
                           )
       Plaintiff,          )
                           )
vs.                        )        Case No. CV-2006-03564
                           )
NATIONAL CREDIT            )
SYSTEMS, INC., et al.,     )
                           )
       Defendants.         )

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that on the 8th day of September, 2006, Defendants served

the following documents upon all counsel to these proceedings:

1.     Interrogatories; and

2.     Request for Production.

Neal D. Moore, III          MOO073
Attorney for Defendants

OF COUNSEL:
**FERGUSON FROST & DODSON, LLP**
Post Office Box 430189
Birmingham, Alabama  35243-0189
(205) 879-8722

136103



IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS,                        )
                                        )
        Plaintiff,                      )
                                        )
vs.                                     )       Case No. CV-2006-03564
                                        )
NATIONAL CREDIT                         )
SYSTEMS, INC., et al.,                  )
                                        )
        Defendants.                     )

**FILED IN OFFICE**

**JAN 22 2007**

**ANNE-MARIE ADAMS**
Clerk

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that on the 19th day of January, 2007, Defendants served the

following documents upon all counsel to these proceedings:

1.      Supplemental Interrogatories.

_____
Neal D. Moore, III        MOO073
Attorney for Defendants

OF COUNSEL:
**FERGUSON FROST & DODSON, LLP**
Post Office Box 430189
Birmingham, Alabama 35243-0189
(205) 879-8722

136103

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

FILED IN OFFICE

FEB 16 2007

ANNE-MARIE ADAMS
Clerk

| | |
|---|---|
| MICHAEL VELOTAS,<br><br>    Plaintiff,<br><br>vs.<br><br>NATIONAL CREDIT<br>SYSTEMS, INC., et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. CV-2006-03564

**NO ORAL ARGUMENT IS REQUESTED**

## MOTION FOR ENTRY OF HIPAA ORDER

COMES NOW the defendant, National Credit Systems, Inc., and respectfully requests this Honorable Court to enter the attached HIPAA order and in support of this motion shows as follows:

1.     The plaintiff in this matter seeks to recover for invasion of the right of privacy, defamation, the intentional infliction of emotional distress, and negligence/wantonness.  Though not a personal injury case, the plaintiff is claiming emotional distress, anxiety, and that he was caused great loss of sleep, became physically ill, weak and sick, and suffered fear, fright, and intimidation. (Complaint, ¶ 16).

2.     In the unverified interrogatory responses provided by opposing counsel, the plaintiff identifies two health care providers with whom he has consulted regarding the alleged mental anxiety, emotional distress, or mental trauma claimed in this lawsuit: Dr. Michael Semon and Dr. Vance Blackburn.  Based on the information presently available to this defendant, neither doctor is a psychiatrist or a psychologist.

3.     Because the plaintiff has put his physical and mental well being at issue, and has identified health care providers with whom he has consulted in these regards,

1

the defendant needs to obtain the records of these doctors, and potentially other health care providers upon further discovery, in order to assess the validity of these claims and in order to prepare its defenses.  The information sought is not designed to harass or embarrass the plaintiff and will be used solely for the purposes of this litigation.  This information is made relevant by the plaintiff's own claims for mental anguish and emotional distress.

4.     Attached to this motion is a proposed order that would allow health care providers, upon subpoena, to produce the requested medical records without fear of violating the provisions of the Health Insurance Portability and Accountability Act of 1996 (HIPAA).  This order will facilitate discovery in this matter and is reasonable and necessary in light of the claims and damages alleged by the plaintiff.

WHEREFORE, premises considered, the defendant respectfully requests this Honorable Court to enter the attached HIPAA order and to provide notice to the parties of the same, such that non-party subpoenas may be issued.

Neal D. Moore, III     MOO 073

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama  35243
205-879-8722 - phone
205-873-8831 - fax

## CERTIFICATE OF SERVICE

This is to certify that on this the _15_ day of February, 2007, a copy of the foregoing document has been served upon counsel for all parties to this proceeding by the following method:

     X           mailing the same by first-class United States mail, properly addressed and postage pre-paid

_____ hand delivery

_____ via facsimile

Jerry O. Lorant
JERRY O. LORANT & ASSOCIATES
401 Office Park Drive
Birmingham, AL 35223
*Attorney for Plaintiff*

_____
Of Counsel

143442

3

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS,                    )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )        Case No. CV-2006-03564
                                    )
NATIONAL CREDIT                     )
SYSTEMS, INC., et al.,              )
                                    )
        Defendants.                 )

## HIPAA ORDER IN CIVIL ACTION

Upon compliance with Rule 45 of the Alabama Rules of Civil Procedure, the attorney for the parties and pro se parties to this lawsuit are permitted to inspect and copy all health information relating to Lucy Sigler who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee of Lucy Sigler, and to inspect and copy all information relative to payment for the provision of medical care to Lucy Sigler.  Subject to the provisions of Rule 26 of the Alabama Rules of Civil Procedure pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may request an interview with any health care providers, health plan administrators, or other Individuals in connection with the aforementioned health information and payments therefore (such information collectively referred to hereafter as "Protected Health Information").  Such health care provider, health plan administrator, or other Individual may grant or deny a request for an interview.

**This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena.  This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purpose of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of

1

the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party, or a consulting or testifying retained expert.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof contained Protected Health Information received by them pursuant to this Order.

DONE    AND    ORDERED    this    the    _____    day    of _____, 2007.


_____
CIRCUIT JUDGE

cc:    Neal D. Moore, III
        Jerry O. Lorant
143445

2

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

Michael Velotas )
)
Plaintiff )
)
v. )   CASE NO.: CV 2006 003564.00
)
National Credit Systems, Inc. )
)
Defendant )

## PLAINTIFF'S RESPONSE TO
## DEFENDANT'S MOTION FOR ENTRY OF HIPAA ORDER

FILED IN OFFICE
FEB 2 1 2007
ANNE-MARIE ADAMS
Clerk

COMES NOW the Plaintiff, by and through his counsel on record, and makes the following response to Defendant's Motion for Entry of a HIPAA Order:

1. The Defendant is not entitled to a HIPAA Order. The medical condition of the Plaintiff is not germane.

2. This case is a consumer matter. It does not involve, and no claims are made for serious medical traumatic or traumatically imposed injuries.

3. The Plaintiff demands an Oral Hearing in this cause.

**ORAL ARGUMENT HAS BEEN REQUESTED AND WILL BE HELD ON** *March 9* **AT** *330*.

Submitted this *21* day of February, 2007.

Jerry O. Lorant, Attorney for Plaintiff

OF COUNSEL:
401 Office Park Drive
Birmingham, AL 35223
(205) 871-7551

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon counsel listed below by mailing a copy of the same to his office address by regular U.S. Mail, postage prepaid, on this 2 day of February, 2007.

