FILED

2010 Feb-08  AM 11:58
U.S. DISTRICT COURT
N.D. OF ALABAMA



LAW OFFICES OF

*Mailing Address*
P.O. Box 430189
BIRMINGHAM, AL. 35243-0189

# FERGUSON, FROST & DODSON, LLP

NEAL D. MOORE, III
DIRECT DIAL: 205-380-6985
EMAIL: NDM@FFDLAW.COM

2500 ACTON ROAD
SUITE 200
BIRMINGHAM, AL 35243

TELEPHONE (205) 879-8722
FACSIMILE (205) 879-8831

February 12, 2007

Mr. Jerry O. Lorant
401 Office Park Drive
Birmingham, Alabama 35223

Re:   Michael Velotas v. National Credit Systems, Inc.
Jefferson County Circuit Court, Alabama
CV:2006-03564
Our File No. 2014-18

Dear Mr. Lorant:

I enjoyed speaking to you yesterday about this case. I understand you have prepared a response to my prior correspondence outlining the multiple areas of discovery I believe I am entitled to receive. Please forward that correspondence to me as soon as possible so I can determine if it will be necessary to file a motion to compel. Also, please let me know when I can expect to receive the tape as well as any other discovery that you are willing to produce voluntarily.

For reasons that I am sure you understand, I do not want to take your client's deposition until I have satisfied myself that Mr. Velotas has given me all the documents and answered the interrogatories completely. I cannot make that determination until I see what he is willing to produce. If I have to file a motion to compel then I do not expect we will get deposition dates scheduled until the end of March. I am happy to work with you and your client to avoid any scheduling complications. I will make a corporate representative from NCS available to be deposed as well, but it may not be on the same day that Mr. Velotas is available. Much will depend on what discovery your client produces.

As always, I remain open to working with you regarding the schedule for production. Nonetheless, I am eager to move this case forward as expeditiously as possible. If I have not received any additional information from Mr. Velotas by February 23, 2007, I will file a motion to compel based on my prior

Plaintiff's Exhibit 13

Ferguson, Frost & Dod___, L__p.
Page 2

correspondence outlining the areas of discovery to which my client is entitled. I look forward to working things out with you prior to that date.

Very Truly Yours,

Neal D. Moore, III

NDMIII/rr
143295



Jerry O. Lorant
401 Office Park Drive
Birmingham, AL 35223

Phone: 205-871-7551                                                                 Fax: 205-871-8882

February 26, 2007

**via Facsimile Transmittal and U.S. Mail**
Mr. Neal D. Moore, III, Esq.
Ferguson, Frost & Dodson, L.L.P.
2500 Acton Road, Ste. 200
P.O. Box 430189
Birmingham, AL 35243

RE:   Michael Velotas v. National Credit Systems, Inc. et al.
         CV-2006 - 003786.00

Dear Mr. Moore:

I have received all your correspondence. I have provided full supplementary responses to your Interrogatories with regard to Mr. Velotas' places of residence (item no. 2), his mobile phone number and the service provider (item no. 4), the name and business address of his supervisor (item no. 5), any accounts he currently has in collection (item no. 9), and the Supplemental Interrogatories. We have also corrected the information regarding Mr. Velotas' business and mobile phone numbers, his business number is: (205) 621-8122 and his mobile phone number is: (205) 914-1046.

With regard to his salary, (item no. 11) I do not believe that is relevant. His ability to repay has no reference to his credibility or his honesty. I will provide it only upon court order. I will not provide the date upon which I was retained and will do so only upon court order.

With respect to supplementing your Request for Production, I will not provide his social security number, as it is not subject to public disclosure for any reason. I will not provide his tax returns. Mr. Velotas is not claiming loss of income or wages as there are no such losses. Mr. Velotas did not receive personal physical and he is making no claim for broken bones or broken tissues, and as to his financial past, it is not relevant.

Plaintiff's Exhibit 14

My client is not obligated to provide you with any credit information with respect to delivering authorizations to you to inquire as to his credit. With respect to item no. 6, he did not send any letters to Colonial Grand, with the exception of a written note instructing Colonial Grand to use his security deposit as a payment.

In reference to the recording of the phone call, I will certainly have a copy of the actual call made and send it to you. I agree you are entitled to it. I am producing a copy of the transcript. As to item no.11, my client has not been recording collection calls for the past five years. I am providing you with any transcripts he has.

With regard to my December the 20th correspondence requesting information:

I now find as of January 22, 2007, delivery by you to me, your client's record as provided by you on Mr. Velotas' collection efforts by National Credit Systems, Inc.

In that respect, please provide a copy of the letter sent pursuant to your memo of May 15th. Please provide a copy of the envelope, "marked as return mail" that your client references on May 18, 2006.

Please provide the message that was left, according to your client's records and according to the person that made the call or the computer that left a message or whatever method was used, please provide the full wording of the message pursuant to your June 06, 2006 memorandum.

Additionally, a record shows place of a place of employment call on June 06, and a memo, "left message with three/fourths." Please provide a detailed wording of that message. On June 07, the residence was called, please provide a detailed, precise and exact wording of that message. The fact that I have a tape does not relieve your client or the caller from articulating and expressing the message and the conversation and the discussion. Please do so.

I do not have the documents detailed in my "Request for Production" as follows:

1.) I requested the original file and all the documents, and I do not have it unless you take the position that what was provided to me on January 22, was all the documents. Your client had have received memorandum about the account. I do not have it. Your client had

to receive orders to pursue the account. I do not have it. If I do, please execute a sworn response at some point, attaching precisely the documents that comprise "the original file."

2.) Four, five, six , seven, fourteen, nineteen, twenty, twenty-two, all requests manuals: policy manuals, training manuals, etc. all relevant to this case. Please produce them by March 13th, or I will file a Motion to Compel.

My offer to settle this case of seventy-five hundred dollars is off the table as of March 5th. We have much more time in it to this date as a result of the work involved in your responses, and the continuing effort to press this lawsuit forward, but I will leave the offer open because it was made, and should not be withdrawn without the notice that it will be.

Finally, I believe your client has a tape transcript, please provide, or have him swear he does not have it.

Yours very truly,

Jerry O. Lorant

JOL/vs
Enclosures

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

Michael Velotas          )
                         )
Plaintiff                )
                         )
v.                       )     CASE NO.: CV 2006 03564.00
                         )
National Credit Systems, Inc.   )
                         )
Defendant                )

## PLAINTIFF'S RESPONSE IN OPPOSITION
## TO DEFENDANT'S MOTION TO COMPEL DEPOSITION

COMES NOW the Plaintiff, by and through his counsel of record, and respectfully files this Response in Opposition to Defendant's Motion to Compel Deposition. As grounds for same, Plaintiff shows this Honorable Court as follows:

1.  Plaintiff hastens to point out again that Plaintiff's Discovery Requests are in all respects related to this litigation because FDCPA compliance and Complaints against the Defendant in connection with that failure of compliance are in every respect related to this case.

2.  The Defendant raised FDCPA compliance and the FDCPA has been the law of the case since the Defendant filed the Answer.[1]

3.  The parties through their counsel have had an understanding that both parties would be deposed on the same day[2] and Defendant has now refused to provide a deposition date for both parties.

---

[1]   Please see Exhibit 1 and Exhibit 3.

[2]   Please see page 2 of Exhibit 1 at paragraph 2. See also Exhibit 2 at paragraph 2.

4.   Defendant's Motion at paragraph 4 expresses that refusal and again the Discovery

Responses and Questions are relevant Deposition Testimony.

Respectfully submitted,

JERRY O. LORANT (LOR002)

**OF COUNSEL:**

401 Office Park Drive
Birmingham, AL 35223
(205) 871-7551
jol@lorantassociates.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon counsel listed below by mailing a copy of the same to his office address by regular U.S. Mail, postage prepaid, on this 14th day of November, 2007.

Neal D. Moore III, Esq.
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, AL 35243

OF COUNSEL

Jerry O. Lorant
401 Office Park Drive
Birmingham, AL 35223

Phone: 205-871-7551                                                          Fax: 205-871-8882

October 31, 2006

**VIA FACSIMILE (205)879-8831**
Neal D. Moore, III Esq.
FERGUSON, FROST, & DODSON, LLP
Post Office Box 430189
Birmingham, AL 35243

Re:   *Michael Velotas v. National Credit Services*
      *Case No.:  CV200603564*

Dear Mr. Moore:

   I have your letter of October 25, 2006, and thank you for same. I submit to you that the several FDCPA violations, which have been pointed out and carefully researched, committed by your client, National Credit Services, are clear and direct and the court will rule in the Plaintiff's favor in those instances.

   The Federal Court's broad and liberal inclusion of liability, in construing the FDCPA assures me that I am correct in my assessment. If your client wishes to try those issues, I am confident we will see to it that we do so vigorously, and litigate them until they are finally resolved.

   The other issues you thoroughly discussed in your letter are not defenses to the FDCPA violations.   They are jury arguments and are raised in many cases at all times. My client suffered anxiety, harassment, abuse, all of which are actual damages under the FDCPA. With respect to the "validation"letter, my client never received it. We take the position that it was never mailed and that's simply another jury question.  In this case, however, the FDCPA violations are clear, and obvious.

   I am interested in an agreeable settlement at this point.  I have substantial time up to this point.  I'm sure that we will both have 75 to 125 hours each in the case by the time it is resolved at the trial level.  The FDCPA violations, if we prevail, provide for my attorney's fees, and  I'm sure that I will have probably as much time in the case as you do. If you want to counter my offer, please do so.  If not, simply let me know and we will go forward with the depositions and litigation.

   I wish to go on record that I am interested and willing to seek settlement at this time for the purpose of saving the Courts time, as well as the expenses of litigation. This case is not a "nuisance" case.

Plaintiff's Exhibit 16

Lorant & Associates
Velotas v. NSC
October 30, 2006
Page 2

We filed discovery with our complaint. I requested the discovery on August 29, 2006. Please be good enough to provide it to me within the next few days. I have agreed with you that you may take our client's deposition first, in response to and based upon your letter to me concerning the depositions, wherein you advised on September 5, 2006, that we would pick a mutually agreeable date for both our clients, with my client providing the initial deposition. It is, of course, imperative that I receive my paper discovery prior to the taking of the depositions.