Neal D. Moore III, Esq.
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, AL 35243

OF COUNSEL



# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA   MAR 0 1 2007

| | | |
|---|---|---|
| MICHAEL VELOTAS | ) | ANNE-MARIE ADAMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CV 2006-03564 |
| | ) | |
| NATIONAL CREDIT SYSTEMS, INC. | ) | |
| et al., | ) | |
| Defendant. | ) | |

## NOTICE TO THE CLERK OF THE CIRCUIT COURT

Please take notice that the following was served on all parties to this cause:

1.  Plaintiff's Supplemental Responses to Defendant's First Request for Production.
2.  Plaintiff's Responses to Defendant's Supplemental Interrogatories.
3.  Plaintiff's Supplemental Responses to Defendant's First Request for Production.

Respectfully Submitted,

JERRY O. LORANT, ESQ.

**OF COUNSEL**:
LORANT & ASSOCIATES, P.C.
401 Office Park Drive
Birmingham, AL 35223
Phone: (205) 871-7551

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon counsel listed below my mailing a copy of same to their office by regular U.S. Mail, postage prepaid, and by facsimile transmittal, on this the 28th day of February, 2007.


Neal D. Moore, III, Esq,
FERGUSON, FROST & DODSON, L.L.P.
2500 Acton Rd. Ste. 200
P.O. Box 430189
Birmingham, 35243

OF COUNSEL

06-3564

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

*FILED IN OFFICE*

MICHAEL VELOTAS, )
) MAR 06 2007
    Plaintiff, )
) ANNE-MARIE ADAMS
vs. ) Case No. CV-2006-03564 *Clerk*
) *m.G.G.*
NATIONAL CREDIT )
SYSTEMS, INC., et al., ) Hearing Date: March 9, 2007 at 3:30 pm
)
    Defendants. )

## MOTION TO COMPEL

COMES NOW the defendant, National Credit Systems, Inc., and respectfully requests this Honorable Court to enter an Order compelling the plaintiff to produce certain disputed discovery as identified below:

1. On or about September 8, 2006, the defendant served interrogatories and a request for production to the plaintiff. The plaintiff responded initially in December of 2006 and supplemented the discovery responses again in February of 2007. Though advocates and adversaries, the parties have cooperated and worked together to resolve as many discovery disputes as possible amicably without involving the court. Because the parties have exhausted these efforts, the defendant respectfully requests this Honorable Court to compel the production of several items of contested discovery.

2. The defendant requested the plaintiff to execute an authorization for release of credit information. The purpose of this request was to obtain up-to-date credit information regarding Mr. Velotas. The plaintiff has refused to execute the release or to provide copies of credit reports. The defendant contends that this information is relevant to the plaintiff's claims of harassment as well as relevant to the damages Mr. Velotas claims to have suffered. It is relevant how many other collectors

1

were calling at the same time and how many other credit problems he was experiencing. The plaintiff claims he suffered great emotional distress as a result of the one communication from this defendant, and the jury is entitled to learn whether Mr. Velotas was suffering emotional distress from other creditors who were calling simultaneously, or if he was in distress in general about a crumbling financial picture. This is not a fishing expedition. This information is directly relevant to the claims and defenses asserted, but as the court knows, relevance is not the issue. Information need only be reasonably calculated to <u>lead</u> to the discovery of relevant information, and Mr. Velotas' credit report certainly passes this threshold.

The same is true regarding Mr. Velotas' income tax returns and economic information. Mr. Velotas refuses to provide his annual salary presently and for the years in question. He also refuses to provide his tax returns. Again, considering Mr. Velotas claims to have been harassed and upset about a collection call, his ability to repay this debt which is not disputed would be relevant to how much emotional distress he can legitimately claim. It pertains to mitigation of damages as well. His tax returns will paint a picture of his financial situation and a jury is entitled to consider his willingness to repay the debt, his ability to repay the debt, and whether there are other factors in his life (failed businesses, perhaps) that are causing him stress for which he is seeking to recover in this case. (Interrogatories 11 and 12).

3.      Interrogatory 17 asks the plaintiff to attach all documents relating to any claimed compensatory damages. No documents were attached. To the extent any such documents exist, the plaintiff should be compelled to produce them by date certain.

2

4.      The plaintiff has refused to state the date on which he retained counsel. Considering how many accounts this gentleman had in collection, and considering the fact that this lawsuit was filed three days after the offending communication, the jury is entitled to consider whether Mr. Velotas is litigious by nature and/or whether this lawsuit was filed opportunistically. Nothing in this interrogatory request is designed to imply or suggest that counsel has done anything improper or unethical. Nonetheless, the jury is entitled to consider the motivation of the plaintiff in pursuing this matter. The defendant has only asked for the date on which the plaintiff retained counsel. This information should be produced. (Interrogatory 18).

5.      The response from plaintiff regarding interrogatory 8 is incomplete. The plaintiff says he has no judgment as to how many accounts may have been in collection for the prior ten years, and only provides information regarding accounts presently in collections. Without arguing about whether the plaintiff can locate information regarding the prior ten years, at a minimum the plaintiff is required to respond regarding any accounts he can remember that may have been within the past ten years. Furthermore, the ambiguity of this response makes the production of his credit report all the more relevant.

6.      Finally, the plaintiff has failed to produce an actual copy of the recorded phone calls in this case. Opposing counsel has previously agreed to produce a copy of the recorded phone call from this defendant, and the defendant is certain this will take place. Nonetheless, the defendant requests a firm deadline for the production of this recording as well as the actual recordings of all the other phone calls and messages Mr. Velotas has taped from other collectors not made a party to this lawsuit.

3

WHEREFORE, premises considered, the defendant respectfully requests this Honorable Court to compel the production of this information by date certain as attempts at voluntary compliance have failed.

_____
Neal D. Moore, III   MOO 073

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama  35243
205-879-8722 - phone
205-873-8831 - fax

4

## CERTIFICATE OF SERVICE

This is to certify that on this the _____ day of March, 2007, a copy of the foregoing document has been served upon counsel for all parties to this proceeding by the following method:

       __X__      mailing the same by first-class United States mail, properly addressed and postage pre-paid

      _____      hand delivery

      _____      via facsimile

Jerry O. Lorant
JERRY O. LORANT & ASSOCIATES
401 Office Park Drive
Birmingham, AL  35223
*Attorney for Plaintiff*

_____
Of Counsel

144295

5

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

*FILED IN OFFICE*

| | |
|---|---|
| MICHAEL VELOTAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NATIONAL CREDIT | ) |
| SYSTEMS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

*MAR 06 2007*

*ANNE-MARIE ADAMS*

Case No. CV-2006-03564 *Clerk*

**Hearing Date: March 9, 2007 at 3:30 pm**

## MOTION TO COMPEL

COMES NOW the defendant, National Credit Systems, Inc., and respectfully requests this Honorable Court to enter an Order compelling the plaintiff to produce certain disputed discovery as identified below:

1.     On or about September 8, 2006, the defendant served interrogatories and a request for production to the plaintiff.  The plaintiff responded initially in December of 2006 and supplemented the discovery responses again in February of 2007.  Though advocates and adversaries, the parties have cooperated and worked together to resolve as many discovery disputes as possible amicably without involving the court.  Because the parties have exhausted these efforts, the defendant respectfully requests this Honorable Court to compel the production of several items of contested discovery.