In view of the potential for a couple of hundred hours of attorney's time, and substantial deposition costs in connection with the FDCPA, strikes me that my settlement offer is reasonable. In any event, whatever your clients decide to do is fine with me. I look forward to hearing from you.

Yours very truly,

Jerry O. Lorant

JOL/klw

 

LAW OFFICES OF

*Mailing Address*
P.O. BOX 430189
BIRMINGHAM, AL 35243-0189

# FERGUSON, FROST & DODSON, LLP

NEAL D. MOORE, III
DIRECT DIAL: 205-380-6985
EMAIL: NDM@FFDLAW.COM

2500 ACTON ROAD
SUITE 200
BIRMINGHAM, AL 35243

TELEPHONE (205) 879-8722
FACSIMILE (205) 879-8831

February 12, 2007

Mr. Jerry O. Lorant
401 Office Park Drive
Birmingham, Alabama 35223

Re:   Michael Velotas v. National Credit Systems, Inc.
      Jefferson County Circuit Court, Alabama
      CV:2006-03564
      Our File No. 2014-18

Dear Mr. Lorant:

I enjoyed speaking to you yesterday about this case. I understand you have prepared a response to my prior correspondence outlining the multiple areas of discovery I believe I am entitled to receive. Please forward that correspondence to me as soon as possible so I can determine if it will be necessary to file a motion to compel. Also, please let me know when I can expect to receive the tape as well as any other discovery that you are willing to produce voluntarily.

For reasons that I am sure you understand, I do not want to take your client's deposition until I have satisfied myself that Mr. Velotas has given me all the documents and answered the interrogatories completely. I cannot make that determination until I see what he is willing to produce. If I have to file a motion to compel then I do not expect we will get deposition dates scheduled until the end of March. I am happy to work with you and your client to avoid any scheduling complications. I will make a corporate representative from NCS available to be deposed as well, but it may not be on the same day that Mr. Velotas is available. Much will depend on what discovery your client produces.

As always, I remain open to working with you regarding the schedule for production. Nonetheless, I am eager to move this case forward as expeditiously as possible. If I have not received any additional information from Mr. Velotas by February 23, 2007, I will file a motion to compel based on my prior

Plaintiff's Exhibit 17

Ferguson, Frost & Dodson, L.L.P.
Page 2

correspondence outlining the areas of discovery to which my client is entitled.  I look forward to working things out with you prior to that date.

Very Truly Yours,

Neal D. Moore, III

NDMIII/rr
143295

**Jerry O. Lorant**
401 Office Park Drive
Birmingham, AL 35223

Phone: 205-871-7551                                                                      Fax: 205-871-8882

December 21, 2006

**VIA FACSIMILE TRANSMITTAL (205)879-8831**
Neal D. Moore, III, Esq.
FERGUSON, FROST, & DODSON, LLP
Post Office Box 430189
Birmingham, AL 35243

RE:   *Michael Velotas v. National Credit Systems, Inc.*
      *Jefferson County Circuit Court, AL*
      *Case No.:  CV: 2006-03564*
      *Your file No. 2014-18*

Dear Mr. Moore,

Thank you for your fax. You are correct. I had no authority and still have no authority. We have continued to repeatedly discuss the FDCPA violations. They do relate back and in all respects. Mr. Velotas' statutory damages, personal damages, and attorney's fees exceed seventy-five hundred dollars ( $7,500.00) at this time, but I was willing to resolve the case to save time and treasure for both our clients.

The seventy-five hundred dollar settlement offer that I intend to recommend, if made is open and available for the next several days.

Having said that, if it is not going to be resolved at this time, please pick a date for the taking of the depositions of both our clients. I must state to you that the arrangements for and the taking of the depositions will add substantial sums to the costs and my offer to recommend the seventy-five hundred dollars will be, of course, off the table, and will be increased by whatever time is expended.

Best wishes for the holiday season.

Sincerely,

*Jerry O. Lorant/vs*

Jerry O. Lorant

JOL/vs

Plaintiff's Exhibit 18



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To:  JERRY LORANT
jol@lorantassociates.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC**
**01-CV-2006-003564.00**

The following matter was FILED on 1/17/2008 4:11:46 PM

**C001 VELOTAS MICHAEL**

**MOTION TO AMEND**

[Attorney: LORANT JERRY O]

Notice Date:      1/17/2008 4:11:46 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To:   LORANT JERRY O
      jol@lorantassociates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC**
**01-CV-2006-003564.00**

The following matter was FILED on 1/17/2008 4:11:46 PM

**C001 VELOTAS MICHAEL**

**MOTION TO AMEND**

[Attorney: LORANT JERRY O]

Notice Date:      1/17/2008 4:11:46 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To:  MOORE NEAL DEWITT III
     ndm@ffdlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following matter was FILED on 1/17/2008 4:11:46 PM

C001 VELOTAS MICHAEL
MOTION TO AMEND
[Attorney: LORANT JERRY O]

Notice Date:    1/17/2008 4:11:46 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

To:  JERRY LORANT
     jol@lorantassociates.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC**
**01-CV-2006-003564.00**

The following ORDER2 was FILED on 1/17/2008 4:14:22 PM

Notice Date:     1/17/2008 4:14:22 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

To:  LORANT JERRY O
     jol@lorantassociates.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following ORDER2 was FILED on 1/17/2008 4:14:22 PM

Notice Date:      1/17/2008 4:14:22 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

To:  MOORE NEAL DEWITT III
ndm@ffdlaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC**
**01-CV-2006-003564.00**

The following ORDER2 was FILED on 1/17/2008 4:14:22 PM

Notice Date:      1/17/2008 4:14:22 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

# STATE OF ALABAMA
**Unified Judicial System**

_____ County

Check one(Not for Workers' Comp., PFA, or Small Claims cases)

Revised 3/23/05

☐ District Court   ☐ Circuit Court

▶ Case No.
*CV 06  0356*
*MGG*

Style of case: *Wim Velolar*

v.

*natum Credit*

Name, Address, and Telephone No. of Attorney or Party, if Not Represented:

_____

Attorney Alabama State Bar No.: *LoR602*

# CIVIL MOTION COVER SHEET

Name of Filing Party: *Jery Olort for Jedt*

To be filled out by Clerk of Court:
☐ Filing Fee Charged and Collected (Amt $_____)
☐ Filing Fee Not Required
☐ Affidavit of Hardship on File or State Agency

## Type of Motion (Check One)

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Change of Venue/Transfer |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Compel |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Consolidation |
| ☒ Summary Judgment Pursuant to Rule 56 ($50.00) | ☐ Continue |
| ☐ Other _____ pursuant to Rule_____ ($50.00) | ☐ Deposition |

**FILED IN OFFICE**

**JAN 1 8 2008**

**ANNE-MARIE ADAMS**
Clerk

Motions Not Requiring Fee (continued):
☐ Add Party
☐ Amend
☐ Change of Venue/Transfer
☐ Compel
☐ Consolidation
☐ Continue
☐ Deposition
☐ Designate a Mediator
☐ Judgment as a Matter of Law (during trial)
☐ Disburse Funds
☐ Extension of Time
☐ In Limine
☐ Joinder
☐ More Definite Statement
☐ Motion to Dismiss pursuant to Rule 12(b)
☐ New Trial
☐ Objection of Exemptions Claimed
☐ Pendente Lite
☐ Plaintiff's Motion to Dismiss
☐ Preliminary Injunction
☐ Protective Order
☐ Quash
☐ Release from Stay of Execution
☐ Revive Judgment
☐ Sanctions
☐ Sever
☐ Special Practice in Alabama
☐ Stay
☐ Strike
☐ Supplement to Pending Motion
☐ Vacate or Modify
☐ Withdraw
☐ Other _____ pursuant to Rule_____ (Subject to filing fee)

**PAID**

\* Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Cost $_____

Hearing Date: _____

Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government.   ☐

Date: *01/18/08*

Signature of Attorney or Party: *Jerypherst*

\*This Cover Sheet must be completed, signed by the filing attorney or party, and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

\*\* Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee

FILED IN OFFICE

JAN 1 8 2008

ANNE-MARIE ADAMS
Clerk

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS                )
                               )
Plaintiff                      )
                               )
v.                             )     CASE NO.: CV 2006 03564.00 *MGG*
                               )
NATIONAL CREDIT SYSTEMS, INC.  )
                               )
Defendant                      )

### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW, the Plaintiff, Michael Velotas, by and through the undersigned counsel, and moves this Honorable Court to grant this Motion for Partial Summary Judgment with regard to Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"). As grounds for same, Plaintiff shows the Court as follows:

1. This is a civil action by the Plaintiff, Michael Velotas, (hereinafter "Velotas" or "Plaintiff") against National Credit Systems (hereinafter "NCS") and is based upon the damages he suffered after the Defendant began a scheme of harassing and threatening telephone calls to Plaintiff in an attempt to collect on an alleged debt.

2. The Congressional Intent of the FDCPA was to eliminate the abusive debt collection tactics endemic in the debt collection industry today by protecting consumers against egregious debt collection abuses, including threatening, abusive telephone calls.

3. Plaintiff is entitled to a Partial Summary Judgment with regards to the Defendant's violation of the FDCPA, and Plaintiff is entitled to judgment as a matter of law.