2.     The defendant requested the plaintiff to execute an authorization for release of credit information.  The purpose of this request was to obtain up-to-date credit information regarding Mr. Velotas.  The plaintiff has refused to execute the release or to provide copies of credit reports.  The defendant contends that this information is relevant to the plaintiff's claims of harassment as well as relevant to the damages Mr. Velotas claims to have suffered.  It is relevant how many other collectors

1

were calling at the same time and how many other credit problems he was experiencing. The plaintiff claims he suffered great emotional distress as a result of the one communication from this defendant, and the jury is entitled to learn whether Mr. Velotas was suffering emotional distress from other creditors who were calling simultaneously, or if he was in distress in general about a crumbling financial picture. This is not a fishing expedition. This information is directly relevant to the claims and defenses asserted, but as the court knows, relevance is not the issue. Information need only be reasonably calculated to <u>lead</u> to the discovery of relevant information, and Mr. Velotas' credit report certainly passes this threshold.

The same is true regarding Mr. Velotas' income tax returns and economic information. Mr. Velotas refuses to provide his annual salary presently and for the years in question. He also refuses to provide his tax returns. Again, considering Mr. Velotas claims to have been harassed and upset about a collection call, his ability to repay this debt which is not disputed would be relevant to how much emotional distress he can legitimately claim. It pertains to mitigation of damages as well. His tax returns will paint a picture of his financial situation and a jury is entitled to consider his willingness to repay the debt, his ability to repay the debt, and whether there are other factors in his life (failed businesses, perhaps) that are causing him stress for which he is seeking to recover in this case. (Interrogatories 11 and 12).

3.     Interrogatory 17 asks the plaintiff to attach all documents relating to any claimed compensatory damages. No documents were attached. To the extent any such documents exist, the plaintiff should be compelled to produce them by date certain.

2

4.    The plaintiff has refused to state the date on which he retained counsel. Considering how many accounts this gentleman had in collection, and considering the fact that this lawsuit was filed three days after the offending communication, the jury is entitled to consider whether Mr. Velotas is litigious by nature and/or whether this lawsuit was filed opportunistically. Nothing in this interrogatory request is designed to imply or suggest that counsel has done anything improper or unethical. Nonetheless, the jury is entitled to consider the motivation of the plaintiff in pursuing this matter. The defendant has only asked for the date on which the plaintiff retained counsel. This information should be produced. (Interrogatory 18).

5.    The response from plaintiff regarding interrogatory 8 is incomplete. The plaintiff says he has no judgment as to how many accounts may have been in collection for the prior ten years, and only provides information regarding accounts presently in collections. Without arguing about whether the plaintiff can locate information regarding the prior ten years, at a minimum the plaintiff is required to respond regarding any accounts he can remember that may have been within the past ten years. Furthermore, the ambiguity of this response makes the production of his credit report all the more relevant.

6.    Finally, the plaintiff has failed to produce an actual copy of the recorded phone calls in this case. Opposing counsel has previously agreed to produce a copy of the recorded phone call from this defendant, and the defendant is certain this will take place. Nonetheless, the defendant requests a firm deadline for the production of this recording as well as the actual recordings of all the other phone calls and messages Mr. Velotas has taped from other collectors not made a party to this lawsuit.

3

WHEREFORE, premises considered, the defendant respectfully requests this Honorable Court to compel the production of this information by date certain as attempts at voluntary compliance have failed.

_____

Neal D. Moore, III    MOO 073

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama  35243
205-879-8722 - phone
205-873-8831 - fax

4

## CERTIFICATE OF SERVICE

This is to certify that on this the _____ day of March, 2007, a copy of the foregoing document has been served upon counsel for all parties to this proceeding by the following method:

    X       mailing the same by first-class United States mail, properly addressed and postage pre-paid

_____       hand delivery

_____       via facsimile

Jerry O. Lorant
JERRY O. LORANT & ASSOCIATES
401 Office Park Drive
Birmingham, AL   35223
*Attorney for Plaintiff*

_____
Of Counsel

144295

5

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

FILED IN OFFICE

APR 17 2007

ANNE-MARIE ADAMS
Clerk

MICHAEL VELOTAS,                    )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )       Case No. CV-2006-03564
                                    )
NATIONAL CREDIT                     )
SYSTEMS, INC., et al.,              )
                                    )
        Defendants.                 )

## NOTICE OF FILING DISCOVERY

COMES NOW the defendant, National Credit Systems, Inc. and files

this Notice that it has served the following discovery on plaintiff this _13_

day of ___April___, 2007:

### SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
### FIRST REQUEST FOR PRODUCTION

_____
Neal D. Moore, III    MOO 073

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama  35243
205-879-8722 - phone
205-873-8831 - fax

## CERTIFICATE OF SERVICE

This is to certify that on this the ___13___ day of April, 2007, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

      ___X___      mailing the same by first-class United States mail, properly addressed and postage pre-paid

      _____      hand delivery

      _____      via facsimile

Jerry O. Lorant
JERRY O. LORANT & ASSOCIATES
401 Office Park Drive
Birmingham, AL  35223
*Attorney for Plaintiff*


_____
Of Counsel

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

FILED IN OFFICE

APR 17 2007

ANNE-MARIE ADAMS
Clerk

MICHAEL VELOTAS,                    )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )       Case No. CV-2006-03564
                                    )
NATIONAL CREDIT                     )
SYSTEMS, INC., et al.,              )
                                    )
        Defendants.                 )

## NOTICE OF FILING DISCOVERY

COMES NOW the defendant, National Credit Systems, Inc. and files

this Notice that it has served the following discovery on plaintiff this *13*

day of _____*April*_____, 2007:

**SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
FIRST REQUEST FOR PRODUCTION**

Neal D. Moore, III   MOO 073

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243
205-879-8722 - phone
205-873-8831 - fax

## CERTIFICATE OF SERVICE

This is to certify that on this the ___12___ day of April, 2007, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

    ___X___        mailing the same by first-class United States mail, properly addressed and postage pre-paid

    _____        hand delivery

    _____        via facsimile

Jerry O. Lorant
JERRY O. LORANT & ASSOCIATES
401 Office Park Drive
Birmingham, AL   35223
*Attorney for Plaintiff*

                                      Of Counsel

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

FILED IN OFFICE

APR 17 2007

ANNE-MARIE ADAMS
Clerk

MICHAEL VELOTAS, )
        )
  Plaintiff,   )
        )
vs.       )  Case No. CV-2006-03564
        )
NATIONAL CREDIT  )
SYSTEMS, INC., et al., )
        )
  Defendants.  )

## NOTICE OF FILING DISCOVERY

COMES NOW the defendant, National Credit Systems, Inc. and files

this Notice that it has served the following discovery on plaintiff this *13*

day of ___*April*___, 2007:

**SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
FIRST REQUEST FOR PRODUCTION**

Neal D. Moore, III MOO 073

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243
205-879-8722 - phone
205-873-8831 - fax