4. This Motion is supported by the following:

   a) All Pleadings filed in this Matter;
   b) The Defendant's Discovery Responses;
   c) The transcription of the recorded call between Plaintiff and Defendant;
   d) The Defendant's Account Notes;
   e) The Defendant's Collection and Training Manuals;
   f) The Deposition of Michael Velotas (when conducted);
   g) The Deposition of NCS' Rule 30(b) Corporate Representative (when conducted);
   h) Letter from NCS President Joel Lackey to Jerry O. Lorant, Esq.. previously filed on January 17, 2008.
   i) Letter from Jerry O. Lorant, Esq. to Neal D. Moore, Esq., dated September 8, 2006, previously filed on January 17, 2008.
   j) Letter from Jerry O. Lorant, Esq. to Neal D. Moore, Esq. dated October 25, 2006, previously filed on January 17, 2008.
   k) Letter from Jerry O. Lorant, Esq. to Neal D. Moore, Esq. dated October 31, 2006, previously filed on January 17, 2008.

l)  Letter from Jerry O. Lorant, Esq. to Neal D. Moore, Esq. (with settlement offer amount redacted) dated November 28, 2006, previously filed on January 17, 2008.

m)  Letter from Neal D. Moore, Esq. to Jerry O. Lorant, Esq. (with settlement offer amount redacted) dated November 22, 2006, previously filed on January 17, 2008.

n)  Letter from Neal D. Moore, Esq. to Jerry O. Lorant, Esq. (with settlement offer amount redacted) dated December 21, 2006, previously filed on January 17, 2008.

o)  Letter from Jerry O. Lorant, Esq. to Neal D. Moore, Esq. (with settlement offer amount redacted) dated December 21, 2006, previously filed on January 17, 2008.

p)  Letter from Neal D. Moore, Esq. to Jerry O. Lorant, Esq. dated April 3, 2007, previously filed on January 17, 2008.

q)  Letter from Jerry O. Lorant, Esq. to Neal D. Moore, Esq. dated October 22, 2007, previously filed on January 17, 2008.

r)  Letter from Neal D. Moore, Esq. to Jerry O. Lorant, Esq. dated February 12, 2007, previously filed on January 17, 2008.

s)  Letter from Jerry O. Lorant, Esq. to Neal D. Moore, Esq. dated February 26, 2007, previously filed on January 17, 2008.

t)  Plaintiff's Response in Opposition to Defendant's Motion to Compel Deposition previously filed on January 17, 2008.

u)  Letter from Jerry O. Lorant, Esq. to Neal D. Moore, Esq. dated October 31, 2006, previously filed on January 17, 2008.

v)  Letter from Jerry O. Lorant, Esq. to Neal D. Moore, Esq. dated February 12, 2007, previously filed on January 17, 2008.

w)  Brief in Support of Motion for Partial Summary Judgment containing relevant Alabama case law and statutes, including a Statement of Undisputed Facts as required by Alabama Rule of Civil Procedure 56.

JERRY O. LORANT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon counsel listed below by mailing a copy of the same to his office address by regular U.S. Mail, postage prepaid, on this ____8____ day of January, 2008.

Neal D. Moore III, Esq.
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, AL 35243

OF COUNSEL

ELECTRONICALLY FILED
2/2/2008 2:08 PM
CV-2006-003564.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **MICHAEL VELOTAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CV-2006-03564** |
| | ) | |
| **NATIONAL CREDIT** | ) | |
| **SYSTEMS, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## RESPONSE TO MOTION TO AMEND COMPLAINT

COMES NOW the defendant, National Credit Systems, Inc., and respectfully requests this Honorable Court to allow time for the defendant to reply to the plaintiff's Petition to Amend the Complaint. The petition was filed January 17, 2008, and is in fact the first Motion to Amend the Complaint though it is actually a second amendment which is requested. All proposed amendments, even the one that was not accompanied by a Motion to Amend, are beyond the Court imposed deadline and otherwise will result in prejudice to the defendant. The defendant requests ten days to file a brief in opposition and, accordingly, requests the Court to forbear ruling so the defendant may have time to reply.

Respectfully Submitted,


 /s/ Neal D. Moore, III
Neal D. Moore, III     MOO 073
Attorney for Defendant

OF COUNSEL:

FERGUSON, FROST & DODSON, LLP
Post Office Box 430189
Birmingham, Alabama 35243
205-879-8722 - phone
205-873-8831 – fax


## CERTIFICATE OF SERVICE

This is to certify that on this the 18th day of January, 2008, a copy of the forgoing document has been electronically filed with the Court and served on counsel via e-file:

Jerry O. Lorant
JERRY O. LORANT & ASSOCIATES
401 Office Park Drive
Birmingham, AL   35223
*Attorney for Plaintiff*

      /s/ Neal D. Moore, III
      OF COUNSEL



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To: NEAL MOORE
ndm@ffdlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC**
**01-CV-2006-003564.00**

The following matter was FILED on 1/18/2008 4:43:12 PM

**D001 NATIONAL CREDIT SYSTEMS INC**
**MOTION TO AMEND**
[Attorney: MOORE NEAL DEWITT III]

Notice Date:      1/18/2008 4:43:12 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To:  LORANT JERRY O
     jol@lorantassociates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC**
**01-CV-2006-003564.00**

The following matter was FILED on 1/18/2008 4:43:12 PM

**D001 NATIONAL CREDIT SYSTEMS INC**
**MOTION TO AMEND**
[Attorney: MOORE NEAL DEWITT III]

Notice Date:      1/18/2008 4:43:12 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To:  MOORE NEAL DEWITT III
ndm@ffdlaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC**
**01-CV-2006-003564.00**

The following matter was FILED on 1/18/2008 4:43:12 PM

**D001 NATIONAL CREDIT SYSTEMS INC**

**MOTION TO AMEND**

[Attorney: MOORE NEAL DEWITT III]

Notice Date:      1/18/2008 4:43:12 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS,                    )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )        Case No. CV-2006-03564
                                    )
NATIONAL CREDIT                     )    FILED IN OFFICE
SYSTEMS, INC., et al.,              )
                                    )       JAN 2 9 2008
        Defendants.                 )
                                    )    ANNE-MARIE ADAMS
                                             Clerk

## ORDER GRANTING MOTION TO ISSUE OUT-OF STATE SUBPEONA

This Court having considered defendant, National Credit System, Inc.'s, petition for an Order issuing an out-of-state subpoena compelling United Recovery Systems, Inc., to produce records in accordance with the subpoena, such petition is well taken and is hereby GRANTED.

Dated: January 29, 2008

_____
CIRCUIT COURT JUDGE

cc:   Jerry Lorant, Esq.
      Neal D. Moore, III, Esq.

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS,                    )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )      Case No. CV-2006-03564
                                    )
NATIONAL CREDIT                     )
SYSTEMS, INC., et al.,              )
                                    )
        Defendants.                 )
                                    )

*FILED IN OFFICE*
*ANNE-MARIE ADAMS*
*Clerk*
*JAN 0 9 2008*

## MOTION TO ISSUE OUT-OF-STATE SUBPOENA

Defendant, National Credit Systems, Inc., hereby makes this petition for an Order issuing the attached subpoena compelling, United Recovery Systems, Inc., to produce records in accordance with the Subpoena attached hereto as Exhibit A.

United Recovery Systems, Inc., who is not a party to this litigation, has information and records directly relating to matters at issue in this case. Defendant seeks United Recovery Systems, Inc.'s records in order to obtain information necessary to its defense of this lawsuit.

Defendant National Credit Systems, Inc., filed a Notice of Intent to Serve Subpoena on a Non-Party on November 19, 2007, and more than fifteen days has elapsed without any objection to the issuance of said subpoena.

For the foregoing reasons, National Credit Systems, Inc., respectfully requests that the Court grant this petition in all respects.

Respectfully Submitted,

Neal D. Moore, III     MOO 073
Attorney for Defendant

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
Post Office Box 430189
Birmingham, Alabama 35243
205-879-8722 - phone
205-873-8831 – fax

## CERTIFICATE OF SERVICE

This is to certify that on this the 9th day of January, 2008, a copy of the forgoing document has been filed with the Court and served on counsel via U.S. Mail:

Jerry O. Lorant
JERRY O. LORANT & ASSOCIATES
401 Office Park Drive
Birmingham, AL 35223
*Attorney for Plaintiff*

OF COUNSEL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS,                    )
                                    )
         Plaintiff,                 )
                                    )
vs.                                 )        Case No. CV-2006-03564
                                    )
NATIONAL CREDIT                     )
SYSTEMS, INC., et al.,              )
                                    )
         Defendants.                )
                                    )

## NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

Please take notice that upon the expiration of fifteen (15) days from the date

of service of this notice, the Defendant will apply to the Clerk/Register of this

court for the issuance of the attached subpoenas directed to:

**United Recovery Systems, Inc.**
**5800 N. Course Drive**
**Houston, TX 77072**

who are non-parties, to produce the documents or things requested as described in

said subpoenas.

                              _____
                              Neal D. Moore, III   MOO 073
                              Attorney for Defendant

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
Post Office Box 430189
Birmingham, Alabama 35243
205-879-8722 - phone
205-873-8831 - fax

## CERTIFICATE OF SERVICE

This is to certify that on this the 4th day of JAN. _____, 2008, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

    __X__        mailing the same by first-class United States mail, properly addressed and postage pre-paid

    _____      hand delivery

    _____      via facsimile

Jerry O. Lorant
JERRY O. LORANT & ASSOCIATES
401 Office Park Drive
Birmingham, AL  35223
*Attorney for Plaintiff*

_____
OF COUNSEL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS,                     )
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )        Case No. CV-2006-03564
                                     )
NATIONAL CREDIT                      )
SYSTEMS, INC., et al.,               )
                                     )
        Defendants.                  )
                                     )

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULE 45

TO:   United Recovery Systems, Inc.
      5800 N. Course Drive
      Houston, TX  77072

You are hereby commanded to do each of the following acts at the instance of the defendant within fifteen (15) days after service of this subpoena:

To produce and permit inspection and copying of each of the books, documents or tangible things designated below that are in your possession, custody or control:

Please produce:

1)  the entire file or files, including all account notes, call records, collection notes, computer screen print-outs, entries, or any other form of data or information by whatever name known, pertaining to Michael Velotas;

2)  Any and all files, notes, collection logs, call logs or any written information of any type or nature pertaining to efforts to collect any indebtedness or alleged indebtedness owed or attributed to Michael Velotas.   For additional identification purposes, the address you have for Mr. Velotas may have been 2117 Clive Bank Circle, Alabama; 1968 Chandalar Drive, Alabama; 1968 Chandler Drive, Alabama; 1960-A Chandalan Drive; 236 Oakmont Road,

Birmingham, Alabama; 408 Shoal Run Trail, Birmingham, Alabama; 1126 Riverchase Trail, Birmingham, Alabama. Potential phone numbers would be (205)914-1046 and (205)621-8122.

3) Any and all documents, data compilations, logs, printed copies of computer screens, or any data or information of any type or nature which evidences the number of phone calls placed to Mr. Velotas or received by Mr. Velotas, the date and time of such phone calls, and the content of any such phone calls.

4) Please produce any recordings of phone conversations with Mr. Velotas.

Such production and inspection is to take place at the place where such documents or things are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production and inspection.

YOU HAVE THE OPTION to deliver or mail legible copies of such documents or things to the party causing the issuance of this subpoena, and you may condition such compliance upon your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable cost of making such copies. For your information, Alabama law limits the amount $.50 per page for copies.