## CERTIFICATE OF SERVICE

This is to certify that on this the ___13___ day of April, 2007, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

    ___X___       mailing the same by first-class United States mail, properly addressed and postage pre-paid

    _____       hand delivery

    _____       via facsimile

Jerry O. Lorant
JERRY O. LORANT & ASSOCIATES
401 Office Park Drive
Birmingham, AL  35223
*Attorney for Plaintiff*

_____
Of Counsel

IN THE CIRCUIT COURT OF JEFFERSON COUNTY

ELECTRONICALLY FILED
6/7/2007 6:01 PM
CV-2006-003564.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| | |
|---|---|
| MICHAEL VELOTAS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )     **Case No. CV-2006-03564** |
| | ) |
| NATIONAL CREDIT | ) |
| SYSTEMS, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter having come before the Court upon the motion of the Defendant for the entry of a HIPAA Order and the motion of the Defendant to compel certain discovery responses, the Court having read and considered said motions and the filed responses from Plaintiff's counsel, and, further, having received oral argument from Plaintiff's and Defendant's counsel on April 3, 2007, it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

1.    The Motion for Entry of HIPAA Order is hereby **GRANTED**. The Court will simultaneously enter by separate paper the standard HIPAA Order utilized by the Circuit Courts in Jefferson County.

2.    The Plaintiff shall **SUPPLEMENT** his discovery responses by providing to the Defendant within thirty [30] days of this Order his adjusted gross income claimed to the United States Government for each calendar year from 2001, to the present date.

3.    The Plaintiff shall **PRODUCE** to opposing counsel no later than June 20, 2007, complete and faithful copies of the actual recordings of phone calls with this Defendant or any other debt collector.

4.    The Court has taken under **SUBMISSION** whether the Plaintiff should be required to execute a release for credit information typically maintained by the major credit reporting agencies.

*Order*
*CV 06-3564*
*Page 2 of 2*

      5.      This case is hereby **SET** for a Status Conference on the 28th day of June, 2007, at

8:30 a.m.  All discovery matters not specifically addressed in this Order shall be addressed at that

time.

      **DONE** and **ORDERED** this, the 7th day of  June, 2007.

                          *__S/Michael G. Graffeo__*
                          MICHAEL G. GRAFFEO
                          Circuit Judge

cc:    Jerry Lorant, Esq.
       Neal D. Moore, III, Esq.

ELECTRONICALLY FILED
6/7/2007 6:02 PM
CV-2006-003564.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**10ᵀᴴ Judicial Circuit, Birmingham Division**

| | | |
|---|---|---|
| **MICHAEL VELOTAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CV-2006-03564** |
| | ) | |
| **NATIONAL CREDIT** | ) | |
| **SYSTEMS, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## HIPAA ORDER IN CIVIL ACTION

Upon compliance with Alabama law, including, but not limited to Rule 45 of the Alabama Rules of Civil Procedure, the attorneys for the parties and/or *pro se* parties to this lawsuit are permitted to obtain all health information, including charges therefore, relating to any Individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Alabama law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family. Nothing in this Order permits disclosure of records or information relating to HIIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This Order

*STANDING HIPPA ORDER*
*CV 06-3564- MGG*
*Page 2 of 2*

prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation or proceedings.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information, which is included in insurance claim files and law firm litigation files, may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

**DONE** and **ORDERED** this, the 7th day of June, 2007.

S/*Michael G. Graffeo*
MICHAEL G. GRAFFEO
Circuit Judge

Cc:   All Counsel of Record



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To:  LORANT JERRY O
     jol@lorantassociates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following matter was FILED on 6/7/2007 6:01:40 PM

Notice Date:     6/7/2007 6:01:40 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To:  MOORE NEAL DEWITT III
     ndm@ffdlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following matter was FILED on 6/7/2007 6:01:40 PM

Notice Date:      6/7/2007 6:01:40 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To:   LORANT JERRY O
      jol@lorantassociates.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following matter was FILED on 6/7/2007 6:02:03 PM

Notice Date:      6/7/2007 6:02:03 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To:  MOORE NEAL DEWITT III
ndm@ffdlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following matter was FILED on 6/7/2007 6:02:03 PM

Notice Date:      6/7/2007 6:02:03 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

JUL - 4 2007

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS,       )
                        )
     Plaintiff,          )
                        )
vs.                     )     **Case No. CV-2006-03564**
                        )
NATIONAL CREDIT        )
SYSTEMS, INC., et al.,     )     FILED IN OFFICE
                        )
     Defendants.        )     JUN 1 9 2007
                        )     ANNE-MARIE ADAMS
                                Clerk

## <u>NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY</u>

Please take notice that upon the expiration of fifteen (15) days from the date

of service of this notice, the Defendant will apply to the Clerk/Register of this

court for the issuance of the attached subpoenas directed to:

### Dr. Michael G. Semon/Relationships, Inc.

### Dr. Vance Blackburn

who are non-parties, to produce the documents or things requested as described in

said subpoenas.

_____
Neal D. Moore, III    MOO 073

OF COUNSEL:

FERGUSON, FROST & DODSON, LLP
Post Office Box 430189
Birmingham, Alabama 35243
205-879-8722 - phone
205-873-8831 - fax

## CERTIFICATE OF SERVICE

This is to certify that on this the 14 day of June, 2007, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

X         mailing the same by first-class United States mail, properly addressed and postage pre-paid

_____        hand delivery

_____        via facsimile

Jerry O. Lorant
JERRY O. LORANT & ASSOCIATES
401 Office Park Drive
Birmingham, AL  35223
*Attorney for Plaintiff*

_____
Of Counsel

ELECTRONICALLY FILED
6/21/2007 7:30 PM
CV-2006-003564.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MICHAEL VELOTAS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: CV 2006-03564** |
| | ) | |
| **NATIONAL CREDIT SYSTEMS, INC.** | ) | |
| **et al.,** | ) | |
| **Defendant.** | ) | |

## NOTICE TO THE CLERK OF THE CIRCUIT COURT

Please take notice that the following was served on all parties to this cause and attached hereto:

1.  Plaintiff's Supplemental Responses to Defendant's Interrogatories and Request for Production to the Plaintiff.

/S/ JERRY O. LORANT (LOR002)
JERRY O. LORANT, ESQ.
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL**:
LORANT & ASSOCIATES, P.C.
401 Office Park Drive
Birmingham, AL 35223
Phone: (205) 871-7551
Facsimile: (205) 871-8882

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the above and foregoing with the Clerk of Court using the Alafile system which will send notice of same to counsel listed below who are Alafile participants, on this the 21st day of June, 2007.