If you elect to send copies of such documents or things to the party causing the issuance of the subpoena, you should deliver or mail such copies to: **Allison Burke, Paralegal to Neal D. Moore, III, Ferguson, Frost & Dodson, L.L.P., 2500 Acton Road, Suite 200, Birmingham, Alabama 35243**, fifteen (15) days after service of this notice.

You have the right to object at any time prior to the date set forth in this subpoena for compliance. [1]Should you choose to object, you should communicate

---

[1] Protection of Persons Subject to Subpoenas

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

DATE

CLERK

Neal D. Moore, III   MOO 073
Attorney for Defendant

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243
phone 205-879-8722
fax    205-879-8831

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

Duties in Responding to Subpoena.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**RETURN ON SERVICE:**
Executed by leaving a copy with _____ on this the _____ day of _____, 2007.


_____
SHERIFF


156277


ELECTRONICALLY FILED
3/7/2008 8:52 AM
CV-2006-003564.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

VELOTAS MICHAEL,            )

       Plaintiff,     )

                     )

       v.             )      Case No.:   CV-2006-003564.00

                     )

NATIONAL CREDIT SYSTEMS INC,   )

       Defendant.    )

ORDER


THIS MATTER WAS SET FOR HEARING ON THIS DAY ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT. DUE TO A TRIAL STILL GOING ON IN THIS
COURT, THE HEARING IS HEREBY**CONTINUED AND RESET**ON FRIDAY, APRIL 4,
2008 AT 1:30 P.M.

DONE this 7th day of March, 2008

                          /s MICHAEL G GRAFFEO
                          _____

                          CIRCUIT JUDGE



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To:  LORANT JERRY O
jol@lorantassociates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC**
**01-CV-2006-003564.00**

The following matter was FILED on 3/7/2008 8:53:00 AM

Notice Date:      3/7/2008 8:53:00 AM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To:  MOORE NEAL DEWITT III
ndm@ffdlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following matter was FILED on 3/7/2008 8:53:00 AM

Notice Date:      3/7/2008 8:53:00 AM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
7/10/2008 2:56 PM
CV-2006-003564.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **MICHAEL VELOTAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CV-2006-03564** |
| | ) | |
| **NATIONAL CREDIT** | ) | |
| **SYSTEMS, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND

COMES NOW the defendant, National Credit Systems, Inc., and responds to the plaintiff's Motion to Amend as follows:

### I.   *Should the Plaintiff's Motion to Amend Complaint to include claims under the Fair Debt Collection Practices Act be denied?*

Yes. Alabama law holds that a motion to amend pleadings can be denied if filed after deadlines established by the Court, if it creates prejudice for the opposing party, and if it creates undue delay. The plaintiff's motion and proposed amendment comes after the August 21, 2007 deadline to amend pleadings, creates prejudice for the defendant, and unduly delays the trial of this matter.

In his Motion to Amend the Complaint filed January 17, 2008, the plaintiff argues amendments are to be freely given when justice requires. In support, he quotes two Alabama cases. He first argues <u>National Security, Fire & Casualty Co. v. Hodgin</u> stands for the proposition "Rule 15(b) ARCP plainly approves liberal amendments when justice requires." (See Plaintiff's Motion to Amend the

Complaint, ¶ 2).  Upon closer inspection, however, the Court in <u>National Security, Fire & Casualty Co. v Hodgin</u> allowed the complaint to be amended only after determining, "The amendment neither added a claim nor, in fact, changed the original claim." <u>National Security, Fire & Casualty Co. v. Hodgin</u>, 55 Ala. App. 268, 270 (Ala. Civ. App 1975).  In this case the plaintiff's proposed amendment, adding a claim under the Federal Fair Debt Collection Practices Act (FDCPA), adds a claim and changes the original claim.  The proposed amendment creates new jurisdictional issues as well as new damage considerations.

The Plaintiff's second citation, <u>Arfor-Bryafield, Inc. v. Huntsville Mall Associates</u>, actually discusses the amendment of a <u>defendant's</u> answer on the eve of trial.  479 So. 2d 1146, 1149 (Ala. 1985).   In fact, the <u>Arfor-Bryafield, Inc.</u> court <u>denied</u> the defendant's motion to amend its answer and the Supreme Court of Alabama affirmed that decision stating, "The trial court was not convinced that justice was served by allowing an amendment on the day of trial to raise matters <u>that had been known by the amending party since the suit was filed and had not theretofore been raised</u>.  It also found that the non-moving party would be prejudiced if the amendment was allowed." <u>Id.</u> (emphasis added).  As in the <u>Arfor-Bryafield</u> case, the plaintiff's proposed amendment attempts to raise issues that have been known since the suit was filed and were not raised previously.  In fact, plaintiff insists this is true.  National Credit Systems would be prejudiced by the addition of an FDCPA claim at this late date.

Presently, the plaintiff is attempting to amend his complaint after the deadline set by this Court in the previously entered pre-trial scheduling order. Despite the plaintiff's arguments to the contrary, such an order is a crucial consideration in the Court's decision whether to allow the plaintiff's amendment. The Supreme Court has stated, "the trial court should not allow amendments to pre-trial orders where the trial will be unduly delayed or the opposing party unduly prejudiced." Ex parte: Loper, et al, 565 So.2d 28, 31 (Ala, 1990)(citing Metropolitan Life Ins. Co v. Sullen, 413 So.2d 1106 (Ala. 1982)). Further, "The spirit of Rule 16 would be seriously undermined and that rule would be ineffective if the trial judge did not have the right to disallow amendments to the pleadings filed after the pre-trial order." Id. In the Ex parte: Loper case the Court considered the propriety of the trial court's refusal to allow amendments to the plaintiff's complaint after the deadline set in the Court's pre-trial order. The Loper Court concluded:

> Obviously, as it is noted in the comment, pre-trial orders cannot be effective unless the judge has the right to disallow amendments to pleadings filed subsequent to the pre-trail conference, particularly where, as here, the subject matter of the proffered amendment was know to the pleader at the time of the pre-trial conference and was not then offered.

Id.

The plaintiff has known of the possible aspects of his claims related to the FDCPA for months and years as indicated by his own submission to this court of correspondence between the parties. The liberal amendment of pleadings concept

discussed in the plaintiff's Motion to Amend the Complaint is clearly subject to the above limitations regarding the effectiveness of pre-trial scheduling orders, and the potential for prejudice and undue delay.

The plaintiff's brief relies, in part, upon a federal case in the District Court of New Jersey.   The plaintiff asserts this case stands for the proposition that "Delay, in and of itself, is an insufficient ground upon which to deny a motion to amend," and "The non-moving party must show that the moving party's delay in seeking the amendment will unfairly prejudice it." Phillips v. Borough of Keyport, et al, 179 F.R.D. 140 (N.J. 1998).   That case involved the owners of an adult bookstore attempting to add additional federal and state constitutional claims to their cause of action pending in federal court.   The Court denied the owner's attempt to add state constitutional claims and stated:

> When the imposition to defendants in being forced to defend against a state constitutional challenge at this advanced stage in the litigation is weighted against plaintiffs' proffered reason for the delay, the scales clearly tip in favor of the defendants.   **The delay was not caused by any facts newly uncovered during discovery, nor was it occasioned by any change in New Jersey constitutional jurisprudence...Plaintiffs' failure to assert state constitutional claims can only be attributable to a tactical decision to assert only a federal constitutional claim.   Courts will deny a motion to amend where the movant's unexplained delay suggests bad faith or tactical design.**   Undue delay which is not satisfactorily explained is equivalent to bad faith.

Id. at 148-149.   (emphasis added).   The defendant is by no means accusing the plaintiff of bad faith but finds clear analogy to the Court's holding regarding tactical design.   The plaintiff's delay in asserting claims under the FDCPA is

unexplained and can be attributable to tactical design; an attempt to assert only state causes of action and remain in state Circuit Court.[1]  In this situation the plaintiff's cited authority supports the denial of his Motion to Amend the Complaint.

   *II.  Is this case removable if the Plaintiff's Motion to Amend the Complaint is granted.*

### a. Removal Procedure Anticipates this Situation.

   This case would be removable to the federal district court if the plaintiff's Motion to Amend the Complaint to bring allegations under the Fair Debt Collection Practices Act is granted.  The plaintiff's proposed amendment to his complaint consists of an additional count entitled, "Count Six Violations of the Fair Debt Collections Practices Act."   Specifically, the plaintiff alleges the defendant violated 15 U.S.C. §1692d(6), c(a)(1), d(5), f, and g.

   Civil actions brought in state court for which the Federal District Court has original jurisdiction may be removed.  "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of the parties." 28 U.S.C. §1441(b).  Federal district courts have original jurisdiction over actions brought under the Fair Debt Collection Practices Act.

---

[1] See also the ad damnum in the Complaint wherein plaintiff seeks to recover an amount less than the minimum for diversity removal but purports to reserve the right to amend.  This is clearly a tactic to defeat removal.

{W0208501.1 }

> (d) Jurisdiction. An action to enforce any liability created by this title [15 USCS §§ 1692 et seq.] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. §1692K(d). The United States Code regarding removal procedure anticipates a state action becoming removable with the addition of a federal claim.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

Moreover, the plaintiff's claims under state law would thereafter be properly before the United States District Court based on supplemental jurisdiction. "The district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution." 28 U.S.C. § 1367(a). The allegations brought by the plaintiff arise from a single telephone call and are necessarily part of the same case or controversy.

In short, should the plaintiff's Motion to Amend the Complaint be granted, the entire case would thereafter be removable based on the new allegations brought under 5 U.S.C. §1692. Should the court accept the plaintiff's argument that this matter is not removable even with the inclusion of the proposed FDCPA

allegations, defendants are necessarily prejudiced as a result.  In effect the plaintiff would be rewarded for delaying, for almost two years, the inclusion of his FDCPA allegation as he gains the ability to recover attorney's fees under the act, and the defendant is robbed of its chance to remove.     The defendants would be prejudiced as their defense strategy and case evaluation would undoubtedly have been different if FDCPA allegations were originally pled or if the complaint had been timely amended.

### b.  Plaintiff's Brief

The plaintiff's brief forwards two cases ostensibly arguing that correspondence and other communications between the parties related to potential liability under the FDCPA created the "requisites for removability."  Although not entirely clear, it appears the plaintiff is arguing that any attempt to remove this case to federal district court if his Motion to Amend the Complaint is granted is untimely as the defendant entered into prior discussions and exchanged prior correspondence with the plaintiff regarding potential FDCPA liability and defenses.