Neal D. Moore, III, Esq,
FERGUSON, FROST & DODSON, L.L.P.
2500 Acton Rd. Ste. 200
P.O. Box 430189
Birmingham, 35243

/S/ JERRY O. LORANT (LOR002)
OF COUNSEL

ELECTRONICALLY FILED
6/21/2007 7:30 PM
CV-2006-003564.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| MICHAEL VELOTAS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CASE NO. CV-2006-03564 |
| | ) |
| NATIONAL CREDIT SYSTEMS, INC., | ) |
| et al.,. | ) |
| | ) |
|     Defendant. | ) |

### PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S
### INTERROGATORIES AND REQUEST FOR PRODUCTION

Comes now the Plaintiff, Michael Velotas, by and through his counsel of record and hereby provides the following supplemental responses to Defendant's Interrogatories and Request for Production:

1.    Adjusted Gross Income every year since 2001 has been consistent at: $ 96,000.00, give or take a few thousand dollars.

2.    Plaintiff certifies that he has hand delivered complete and faithful recordings of a telephone call with the Defendant and of telephone calls with other debt collectors to opposing counsel. A receipt of service to be signed upon delivery is attached hereto. The recordings are identified as follows:

    a.    Tape, Side B: NCS phone call to Michael Velotas. Recorded on June 12, 2006.
    b.    CD1: Two Messages left on Mr. Velotas' telephone by other debt collectors.
    c.    CD2: Three Messages left on Mr. Velotas' telephone by another collector, and three conversations between Mr. Velotas and other collectors.

3.    The Plaintiff again objects to producing credit information. It has long been established that general reputation, or character, which includes credit reputation as well as character reputation, is not admissible for any purpose, except in incidents of impeachment for felonies.

JERRY O. LORANT, ESQ. (LOR002)
ATTORNEY FOR PLAINTIFF

OF COUNSEL:
LORANT & ASSOCIATES, P.C.
401 Office Park Drive
Birmingham, AL 35223
Tel: 205 871-7551

## CERTIFICATE OF SERVICE

I hereby certify that on this the _____ day of _____, 2007 I have electronically filed the above and foregoing with the Clerk of Court using the Alafile system which will send notification of such filings to counsel who are Alafile participants using their e-mail address.

Neal D. Moore, III
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, AL 35243

OF COUNSEL

## RECEIPT

I, counsel representative for the Defendant in the above-referenced case, hereby certify that I have received the following supplemental discovery materials in this case: tape, CD1, CD2, delivered via hand delivery, on this the 20th day of June, 2007.

Signature

Michael H. Gregory

Printed Name



**AlaFile E-Notice**

01-CV-2006-003564.00

To:  JERRY LORANT
jol@lorantassociates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC**
**01-CV-2006-003564.00**

The following discovery was FILED on 6/21/2007 7:30:16 PM

Notice Date:      6/21/2007 7:30:16 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

To:  LORANT JERRY O
jol@lorantassociates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following discovery was FILED on 6/21/2007 7:30:16 PM

Notice Date:      6/21/2007 7:30:16 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

To: MOORE NEAL DEWITT III
ndm@ffdlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC**
**01-CV-2006-003564.00**

The following discovery was FILED on 6/21/2007 7:30:16 PM

Notice Date:        6/21/2007 7:30:16 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS,                )
                                )
        Plaintiff,              )
                                )
vs.                             )        Case No. CV-2006-03564
                                )
NATIONAL CREDIT                 )        FILED IN OFFICE
SYSTEMS, INC., et al.,          )
                                )        JUL 09 2007
        Defendants.             )
                                         ANNE-MARIE ADAMS
                                              Clerk

## NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

Please take notice that upon the expiration of fifteen (15) days from the date

of service of this notice, the Defendant will apply to the Clerk/Register of this

court for the issuance of the attached subpoenas directed to:

**Verizon Wireless**

**AT&T Bellsouth**

**Network Telephone Corporation**

who are non-parties, to produce the documents or things requested as described in

said subpoenas.


_____
Neal D. Moore, III   MOO 073
Attorney for Defendant


OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
Post Office Box 430189
Birmingham, Alabama 35243
205-879-8722 - phone
205-873-8831 - fax

## CERTIFICATE OF SERVICE

This is to certify that on this the _16_ day of _July_, 2007, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

      __X__      mailing the same by first-class United States mail, properly addressed and postage pre-paid

      _____      hand delivery

      _____      via facsimile

Jerry O. Lorant
JERRY O. LORANT & ASSOCIATES
401 Office Park Drive
Birmingham, AL   35223
*Attorney for Plaintiff*


_____
OF COUNSEL

ISSUED

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA JUL 0 5 2007

100 53

MICHAEL VELOTAS,                    )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )        Case No. CV-2006-03564
                                    )
NATIONAL CREDIT                     )        FILED IN OFFICE
SYSTEMS, INC., et al.,              )
                                    )             JUL 0 5 2007
        Defendants.                 )
                                    ) ANNE-MARIE ADAMS
                                             Clerk

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULE 45


        TO:   **Custodian of Records**
              **Dr. Michael G. Semon**
              **Relationships, Inc.**
              **2540 Valleydale Road** *SHELBY CO*
              **Birmingham, AL  35244**


        You are hereby commanded to do each of the following acts at the instance
of the defendant within fifteen (15) days after service of this subpoena:

        To produce and permit inspection and copying of each of the books,
documents or tangible things designated below that are in your possession,
custody or control:

        **Any and all** **medical records, including but not limited to, charts,
        evaluations, invoices, bills, reports, opinions, or any notes, diagnoses,
        or written material whatsoever evidencing medical care, treatment,
        evaluations, and reports, including medical bills, concerning Michael
        Velotas, DOB: 8/11/56, SSN: *-*-3578.**

        Such production and inspection is to take place at the place where such
documents or things are regularly kept or at some other reasonable place
designated by you.

such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

JUL 0 5 2007

*Anne-Marie Adams*

_____
DATE

_____
CLERK

Neal D. Moore, III   MOO 073

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama  35243
phone 205-879-8722
fax     205-879-8831


**RETURN ON SERVICE:**
Executed by leaving a copy with *Dr. Michael Senon* on this the *11* day of *July*, 2007.

SHERIFF *DS.*


_____

**Duties in Responding to Subpoena.**
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ELECTRONICALLY FILED
7/23/2007 2:54 PM
CV-2006-003564.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY

MICHAEL VELOTAS,                          )
                                          )
        Plaintiff,                        )
                                          )
vs.                                       )        Case No. CV-2006-03564
                                          )
NATIONAL CREDIT                           )
SYSTEMS, INC., et al.,                    )
                                          )
        Defendants.                       )

## ORDER REGARDING PENDING DISCOVERY

This matter having come before the court upon the request of both parties that the Court consider outstanding discovery, oral argument being presented by counsel for the plaintiff, Jerry Lorant, and counsel for the defendant, Neal D. Moore, III, on June 28, 2007, the Court being familiar with the facts and circumstances of this case and in consideration of the relative merits of the parties' positions, does Order as follows:

1.      Within seven (7) days of the date of this Order, the plaintiff shall take whatever steps reasonably required to obtain a current credit report from TransUnion, Equifax and Experian. Upon receipt of each credit report, it shall be provided to his counsel, Jerry Lorant, who in turn shall provide it to counsel for the defendant in accordance with the terms and conditions of this Order. All three credit reports shall be provided to opposing counsel.