The first case cited by the plaintiff, Golden Apple Management Co. Inc. v Geac Computers, 990 F. Supp 1364 (M.D. Ala. 1998)., is not on point.  The court in Golden Apple dealt with removal based on diversity of citizenship and the amount in controversy.  Particularly, the court considered whether the plaintiff's prior settlement demand put the defendant on notice that the amount in controversy exceeded the jurisdictional limits of the federal district court and

"other paper" as envisioned by 28 U.S.C. § 1446(b). If the written settlement demand created sufficient notice, the defendant's motion to remove was late and due to be denied in accordance with 28 U.S.C. § 1446(b). If the defendant only received sufficient notice of the true amount in controversy through the plaintiff's responses to requests for admission, the motion to remove was timely and due to be granted. See Id. The court held the written demand letter was "other paper" and it was "not unreasonable to expect that Geac should have ascertained from the settlement letter that the amount in controversy exceeded the minimum requirements for federal court jurisdiction…" Id.

This decision makes sense in context but has no application to this case. Amount in controversy is subject to determination in a variety of ways, both through pleadings, discovery and party negotiations. In this instance, removal is based on federal question jurisdiction, a matter determined exclusively by what is pled. It cannot be ascertained through correspondences and plaintiff has cited this Court to no case for that proposition.

The Holloway v. Morrow case cited by the plaintiff is also not on point, distinguishable, and based on diversity of citizenship and amount in controversy removal. The court held a store manager was not fraudulently joined to the plaintiff's complaint against his co-defendant corporate retailer as the complaint sufficiently pled the possibility of his personal involvement in the alleged torts. The court further held the defendant gained knowledge of potential fraudulent joinder upon the filing of the complaint, not upon receipt of discovery responses

nine months later.   Essentially, the discovery responses contained no new information regarding the allegations against the non-diverse store manager and even referred the defendants to the complaint for such information.   As such, the motion to remove came too late as it was filed more than 30 days after receipt of "other paper" by the defendant (such "other paper" being the Complaint) "from which it [was] first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(6).   Even so, the case was also not removable because the store manager was not fraudulently joined.  See Holloway v. Morrow, 2008 U.S. Dist. LEXIS 10318 (S.D. Ala. 2008).

Removal of Velotas will not be based on diversity of citizenship or the amount in controversy.   Removal of this case will be based on the possible inclusion in the plaintiff's complaint of federal claims for which the federal district court has original jurisdiction.  *The plaintiff's cited authority has no bearing on this potential situation as removal is impossible until the complaint includes federal claims.*  Removal based on original jurisdiction over federal claims cannot occur based on defendant's knowledge the plaintiff might have claims under the FDCPA.  The Golden Apple case does, however, analyze a fact situation that is analogous to the current facts.

While surveying other jurisdictions regarding the issue of notice of the amount in controversy, the Golden Apple Court discusses Compare Sfirakis v. Allstate Insur. Co.  The court stated a "$300,000 settlement demand where [the] verified complaint unequivocally states that damages do not exceed $20,000 and

action was filed in a court of limited jurisdiction was too cryptic to be considered any more than 'posturing by counsel to stake out a position for settlement purposes.'" Compare Sfirakis v. Allstate Insur. Co, 1991 U.S. Dist. LEXIS 10374 (E.D. Pa. 1991).

This correspondence and settlement discussions between the parties in this case can best be described as "posturing".  Certainly the plaintiff's complaint currently contains no allegations for which the federal district court has original jurisdiction and no amount of correspondence, discussion, or other interaction can change this fact.  As this case currently stands it is not removable.  15 U.S.C. 1446(b) states, "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable..."  The statute does not require removal within 30 days of notice the matter **may** be removed based on future events.  It requires removal within 30 days after receipt of "other paper" from which the party ascertains the case **is** or **has become** removable.  This case is or will become removable only if the plaintiff's motion is granted.

If the correspondence, negotiation, and other discussions cited by the plaintiff are sufficient to remove this case based on original jurisdiction, the defendant would seemingly have been required to amend its answer based on these interactions to avoid a default judgment.  Of course, this is not the case and

equally unrealistic is the plaintiff's argument this case became removable before the potential amendment to his complaint to include claims under the FDCPA. The issue of "other paper" referencing FDCPA allegations and defenses has no significance to the question of removal based on a potentially amended complaint.

### III: The Law of the Case

Plaintiff's reliance on the "law of the case" doctrine regarding prior discussion of the FDCPA is simply wrong. The plaintiff repeatedly refers to the "law of the case" doctrine in his brief and in prior submittals and pleadings. In effect the plaintiff argues the FDCPA has become the "law of the case" through prior correspondence, conversation, and negotiation between the parties. Specifically the plaintiff stated in his Motion to Amend the Complaint, "The law of The law of this case is and has always been the Fair Debt Collection Practices Act." (See Plaintiff's Motion to Amend the Complaint, ¶ 3 (internal citations omitted)). As a result, the plaintiff argues in his Motion to Amend the Complaint and in his April 7, 2008, letter brief to the court, that because the FDCPA is the "law of the case" and "[b]oth sides have continuously, repeatedly, and consistently argued the FDCPA and all facts and all the law in this case for two years," there will be no undue delay or prejudice visited upon the defendant as a result of his proposed amended complaint.

The plaintiff's reliance on the "law of the case" doctrine is misplaced and his assertion that no undue delay or prejudice will result from the addition of his FDCPA allegations is incorrect. Certainly, discussions, correspondence and

settlement negotiations between the parties have included mention of the FDCPA. However, the defendant has never been forced to prepare a defense strategy, evaluate the case, propound discovery, seek depositions, or otherwise litigate this matter with FDCPA violations in mind.

The "law of the case" doctrine is not applicable as it is not to be used in the way the plaintiff attempts to use it. "Under the doctrine of the 'law of the case,' whatever is once established between the same parties in the same case continues to be the law of the case...so long as the facts on which the decision was predicated continue to be the facts of the case." Lyons v. Walker Regional Med. Center, Inc., 868 So.2d 1071, 1077 (Ala. 2003)(quoting Blumberg v.Touche Ross & Co., 514 So.2d 922, 924 (Ala. 1987)). "Established between the parties," however, does not refer to interaction and decisions made between and by the parties. It refers to what the Court establishes between the parties. "In the words of Justice Holmes, the doctrine of the law of the case 'merely expresses the practice of courts generally to refuse to reopen what has been *decided*..." Bagley, et al v. Creekside Motors, Inc., 913 So.2d 441, 445 (Ala. 2005) (quoting Messenger v. Anderson, 225 U.S. 436, 444, 56 L.Ed. 1152, 32 S.Ct. 739 (1912))(emphasis in original).

The "law of the case" doctrine only refers to issues decided by the Court, not issues solely between the parties. The Bagley court determined the "law of the case" doctrine was not applicable to its facts because the court, "did not, in the

original appeal, dispositively decide the issue whether any implied warranties existed." Id. at 446. Moreover as discussed by the Supreme Court of Alabama

> Generally, the law-of-the-case doctrine provides that when a court decides upon a rule of law, that rule should continue to govern the same issues in subsequent states in the same case. The purpose of the doctrine is to bring an end to litigation by foreclosing the possibility of repeatedly litigating an issue already decided.

Ex parte Discount Foods, Inc., 789 So.2d 842, 846 n.4 (Ala. 2001).

In this case no issues have been decided or established by the court related to the FDCPA. The parties' correspondence, discussions, and negotiations do not create the "law of the case." All arguments made by plaintiff in this regard are based on a misunderstanding of the doctrine.

### IV. What is the appropriate scope of discovery related to pattern and practice activities?

On July 3, 2007, the plaintiff filed his Second Interrogatories and Request for Production of Documents to which the defendant objected on August 28, 2007, stating, among other objections, that the new discovery was overly broad, not reasonably calculated to lead to the discovery of admissible evidence, irrelevant, "canned", and sought discovery related to issues not at issue in this case. Moreover, as an exhibit to its objections, the defendant filed a copy of identical discovery filed by the plaintiff on the same day in a separate matter. The plaintiff then filed a Motion to Compel responses to his discovery, arguing each request relates to the defendants alleged "pattern, practice, custom, and habit."

The Alabama Rules of Civil Procedure expressly discuss "canned" discovery requests. "The practice of serving "canned interrogatories" is expressly condemned in that, in the majority of instances, these interrogatories do not specifically relate to the transaction made the basis of the action in which they are used." ALA. R. CIV. P 33 (Committee Comments on 1973 Adoption). Moreover, "In the majority of instances, few, if any, good grounds for canned interrogatories can be demonstrated." Id. "Canned" discovery was condemned upon the adoption of the Alabama Rules of Civil Procedure. The plaintiff Second Interrogatories and Requests for Production have little to no relevance to the plaintiff's allegations and as shown by Exhibit 1 are identical to discovery filed by the plaintiff's attorney is a separate case. As such, the plaintiff's requests are "canned" and the exact type of discovery condemned from the inception of the Alabama Rules of Civil Procedure.

There is no cause of action in Alabama for "Pattern and Practice" as alleged in the plaintiff's attempted first amended complaint. It is arguable whether the plaintiff's causes of action include the need for discovery regarding "pattern, practice, custom, and habit". However, there is certainly no reason to require the defendant to respond to the entirety of the plaintiff's overly broad and irrelevant Second Interrogatories and Requests for Production.

The plaintiff filed identical discovery in the Yamen v. Greenburg, Grant & Richards, Inc. case filed in the Circuit Court of Jefferson County and before Judge

Scott Vowell.  After hearing the parties' dispute regarding the discovery, Judge

Vowell ordered the defendant to produce and provide only the following;

> a. All manuals, written procedures, instructions, regulations or other
> documents and records describing or pertaining to the defendant's
> collection procedures and practices. b. List and describe all claims or
> legal actions against defendant seeking damages or other relief
> arising out of defendant's collection practices for the years 2004,
> 2005 and 2006. c. List and describe any citations or other charges of
> the defendant's violations of the FDCPA for the years 2004, 2005
> and 2006. d. Name the defendant's liability insurance carrier which
> provides coverage for this claim along with the amount of coverage.

(See Exhibit 1: Yaymen v. Greenburg, Grant & Richards, Inc. Order).   While

defendants would argue the required discovery is too broad, the fact remains the

requests were severely limited.