2.      The credit records produced by the plaintiff pursuant to this Order shall be used by the defendant only in connection with this lawsuit. Upon written request from counsel for the plaintiff, the defendant shall either destroy or return

all copies of the credit report at the conclusion of this case. Nothing in this Order is to be construed as a ruling regarding the admissibility of the records produced pursuant to this Order.

3.     The defendant is ordered to produce its policy and procedure manual and training manual for debt collectors. The material produced by the defendant pursuant to this Order shall be used by counsel for the plaintiff only for the prosecution of this lawsuit. Upon written request by the defendant, counsel for the plaintiff shall return and/or destroy all copies of the records produced pursuant to this Order. Nothing in this Order is to be construed as a ruling regarding the admissibility of any records produced by the defendant.

4.     Notwithstanding any other Order entered by this Court, the documents described herein shall be exchanged by the parties no later than forty-five (45) days from the date this Order is entered. If one party will be unable to meet this schedule, that party is instructed to contact counsel for the opposing party such that other accommodations can be made.

DONE and ORDERED this the 23ʳᵈ day of July , 2007.

_____
HONORABLE JUDGE MICHAEL GRAFFEO

cc:     Jerry Lorant, Esq.
        Neal D. Moore, III, Esq.

IN THE CIRCUIT COURT OF JEFFERSON COUNTY,

ELECTRONICALLY FILED
7/23/2007 2:56 PM
CV-2006-003564.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| | | |
|---|---|---|
| MICHAEL VELOTAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CV-2006-03564 |
| | ) | |
| NATIONAL CREDIT SYSTEMS, INC.,et al., | ) | |
| | ) | |
| Defendants. | ) | |

## TRIAL SETTING, SCHEDULING AND PREPARATION ORDER

This case came on to be heard on June 28, 2007, as a Status Conference. This Order has been prepared after consultation with the attorneys who appeared at that time, to-wit: Jerry O. Lorant for the Plaintiff, and Neal D. Moore, III for Defendant.

Any previous or subsequent dates or deadlines published by the Circuit Clerk and/or Administrative Office of the Courts are null and void. The deadlines given herein should be put on the attorneys' calendars and all parties and attorneys are ordered to fully and timely comply with every provision of this Order or suffer appropriate sanctions.

To establish and facilitate the orderly progression of this case to trial and final disposition, the Court does now **ORDER** and **DIRECT** as follows:

## A.    DISCOVERY SCHEDULE

1.    All pending written discovery shall be responded to no later than August 10, 2007.

2.    Plaintiff(s) shall provide the names and Rule 26 information of any expert witness(es) expected to be used at the trial of this case by August 28, 2007. Said witness(es) shall be made available for deposition by Defendant(s) by September 29, 2007.

3.    Defendant(s) shall provide the names and Rule 26 information of any expert witness(es) expected to be used at the trial of this case by October 29, 2007. Said witness(es) shall be available for deposition by Plaintiff(s) by November 28, 2007.

4.    All discovery, including all depositions, shall be initiated so that discovery will be completed no later than January 18, 2008.

## B.    AMENDMENT TO THE PLEADINGS

Any amendments to the pleadings must be filed no later than August 21, 2007, otherwise, only by leave of Court.

## C.    MEDIATION AND PRE-TRIAL CONFERENCE

1.    The Court strongly encourages the parties to engage in voluntary mediation at any time so long as the mediation does not result in a delay of any of the deadlines dates set in this Order.

However, any motion for mandatory mediation filed pursuant to § 6-6-20, Code of Alabama, 1975, must be filed no later than January 31, 2008.

2.      If requested by any party, a Status Conference, Settlement Conference, or Pre-Trial Conference shall be set by the Court. For any Settlement Conference so requested and ordered by the Court, all lawyers, parties or other persons with binding settlement authority shall be present at any such Conference.

## D.      SUMMARY JUDGMENT/DISPOSITIVE MOTIONS

1.      Any Motion for Summary Judgment or other dispositive motion shall not be heard after February 22, 2008. Any dispositive motion not filed in time to be heard on or before the aforementioned date may be summarily overruled as being untimely filed.

2.      Any Motion for Summary Judgment or other dispositive motion filed after the date listed immediately above in Paragraph D.1. will be summarily overruled as being untimely filed.

3.      Hearings on Summary Judgment will not be heard the day of any settlement conference or trial date.

## E.      TRIAL SETTING

1.      The case is set for trial on *April 21, 2008, at 9:00 a.m.* The parties and attorneys are ORDERED to be present for the call docket at 9:00 a.m. on said date, unless otherwise instructed by the Court.

2.      This case shall be disposed of on or before the trial date, unless the Court grants a timely filed motion for continuance for good cause shown. The parties are advised that the fact that the trial setting is a "first setting," that the "parties have agreed to a continuance," that "discovery has not been completed," or other such reasons will not automatically or routine be considered "good cause."

3.      In jury cases any proposed jury instructions and verdict forms shall be submitted to the Court no later than the Friday immediately preceding the trial setting. [See Paragraph E.4., above]

4.      The parties shall, no later than fourteen (14) days prior to trial:

a.      Exchange lists itemizing all damages claimed, showing the amount and, when applicable, the method of computation of such items. Exchange lists stating the name and addresses of all witnesses whom they expect to call as trial witnesses. Any witness not so listed will be precluded from testifying at trial without leave of Court which will be granted only for good cause shown or as justice may require.

b.      Exchange lists describing all writings, recordings, documents, reports, records, photographs and any other exhibits that they may use at trial. When the lists are exchanged, each party shall make such exhibits available for inspection and copying by the other party. Any exhibit not so identified will not be admitted into evidence without leave of the Court which will be granted only for good cause shown or as justice may require.

5.      Unless written notice to the contrary is given within seven (7) days after the receipt of such exhibit list, each party shall be deemed to have agreed for the purposes of this litigation:

*Scheduling Order*
*CV 06-3564-MGG*
*Page 3 of 3*

a.     that such documents and exhibits are authentic and genuine;
b.     that any photograph fairly and accurately represents the scene therein depicted;'
c.     that copies of such documents may be used at trial as though they were originals;
d.     that all bills for services or material are reasonable and necessary.

In the event such written notice is given, the objecting party shall state the basis of the objection prior to the selection of the jury.

**F.     ELECTRONIC FILING/COURTESY COPIES/CONTACT WITH THE COURT**

1.     The Court strongly encourages and welcomes the electronic filing of any pleading, brief, evidentiary submission, etc., via the AlaFile system. Briefs filed in support of or in opposition to any motion, be it dispositive or not, are expected not to exceed ten (10) pages in length, excluding exhibits or attachments thereto. Briefs of excessive length in violation of this rule may not be considered by the Court.

2.     The Court is readily able to print a "work" or "courtesy" copy of any pleading, brief, evidentiary submission, etc., filed electronically via AlaFile, but also welcomes copies of such that are not filed electronically.

3.     Should counsel find it necessary to communicate with the Court regarding this matter, the Court welcomes communication via e-mail as opposed to a telephone call, voice mail, and/or written correspondence. Any e-mail for the Court should be sent to michael.graffeo@alacourt.gov and should be copied to all opposing counsel of record where required.