Pattern and practice evidence may be relevant to a claim for wantonness.

This case is not ripe, however, in that regard and any discovery of such evidence is

premature.  Alabama Code § 6-11-23 provides that additional evidence regarding

the amount of punitive damages may include evidence regarding "whether or not

the defendant has been guilty of the same or similar acts in the past…" Ala. Code

§ 6-11-23 (1975, as amended 1987).  However, "such information shall not be

subject to discovery, unless otherwise discoverable, until after a verdict for

punitive damages has been rendered." Id.  As a result, "pattern, practice, custom

and habit" discovery regarding the plaintiff's wantonness claims should not be

allowed.

In the recent case of Ex Parte Cooper Tire & Rubber Co., 2007 Ala. LEXIS

229 (Ala. 2007), involving personal injuries allegedly resulting from tire tread

separation, the Supreme Court of Alabama restricted the plaintiff's overly broad discovery requests for documents and information related to tire failure as a result of tread separation. Id at *50.   The plaintiff originally requested production regarding all litigation involving Cooper tires.   In essence, the court applied a relevance test to the plaintiff's discovery requests, stating, "The determination of relevance, i.e., whether the materials relate to the tire failure as a result of tread separation, should also apply to the production of materials already produced (in other cases)." Id.   In Cooper, the plaintiff's sought voluminous documents produced in other cases.   The plaintiff's Second Interrogatories and Requests for Production clearly seek irrelevant and extraneous information and documents and should be limited to those subjects relevant to his causes of action.

In Ex parte American Carpet Sales, Inc., 703 So.2d 950 (Ala. 1997), the Supreme Court again recognized the need to limit overly broad discovery requests. The trial court abused its discretion by ordering production of five years of customer invoices.   The Supreme Court considered the defendants argument that the discovery requests were overly oppressive, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constituted prohibited pattern and practice discovery as the plaintiff's failed to sufficiently plead fraud.   After considering the defendant's arguments the court struck the trial court's order and required production of only two years of invoices. See Id. Similarly, Mr. Velotas has failed to plead fraud or any cause of action requiring expanded "pattern and practice" discovery.

As indicated above, the plaintiff's Second Interrogatories and Requests for Production are, for the most part, irrelevant to the plaintiff's allegations and are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Attempting to amend his complaint to include a count entitled "Pattern and Practice" does not entitle the plaintiff to unlimited discovery. Alabama does not recognize a theory of recovery for "pattern and practice" and the plaintiff's remaining allegations are insufficient to expand discovery beyond information and documents reasonably calculated to lead to the discovery of admissible evidence.

## Conclusion

In short, the plaintiff's attempt to amend the Complaint is untimely and prejudicial. Plaintiff admits knowledge of the purported FDCPA claims since the inception of the case. The tactical decision not to plead it in efforts to avoid removal makes this late amendment unjustified and prejudicial. The prejudice includes but is not limited to the award of attorney fees, something defendant could have planned for and defended against at the start of litigation had plaintiff pled all causes known to him.

Should this Court allow the amendment, the case will be removed. Intending no offense to the opposition, the argument is against removal are just wrong. However, if the Court believes plaintiff's position, the inability to remove is prejudice to the defendant warranting the denial of the Motion to Amend.

Again, with respect to the plaintiff, the arguments regarding the law of the case are seriously erroneous.  The parties do not set the law of the case; it is established between the parties by the Court, and no such determination have been made in this regard.

Finally, regardless of the amendments, the supplemental discovery is too broad and violates the ARCP.  The parties are not to send formulaic discovery unrelated to the actual case in controversy.  This is exactly what the opposition did.  This discovery is identical to that served in other cases and has no direct application to this actual dispute.  It is not a trivial matter -- it costs the defendant time and money, and consumes the Court's resources to resolve these disputes.  Neither the Court nor the defendant should have to recast plaintiff's discovery to meet the needs of the case, but in this instance there is no alternative.  The discovery should be disallowed or else curtailed even beyond what Judge Vowell allowed so as to be within the proper scope of discovery in this case.


  /s/ Neal D. Moore, III
  Neal D. Moore, III   MOO 073
  Attorney for Defendant


OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
Post Office Box 430189
Birmingham, Alabama  35243
205-879-8722 - phone
205-873-8831 - fax


{W0208501.1 }

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this the 10th day of July, 2008, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

_____    mailing the same by first-class United States mail, properly addressed and postage pre-paid

_____    hand delivery

_____    via facsimile

___X___    E-File

Jerry O. Lorant
JERRY O. LORANT & ASSOCIATES
401 Office Park Drive
Birmingham, AL   35223
*Attorney for Plaintiff*

/s/ Neal D. Moore, III
OF COUNSEL



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To:  NEAL D. MOORE
     ndm@ffdlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following matter was FILED on 7/10/2008 2:56:03 PM

D001 NATIONAL CREDIT SYSTEMS INC
MOTION TO AMEND

[Attorney: MOORE NEAL DEWITT III]

Notice Date:      7/10/2008 2:56:03 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To: LORANT JERRY O
jol@lorantassociates.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following matter was FILED on 7/10/2008 2:56:03 PM

D001 NATIONAL CREDIT SYSTEMS INC

MOTION TO AMEND

[Attorney: MOORE NEAL DEWITT III]

Notice Date:     7/10/2008 2:56:03 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To:   MOORE NEAL DEWITT III
      ndm@ffdlaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC**
**01-CV-2006-003564.00**

The following matter was FILED on 7/10/2008 2:56:03 PM

**D001 NATIONAL CREDIT SYSTEMS INC**
**MOTION TO AMEND**

[Attorney: MOORE NEAL DEWITT III]

Notice Date:      7/10/2008 2:56:03 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
CV-2006-003564.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY
CIRCUIT COURT/ CIVIL DIVISION

MICHAEL VELOTAS,                        )
                                        )
        Plaintiff,                      )
                                        )
vs.                                     )        CV 06-03564-MGG
                                        )
NATIONAL CREDIT SYSTEMS, INC., et al.,  )
                                        )
        Defendants,                     )

## ORDER

This Court has the following pleadings before it for consideration, all of which have been previously briefed and argued orally before the undersigned:

- Defendant's Objections to Plaintiff's 2nd Interrogatories and Request for Production filed August 29, 2007;

- Plaintiff's Motion to Compel Defendant to fully answer Plaintiff's 2nd Interrogatories and Request for Production filed September 5, 2007;

- Defendant's Response to Plaintiff's Motion to Compel filed September 12, 2007;

---

- Defendant's Motion to Strike Plaintiff's September 5, 2007 Amended Complaint filed September 6, 2007;

- Plaintiff's Motion to Amend Complaint filed January 17, 2008;

- Defendant's Response to Plaintiff's Motion to Amend Complaint filed January 18, 2008.

---

- Defendant's Motion to Compel Deposition testimony of the Plaintiff filed November 9, 2007;

- Plaintiff's Response in Opposition to Defendant's Motion to Compel Deposition filed November 14, 2007;

---

- Defendant's Motion for Summary Judgment filed January 17, 2008;

- Plaintiff's Motion for Partial Summary Judgment filed January 18, 2008;

Having considered all of the foregoing, it is hereby **ORDERED, AJUDGED and DECREED** as follows:

*ORDER ON PENDING MOTIONS*
*CV 06-3564-MGG*

1. <u>Plaintiff's Motion to Compel Defendant to answer Plaintiff's 2nd Interrogatories and Request for Production of Documents</u> is **GRANTED** in part, and, **DENIED** in part, as follows:

   a. Request #1: **GRANTED**, provided however the period of time for production is limited to the calendar years 2004, 2005 and 2006;

   b. Request #2: **GRANTED**, provided however the period of time for production is limited to the calendar years 2004, 2005 and 2006;

   c. Request #3: **GRANTED**, provided however the period of time for production is limited to the calendar years 2004, 2005 and 2006 and Defendant shall produce only the name of the Complainant, and, the Forum or Court where any of the Complaints were made;

   d. Request #4: **GRANTED**, provided however the period of time for production is limited to the calendar years 2004, 2005 and 2006 and Defendant shall produce for any such law suit only the style of the case, docket number, and court where any of the Complaints were filed;

   e. Request #5: **MOOT**, this was withdrawn by Plaintiff's attorney at Hearing dated September 26, 2007.

   f. Requests # #6, 7 & 8: **GRANTED**, provided however:
      - the period of time for production is limited to the calendar years 2004, 2005 and 2006;
      - the production is limited in scope as to only complaints that are substantially the same character as the claims asserted in the instant case; and,
      - Defendant shall produce only complaints filed with the FEDERAL TRADE COMMISSION, and, only with any similar agency[s] in the State of Alabama;

   g. Request #9: **GRANTED**, provided however the period of time for production is limited to the calendar years 2004, 2005 and 2006;

   h. Request ##10, 11 & 12: **DENIED**, see Requests ##2-8, above;

   i. Request #13, **GRANTED**, provided however the period of time for production is limited to the calendar year 2006;

   j. Request ##14 & 15: **DENIED;**

   k. Request #16, 17 & 18: **DENIED;**

   l. Request #19-20: **DENIED;** and,

   m. Request #21-22: **DENIED**.

2. As to Defendant's <u>MOTION TO STRIKE AMENDED COMPLAINT</u> filed September 6, 2007, the Court finds that said Motion is due to be **GRANTED**.  Plaintiff filed the

2

*ORDER ON PENDING MOTIONS*
*CV 06-3564-MGG*

AMENDED COMPLAINT in question on September 5, 2007. At the time of Plaintiff's filing of this Amended Complaint, the Court's TRIAL SETTING, SCHEDULING AND PREPARATION ORDER of July 23, 2007 was in full effect; said Order specifically stated that *leave of Court* was required to file any amendments to the pleadings after the given August 21, 2007 deadline. Plaintiff failed to seek leave of this Court prior to his September 5th filing of the Amended Complaint; therefore, Plaintiff's AMENDED COMPLAINT of September 5, 2007 was in clear violation of this Court's ORDER of July 23, 2007. Accordingly, Defendant's MOTION TO STRIKE AMENDED COMPLAINT is hereby **GRANTED** and Plaintiff's *Count 5: Pattern and Practice* is **STRICKEN** from the Complaint in this matter.