4.     The Court welcomes, but does not require, suggested orders on significant motions and such. However, the Court prefers that any "suggested" order, or, any "draft" order requested by the Court, should be sent via e-mail to Michael.qraffeo~alacourt.gov and NOT E-FILED via AlaFile.

5.     Where all parties are to confer, agree and submit an order to be entered, again, the Court prefers that it be e-mailed. However, any attorney who transmits an "agreed upon" proposed Order should specifically state in the body of the e-mail that the proposed Order has been circulated and agreed upon by all counsel of record.

**DONE** and **ORDERED** this, the *23rd* day of July, 2007.

*S/Michael G. Graffeo*
MICHAEL G. GRAFFEO
Circuit Judge

cc:     Jerry 0. Lorant, Esq.
         Neal D. Moore, III, Esq.



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To:  LORANT JERRY O
     jol@lorantassociates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following matter was FILED on 7/23/2007 2:54:52 PM

Notice Date:     7/23/2007 2:54:52 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To:  MOORE NEAL DEWITT III
ndm@ffdlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following matter was FILED on 7/23/2007 2:54:52 PM

Notice Date:     7/23/2007 2:54:52 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To:  LORANT JERRY O
jol@lorantassociates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following matter was FILED on 7/23/2007 2:56:22 PM

Notice Date:      7/23/2007 2:56:22 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To:   MOORE NEAL DEWITT III
      ndm@ffdlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following matter was FILED on 7/23/2007 2:56:22 PM

Notice Date:      7/23/2007 2:56:22 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
7/30/2007 3:04 PM
CV-2006-003564.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS )
)
    Plaintiff, )
)
vs. )    **Case No.: CV 2006-03564**
)
NATIONAL CREDIT SYSTEMS, INC. )
et al., )
    Defendant. )

### NOTICE TO THE CLERK OF THE CIRCUIT COURT

    Please take notice that the following was served on all parties to this cause and attached hereto:

    1.    Plaintiff's Second Interrogatories and Request for Production of Documents directed to the Defendants.

    /S/ JERRY O. LORANT (LOR002)
    JERRY O. LORANT, ESQ.
    ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
LORANT & ASSOCIATES, P.C.
401 Office Park Drive
Birmingham, AL 35223
Phone: (205) 871-7551
Facsimile: (205) 871-8882

### CERTIFICATE OF SERVICE

    I hereby certify that I have filed the above and foregoing with the Clerk of Court using the Alafile system which will send notice of same to counsel listed below who are Alafile participants, on this the 30st day of July, 2007, and that I have served the above and foregoing upon any non-Alafile participants listed below by U.S. Mail, properly addressed and postage prepaid.

Neal D. Moore, III, Esq,
FERGUSON, FROST & DODSON, L.L.P.
2500 Acton Rd. Ste. 200
P.O. Box 430189
Birmingham, 35243    /S/ JERRY O. LORANT (LOR002)
    OF COUNSEL

ELECTRONICALLY FILED
7/30/2007 3:04 PM
CV-2006-003564.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS,                    )
                                    )
    Plaintiff,                      )
                                    )
vs.                                 )        CASE NO. CV-2006-03564
                                    )
NATIONAL CREDIT SYSTEMS, INC.,      )
et al.,.                            )
                                    )
    Defendant.                      )

## PLAINTIFF'S SECOND INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE DEFENDANT

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location. If there are no such documents, please so state. If there are such documents, please list and mark appended documents responsive to each request.

Each interrogatory propounded herein should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information form your officers, employees, agents, representatives or consultants and information that is known by each of them.  An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, state specifically the terms of each qualification and the reasons for it.  If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

If any document responsive to any of Plaintiff's Request for Production of Documents to you has been withheld from production, identify each such document by date, title, subject matter, length and the request to which it is potentially responsive and state the reason for withholding production, and identify each person to whom the document was sent, shown, or made accessible, or to whom it was explained.

1.    Produce any and all documents related in any way to other lawsuits, legal or equitable claims, regulatory complaints or reports, or any other proceedings that have been brought against you from January 1, 2000 to the present.

2.  Please produce a complete list of all complaints of misconduct, or allegations of misconduct, filed against you, the Defendant National Credit Systems, Inc. in the ten (10) preceding years.

3.  State the name of the Complainant, the Forum or Court wherein the complaint was made, the date the complaint was made, the name and address of the Complainant, the name and address of the attorney representing the Complainant, the name and address of your attorney, and attach the Order or Judgment of the Court or Forum with respect to the resolution of the complaint.

4.  Produce a list of all lawsuits, and Court cases filed against you in any Court in the United States of America, be it Federal Court or State Court within any jurisdiction. Please identify the Plaintiff, the case number of the case filed, the Court within which same was filed, the Plaintiff's name and address and Plaintiff's attorney's name and address, and the name and address of your counsel. Please attach a copy of the Court resolution, or if a settlement was reached, the settlement documents. Please attach a copy of the Court Order finally resolving the case.

5.  Produce a copy of all complaints, lawsuits or legal proceedings made or filed against you within the preceding ten (10) years in a U.S. Government Forum, a Court, or a State Court by any Governmental authority, individual or entity, within any State in the United States of America, and identify the name and address of the Complainant, the styling of the case, including the case number, the name and address of Plaintiff's or Complainant's counsel, and the name and address of your counsel.

6.  Please list all claims or complaints made or filed against you, by any entity, including the United States Government or any of it's agencies, or any State Government or it's agencies, to any administrative agency or any agency of the United States Government, by any Court, alleging misconduct, or any complaint about your collection activities. Identify the name and address of the Complainant or the entity filing the complaint, the name and address of Complainant's counsel and your counsel, the styling of the case filed against you and the final Court Order.

7.  Please list all complaints filed against you, by any U.S. Governmental entity including State Attorney's General, with the Federal Trade Commission. Identify the name and address of the Court in which the Complaint was filed, the name and address of Complainant's counsel and your counsel, the styling of the case filed against you and the final Order Decree of the Court.

8.  Please list all complaints made against you by any one person, or any entity, or any Governmental agency, by the Federal Trade Commission, in any United States Court, and identify the styling of the case, including the case number, the final Order and the original Complaints.

9.  State all internal and external documents regarding your compliance or noncompliance with the Fair Debt Collection Practices Act.

10. State by caption, Court, civil action number and result, all litigation filed against you, the Defendant alleging violations of the Fair Debt Collection Practices Act.

11. Please list all cases filed against you in any United States Court, alleging or claiming violations of the Fair Debt Collection Practices Act. Please identify the styling of the case and attach a copy of the Court's final Order and the original Complaints.

12. Please list all cases filed against you in all State Courts, that may have included a complaint alleging violations of the Fair Debt Collection Practices Act, at any time in the past ten years. Please identify the styling of the case and attach a copy of the Court's final Order and the original Complaints.

13. State the name(s) and address(es) of Defendant's liability insurer(s) for the last ten (10) years and the dates of coverage, type, policy number(s) of each liability insurance policy.