Regarding Plaintiff's MOTION TO AMEND THE COMPLAINT filed January 17, 2008, as Plaintiff properly followed the Court's directions in the July 23, 2007, Scheduling Order by requesting leave to amend his Complaint, the Court has considered said Motion and Defendant's Opposition as well. The Court finds that said Motion is due to be **GRANTED,** however, not entirely for the reasons Plaintiff suggests. The Court does not agree with Plaintiff that *"The law of this case is and has always been the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq. ["FDCPA"]*[1]. Rather, as Defendant correctly states in its DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND, filed July 10, 2008, *"The 'law of the case' doctrine only refers to issues decided by the Court, not issues solely between the parties."*

Plaintiff is correct that Ala.R.Civ.Pro. 15(c)(2) clearly allows for such amendments to the pleadings when a claim asserted in an amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading. And the comments to this Rule state further that "amendments are to be allowed 'freely when justice so requires'." The Court is aware, however, of Defendant's concern that it will be prejudiced by the addition of an additional claim at this stage of the litigation. However, the Court feels that any potential prejudice that might be caused by allowing this amendment now is easily cured by the Court's entry of a new Scheduling Order allowing sufficient time to address the new claim. Simultaneously with entry of this Order, the Court will enter by separate order a new TRIAL SETTING, SCHEDULING AND PREPARATION ORDER.

---

[1] See, ¶3 of Plaintiff's MOTION TO AMEND COMPLAINT, filed January 17, 2008.

The Court **FINDS** that it has sufficient jurisdiction to hear the new FDCPA claim Plaintiff will bring with this amendment.  The FDCPA specifies that an action for civil liability under this federal statute *"may be brought in any appropriate United States district court . . . or in any other court of competent jurisdiction."* 15 U.S.C. §1692k(d) (2006) (emphasis added).  This Court reads and interprets §1692k(d) of the FDCPA to understand that an Alabama Circuit Court qualifies as "any other court of competent jurisdiction" and thus enjoys concurrent jurisdiction with a Federal District Court to hear this claim.  Accordingly, over the vigorous and well argued opposition of Defendant, Plaintiff's MOTION TO AMEND THE COMPLAINT is hereby **GRANTED.**  Plaintiff is **GRANTED LEAVE** to amend his Complaint to include his new *Count Six: Violations of the Fair Debt Collections Practices Act*.[2]

3. Defendant's Motion to Compel Plaintiff Deposition is hereby **GRANTED,** and Plaintiff **SHALL** appear for his deposition within the time frames established in the new Scheduling Order.

4. Defendant's Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment are each hereby **DENIED**, with leave to refile pursuant to the new Scheduling Order.

**DONE** and **ORDERED** this, the *7th* day of January, 2010.

*S/Michael G. Graffeo*
MICHAEL G. GRAFFEO
Circuit Judge

cc:    Jerry O. Lorant, Esq.
       Neal D. Moore, III, Esq.

---

[2] Note that Plaintiff's new claims under the FDCPA will actually constitute "Count Five" of his Complaint rather than "Count Six", as it was labeled in his Motion, since his former Count Five – "Pattern and Practice" – was stricken from the Complaint as part of this Order.



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To:  LORANT JERRY O
jol@lorantassociates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following matter was FILED on 1/7/2010 2:23:34 PM

Notice Date:     1/7/2010 2:23:34 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To: MOORE NEAL DEWITT III
ndm@ffdlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC**
**01-CV-2006-003564.00**

The following matter was FILED on 1/7/2010 2:23:34 PM

Notice Date:      1/7/2010 2:23:34 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
2/5/2010 2:25 PM
CV-2006-003564.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**CIVIL DIVISION / BIRMINGHAM**

| | | |
|---|---|---|
| MICHAEL VELOTAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 06-03564-MGG |
| | ) | |
| NATIONAL CREDIT SYSTEMS, INC., et al., | ) | |
| | ) | |
| Defendants, | ) | |

## 10TH CIRCUIT UNIFORM SCHEDULING ORDER & TRIAL SETTING

Any prior **SCHEDULING ORDER & TRIAL SETTING** previously entered in this matter is hereby **VACATED** and **WITHDRAWN**.  Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

**1.** This case remains **ASSIGNED** to the **STANDARD TRACK** as designated and defined under the *BIRMINGHAM DIFFERENTIAL CASE MANAGEMENT PLAN*.

**2. The case is set for JURY TRIAL on *August 23, 2010, at 9:00 a.m.* in Courtroom 310, Jefferson County Courthouse, Birmingham.  The provisions of Exhibit A attached hereto APPLY to the trial of this action.**

This case **shall** be disposed of on or before the trial date, unless the court grants a timely filed Motion for Continuance for good cause shown.  The parties are advised that the fact "that the trial setting is a first setting", "that the parties have agreed to a continuance", "that discovery has not been completed", or other such reasons will **not** be considered "good cause."

**3.** All pending written discovery shall be **RESPONDED** to **within thirty [30] days of this Order.**

**4.** All parties shall be **NOTICED** for their depositions so that the depositions may take place and be completed no later than **March 26, 2010.**  All other fact discovery, including all depositions, shall be **INITIATED** in time to be completed on or before **June 30, 2010, the discovery cut-off date.**

**5.** Plaintiff(s) shall provide the names and Rule 26 information of any expert witness(es) expected to be used at the trial of this case on or before **May 7, 2010.**  Said witness shall be made available for deposition by Defendant(s) on or before **May 28, 2010.**

**6.** Defendant(s) shall provide the names and Rule 26 information of any expert witness(es) expected to be used at the trial of this case on or before **June 4, 2010.**  Said witness shall be made available for deposition by Plaintiff(s) on or before **July 25, 2010.**

**7.** Any amendments to the pleadings must be **FILED** no later than **June 21, 2010.**  Other amendments to pleadings require leave of Court.

*10TH CIRCUIT UNIFORM SCHEDULING ORDER & TRIAL SETTING*
*CV 06-3564-MGG*

**8.** The provisions of Exhibit B attached hereto **APPLY** to motions filed in this action. Motions for Summary Judgment or other dispositive motions must be filed ***on or before July 15, 2010.***

**9.** A conference of any type may be set at the request of any party.

**10.** The *Birmingham Differential Case Management Plan* is incorporated into this Scheduling Order by reference. A copy of the *Birmingham Differential Case Management Plan* can be found at *http://10jc.alacourt.gov.*

**11.** Special provisions applying to this case:

> *(a)* EXHIBIT A, ¶ 4 and EXHIBIT B, ¶ 2 are **MODIFIED** as, for anything filed electronically via *AlaFile* [including documents described in EXHIBIT A, ¶¶ 1–3 and/or EXHIBIT B, ¶ 2], the Court is readily able to print a "work" or "courtesy" copy and Judge Graffeo ***does not desire*** written "courtesy" copies; rather, this Court welcomes an e/mail to Judge Graffeo or his Law Clerk advising a document has been filed and thus is available to print; provided however, copies of documents not filed electronically are welcomed, especially if filed within days of any hearing;

> *(b)* EXHIBIT B, ¶ 1 is **MODIFIED** such that when it is necessary to communicate with the Court, the Court welcomes communication via e/mail sent to anyone listed at EXHIBIT B, ¶4, below, instead of a telephone call, voice/mail, and/or written correspondence; and, other than an e/mail requesting a hearing date for a motion to be filed, all e/mail sent to this Court shall be copied to all opposing counsel of record and any pro se party.

> **DONE** and **ORDERED** this, the 7th day of January, 2010.

> *S/Michael G. Graffeo*
> MICHAEL G. GRAFFEO
> Circuit Judge

Cc:    All Counsel of Record

*10TH CIRCUIT UNIFORM SCHEDULING ORDER & TRIAL SETTING*
*CV 06-3564-MGG*

## EXHIBIT A

**The following provisions SHALL APPLY to the _TRIAL_ of this action:**

1. The parties are to exchange the following items so that each party has received the other's items no later than **14 calendar days** before the trial of this case:

    (A) Itemizations of all damages claimed, showing the amount and, if applicable, the methodology used to compute all such damages.

    (B) Witness lists stating the names and addresses of individuals who are expected to testify at trial. While identification of an individual does not obligate the party to call that individual as a witness, any individual not identified will be precluded from testifying at trial without leave of Court, which will be granted only for good cause shown. The obligations of this sub-paragraph do not pertain to rebuttal witnesses the identities of whom cannot reasonably be foreseen ahead of trial.

    (C) Exhibit lists identifying or describing all writings, recordings and other tangible exhibits that the parties may use at trial. Documents so identified are to be made readily available to any party requesting the opportunity to review and copy. Any exhibit not identified will not be admitted into evidence without leave of Court, which will be granted only for good cause shown.

2. Unless objections are filed and served no later than **7 calendar days** before trial, each party shall be deemed to have no objection to the competence of every individual identified in witness lists to testify and to the authenticity and admissibility of every document and other thing identified in the exhibit lists. Should any objection be filed and served, the party raising it shall state the basis of the objection.

3. In jury cases, no later than **7 calendar days** before trial, the parties shall file and serve any motions *in limine*. Further, by **7 calendar days** before trial, any proposed jury instructions and verdict forms shall be submitted to the Court. If requested instructions comport with *Alabama Pattern Jury Instruction* charges, the submitting party may simply file a list of the requested APJI charges without setting out the full text of each such charge.

4. The parties are to provide "courtesy copies" of all papers identified in paragraphs 1-3 above by delivering them to the chambers of the undersigned when the originals are filed with the Clerk of the Court. Parties may submit "trial briefs," although such briefs are not required. Any such brief should, in fact, be truly brief.

5. The parties are encouraged to consider using, and preparing, written stipulations of fact, so that a jury may focus on the actual factual dispute remaining for adjudication by trial.

6. All exhibits, properly identified and without objection (or with objections overruled), are to be pre-marked and will be admitted at the beginning of trial.

7. Counsel are reminded that a party desiring a court reporter in attendance at the trial of this cause must specifically request a reporter by advising the Court's chambers no later than **4 days before the trial.** The party making such request must assume, and by this order agrees to assume, the responsibility for payment directly to the court reporter for all costs and expenses attendant to the reporter's services at trial, in the absence of an agreement by the parties to share this financial responsibility jointly.

*10TH CIRCUIT UNIFORM SCHEDULING ORDER & TRIAL SETTING*
*CV 06-3564-MGG*

# EXHIBIT B

## MOTION PROVISIONS

*The following provisions SHALL APPLY to MOTIONS filed in this action:*

1.  If a hearing is requested, the date and time for hearing all motions shall be obtained from Judge Graffeo's office *before* filing such motions.  Notice of the hearing date and time *shall be prominently shown on the first page* of the motion, in the style of the case underneath the civil action number.

2.  Paper copies of any materials in support of motions, including briefs, in excess of 10 pages must be provided to the Judge's chambers.   Courtesy copies shall be delivered no later than 2 **business** days before the hearing.

3.  No materials electronically filed less than **3 calendar days** prior to a hearing date will be considered by the Court.   No material hand delivered to the Judge's office less than **2 calendar days** prior to the hearing date will be considered by the Court.

4.  Proposed orders shall not be filed with or attached to motions, but shall be submitted to the Court's designated email address in the format preferred by the individual judge. If the lines below are blank or if the email address is no longer active, the pertinent information may be obtained by calling Judge Graffeo's office, 205-325-5644.

**Email:**

**Judge Graffeo:**
*Michael.graffeo@alacourt.gov*
**Judge Graffeo's Judicial Assistant:**
*Martha.haywood@alacourt.gov*
**Judge Graffeo's Law Clerk:**
*John.hart@alacourt.gov*

**Preferred File Format:**
*Microsoft WORD*

5.   The Court encourages the parties to engage in voluntary mediation at any time so long as the mediation does not result in a delay of any dates set in the Scheduling Order.    Any motion  for mandatory mediation must be filed within **42 days** of this order.

6.  No pleading or motion shall be filed by facsimile.   No copies shall be sent to the Judge by facsimile unless specifically requested.

*10TH CIRCUIT UNIFORM SCHEDULING ORDER & TRIAL SETTING*
*CV 06-3564-MGG*

## EXHIBIT C

**THE PARTIES SHOULD REFER TO THE SCHEDULING ORDER FOR THE TRACK ASSIGNMENT AND ALL DISCOVERY DEADLINES.**

### EXPEDITED TRACK

Pursuant to the *Birmingham Differential Case Management Plan*, the following discovery limits apply to these cases:

No depositions will be allowed absent order of the court. Additionally, a limit of 50 single-part paper discovery request items will be allowed for each party whether involving interrogatories, request for production, or request for admission. All discovery must comply with deadlines established by the Court's Scheduling Order.

### STANDARD TRACK

Pursuant to the *Birmingham Differential Case Management Plan*, the following discovery limits apply to these cases:

Discovery will be limited to six depositions per party. Additionally, each party will be limited to 100 single-part discovery request items whether involving interrogatories, requests for production, or requests for admission. All discovery must comply with the deadlines established by the Court's Scheduling Order. A party may request relief from the discovery limitations in standard track cases.

### STANDARD AND COMPLEX TRACK

Pursuant to the *Birmingham Differential Case Management Plan*, the following discovery provisions apply to these cases:

In the event there is a dispute over the order in which depositions are to be taken, a defendant issuing a deposition notice contemporaneously with the defendant's initial appearance shall be entitled to conduct a party plaintiff's deposition first. Otherwise, the party who issued a deposition notice first should be permitted to conduct that deposition prior to any other depositions being taken. The attorneys are encouraged to work among themselves, without the need for court intervention, if changes in deposition scheduling become necessary.

With respect to Rule 30(b)(6) of the Alabama Rules of Civil Procedure, if corporate representatives are not located within the State of Alabama, a party being asked to tender such representatives for deposition will be expected to produce only one such representative in Jefferson County, Alabama absent agreement of the parties to the contrary, or unless otherwise ordered. Any further depositions of additional corporate representatives would be expected to be held at the deponents' location. Should the party for whom the representative will be testifying reasonably question the court's personal jurisdiction, this party may object to producing a witness in Jefferson County until the issue is resolved.



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To:  LORANT JERRY O
     jol@lorantassociates.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC**
**01-CV-2006-003564.00**

The following matter was FILED on 1/7/2010 2:24:13 PM

Notice Date:      1/7/2010 2:24:13 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

Judge: MICHAEL G GRAFFEO

To:  MOORE NEAL DEWITT III
ndm@ffdlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following matter was FILED on 1/7/2010 2:24:13 PM

Notice Date:      1/7/2010 2:24:13 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
1/11/2010 4:23 PM
CV-2006-003564.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| MICHAEL VELOTAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CV-2006-03564 |
| | ) |
| NATIONAL CREDIT SYSTEMS, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF APPEARANCE

COMES NOW the undersigned and enters an appearance as additional counsel of record for defendant National Credit Systems, Inc. and request the Court provide copies of all dockets, notices, etc. to his attention.

Respectfully Submitted,

/s/ Patrick W. Franklin
Patrick W. Franklin          (FRA 051)
*Attorney for Defendant*

**OF COUNSEL:**
FERGUSON, FROST & DODSON, LLP
Post Office Box 430189
Birmingham, Alabama  35243

{W0248478.1 }

## CERTIFICATE OF SERVICE

This is to certify that on this the 11th day of January, 2010, a copy of the forgoing document has been electronically filed with the Court and served on counsel via e-file:

Jerry O. Lorant
JERRY O. LORANT & ASSOCIATES
401 Office Park Drive
Birmingham, AL  35223
*Attorney for Plaintiff*

/s/ Patrick W. Franklin
OF COUNSEL

{W0248478.1 }

ELECTRONICALLY FILED
1/11/2010 4:27 PM
CV-2006-003564.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| MICHAEL VELOTAS, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. CV-2006-03564** |
| | ) |
| NATIONAL CREDIT SYSTEMS, INC., | ) |
| et al., | ) |
| | ) |
|     **Defendants.** | ) |

### NOTICE OF APPEARANCE

COMES NOW the undersigned and enters an appearance as additional counsel of record for defendant National Credit Systems, Inc. and request the Court provide copies of all dockets, notices, etc. to his attention.

Respectfully Submitted,

/s/ Patrick W. Franklin
Patrick W. Franklin    (FRA 051)
*Attorney for Defendant*

**OF COUNSEL:**
FERGUSON, FROST & DODSON, LLP
Post Office Box 430189
Birmingham, Alabama  35243

{W0248478.1 }

## CERTIFICATE OF SERVICE

This is to certify that on this the 11th day of January, 2010, a copy of the forgoing document has been electronically filed with the Court and served on counsel via e-file:

Jerry O. Lorant
JERRY O. LORANT & ASSOCIATES
401 Office Park Drive
Birmingham, AL   35223
*Attorney for Plaintiff*

/s/ Patrick W. Franklin
OF COUNSEL

{W0248478.1 }



**AlaFile E-Notice**

01-CV-2006-003564.00

To: PATRICK WAYNE FRANKLIN
pwf@ffdlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following NOTICE OF APPEARANCE was FILED on 1/11/2010 4:27:03 PM

Notice Date:     1/11/2010 4:27:03 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

To:  LORANT JERRY O
jol@lorantassociates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following NOTICE OF APPEARANCE was FILED on 1/11/2010 4:27:03 PM

Notice Date:     1/11/2010 4:27:03 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

To: MOORE NEAL DEWITT III
ndm@ffdlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following NOTICE OF APPEARANCE was FILED on 1/11/2010 4:27:03 PM

Notice Date:     1/11/2010 4:27:03 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

To:  FRANKLIN PATRICK WAYNE
     pwf@ffdlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC**
**01-CV-2006-003564.00**

The following NOTICE OF APPEARANCE was FILED on 1/11/2010 4:27:03 PM

Notice Date:     1/11/2010 4:27:03 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

To:  PATRICK WAYNE FRANKLIN
pwf@ffdlaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following NOTICE OF APPEARANCE was FILED on 1/11/2010 4:23:55 PM

Notice Date:      1/11/2010 4:23:55 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

 **AlaFile E-Notice**

01-CV-2006-003564.00

To:  LORANT JERRY O
     jol@lorantassociates.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00

The following NOTICE OF APPEARANCE was FILED on 1/11/2010 4:23:55 PM

Notice Date:      1/11/2010 4:23:55 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

To:   MOORE NEAL DEWITT III
      ndm@ffdlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC**
**01-CV-2006-003564.00**

The following NOTICE OF APPEARANCE was FILED on 1/11/2010 4:23:55 PM

Notice Date:      1/11/2010 4:23:55 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2006-003564.00

To:  FRANKLIN PATRICK WAYNE
     pwf@ffdlaw.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**MICHAEL VELOTAS  VS  NATIONAL CREDIT SYSTEMS INC
01-CV-2006-003564.00**

The following NOTICE OF APPEARANCE was FILED on 1/11/2010 4:23:55 PM

Notice Date:     1/11/2010 4:23:55 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

# EXHIBIT "B"

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| MICHAEL VELOTAS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CV-2006-03564 |
| | ) |
| NATIONAL CREDIT SYSTEMS, INC., | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

### NOTICE TO THE CLERK OF NOTICE OF REMOVAL

TO:    Ms. Anne Marie Adams
        Circuit Clerk of Jefferson County
        716 North 21st Street
        Birmingham, AL 35263

        Jerry O. Lorant, Esq.
        6 Office Park Circle
        Suite 214
        Birmingham, Alabama 35223

**YOU ARE HEREBY NOTIFIED** of the filing of a Notice of Removal to the United States District Court for the Northern District of Alabama, in the case of, *Michael Velotas v. National Credit Systems, Inc.,* Civil Action No. CV-2006-3564, in the Circuit Court of Jefferson County, Alabama, in accordance with the provisions of 28 U.S.C. §1446. A copy of the Notice of Removal is attached hereto as Exhibit 1.

DATED this the 29th day of January, 2010.

                      Respectfully Submitted,


                      _____

                      Neal D. Moore, III     (MOO073)
                      Patrick W. Franklin   (FRA 051)
                      *Attorneys for Defendant*

{W0249939.1 }

**OF COUNSEL:**
FERGUSON, FROST & DODSON, LLP
Post Office Box 430189
Birmingham, Alabama 35243

## CERTIFICATE OF SERVICE

This is to certify that on this the 5th day of February, 2010, a copy of the forgoing document has been electronically filed with the Court and served on counsel via U.S. Mail:

Jerry O. Lorant, Esq.
6 Office Park Circle
Suite 214
Birmingham, Alabama 35223
*Attorney for Plaintiff*

OF COUNSEL