14. State and describe each claim made under each liability insurance policy in the last ten (10) years, including the date of the claim, claim number, the subject of the claim, the status of the claim, the resolution of the claim, and any amounts paid under each policy.

15. State any notices that you have given any insurer regarding any claims against you in the past ten (10) years.

16. Produce a copy of your income tax returns for the preceding ten (10) years.

17. Produce a copy of Income Tax Returns filed with the Internal Revenue Service of the U.S. government for the past ten (10) years.

18. Produce a copy of your State Income Tax Returns filed with any State.

19. Produce copies of all statements for services rendered to you by lawyers, providing legal services to you within the past ten (10) years.

20. Produce copies of all statements for services rendered to you by all attorneys, all attorneys firms, all counsel having represented you within the past ten (10) years.

21. Produce copies of all your profit and loss statements for each of the preceding ten (10) years, including all records of attorneys charges, expenses and statements for services rendered.

22. Produce a copy of all checks, or drafts, or payments made by you, to counsel representing you in any matters prior hereto concerning your activities in the preceding ten (10) years as a collection agency. This request does not include services for the case pending herein.

/S/ JERRY.O. LORANT
JERRY O. LORANT (LOR002)
Attorney for the Plaintiff

**OF COUNSEL:**
LORANT & ASSOCIATES
401 Office Park Drive
Birmingham, AL 35223
Tel: (205)871-7551
Facsimile.: (205)-871-8882

## CERTIFICATE OF SERVICE

I hereby certify that on this the 30th of July, 2007 I electronically filed the above and foregoing with the Clerk of Court using the Alafile system which will sent notification of same to the following Alafile participants, and that I have served the above and foregoing upon any non-Alafile participants listed below by U.S. Mail, properly addressed, postage prepaid.

Neal D. Moore, III, Esq.
FERGUSON, FROST & DODSON, LLP
Post Office Box 430189
Birmingham, AL 35243

/S/ JERRY O. LORANT (LOR002)
OF COUNSEL



**AlaFile E-Notice**

01-CV-2006-003564.00

To:   JERRY LORANT
      jol@lorantassociates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following discovery was FILED on 7/30/2007 3:04:04 PM

Notice Date:     7/30/2007 3:04:04 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

To:  LORANT JERRY O
     jol@lorantassociates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following discovery was FILED on 7/30/2007 3:04:04 PM

Notice Date:     7/30/2007 3:04:04 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

To:  MOORE NEAL DEWITT III
ndm@ffdlaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following discovery was FILED on 7/30/2007 3:04:04 PM

Notice Date:     7/30/2007 3:04:04 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
7/31/2007 5:50 PM
CV-2006-003564.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

Michael Velotas       )
                            )
Plaintiff,            )
                            )
vs.                  )    CASE NO.: CV 2006 003564.00
                            )
National Credit Systems, Inc.   )
                            )
Defendant.         )

### PLAINTIFF'S NOTICE OF COMPLIANCE WITH COURT ORDER REGARDING PENDING DISCOVERY

COMES NOW Plaintiff, by and through his counsel of record, and hereby notifies this Honorable Court of his compliance with Court Order of July 23, 2007 Regarding Pending Discovery in the above-styled cause, with respect to obtaining his most recent credit file from the three (3) major credit reporting agencies, Equifax, Experian and TransUnion.

Plaintiff, Mr. Velotas has complied with the Order of the Court by submitting on the 30th day of July, 2007 his request to the central agency, Annual Credit Report Request Service, attached hereto with his private information hidden from public record, which will process his request within 15 days of receipt and provide him with up to date copies of his credit file from all three major credit reporting agencies.

Respectfully Submitted,

                                    /S/ JERRY O. LORANT
                                    JERRY O. LORANT (LOR002)

**OF COUNSEL:**                        ATTORNEY FOR PLAITNIFF
Jerry O. Lorant
401 Office Park Drive
Birmingham, Alabama 35223

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon counsel listed below by facsimile transmittal and by mailing a copy of the same to his office address by regular U.S. Mail, postage prepaid, on this 30 day of July, 2007.

Neal D. Moore III, Esq.
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, AL 35243                  /S/ JERRY O. LORANT (LOR002)
                                    OF COUNSEL

**EQUIFAX**   **experian**    **TransUnion**

## Annual Credit Report Request Form

You have the right to get a free copy of your credit file disclosure, commonly called a credit report, once every 12 months, from each of the nationwide consumer credit reporting companies - Equifax, Experian and TransUnion.

**For instant access to your free credit report, visit www.annualcreditreport.com.**

For more information on obtaining your free credit report, visit www.annualcreditreport.com or call 877-322-8228.

Use this form if you prefer to write to request your credit report from any, or all, of the nationwide consumer credit reporting companies. The following information is required to process your request. Omission of any information may delay your request.

Once complete, fold (do not staple or tape), place into a #10 envelope, affix required postage and mail to:
Annual Credit Report Request Service  P.O. Box 105281  Atlanta, GA  30348-5281.

| A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |

**Social Security Number:**  ▮▮ - ▮▮ - 3 5 7 8

**Date of Birth:**  ▮▮ / ▮▮ / 1 9 5 6
Month  Day  Year

- - - - Fold Here - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - Fold Here - - - -

| M | I | C | H | A | E | L | | | | | | | | | | J | |
First Name    M.I.

| V | E | L | O | T | A | S | | | | | | | | | | | |
Last Name    JR, SR, III, etc.

**Current Mailing Address:**

| 1 | 9 | 6 | 0 | | C | H | A | N | D | A | L | A | N | | D | R | I | V | E | | | |
House Number    Street Name

| A | | | | | | | | | | | |
Apartment Number / Private Mailbox    For Puerto Rico Only:  Print Urbanization Name

| P | E | L | H | A | M | | | | | | | | | | A | L | 3 | 5 | 1 | 2 | 4 |
City    State    ZipCode

**Previous Mailing Address (complete only if at current mailing address for less than two years):**

House Number    Street Name

Apartment Number / Private Mailbox    For Puerto Rico Only:  Print Urbanization Name

City    State    ZipCode

Shade Circle Like This ➔ ●
Not Like This ➔ ☒ ☒

I want a credit report from (shade each that you would like to receive):
● Equifax
● Experian
● TransUnion

● Shade here if, for security reasons, you want your credit report to include no more than the last four digits of your Social Security Number.

If additional information is needed to process your request, the consumer credit reporting company will contact you by mail.

**Your request will be processed within 15 days of receipt and then mailed to you.**

Copyright 2004, Central Source LLC

 31238





**AlaFile E-Notice**

01-CV-2006-003564.00

To:  JERRY LORANT
     jol@lorantassociates.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC**
**01-CV-2006-003564.00**

The following discovery was FILED on 7/31/2007 5:50:14 PM

Notice Date:     7/31/2007 5:50:14 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

To: LORANT JERRY O
    jol@lorantassociates.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following discovery was FILED on 7/31/2007 5:50:14 PM

Notice Date:      7/31/2007 5:50:14 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov