

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL VELOTAS,                    ]
                                    ]
    Plaintiff,                      ]
                                    ]
    vs.                             ]   2:10-CV-00288-LSC
                                    ]
NATIONAL CREDIT SYSTEMS, INC.,      ]
                                    ]
    Defendant.                      ]

MEMORANDUM OF OPINION AND ORDER

The Court has for consideration Plaintiff's Motion for an Award of Attorney's Fees Under FRCP 54(d)(2).  (Doc. 12.)  On June 10, 2010, the parties notified the Court that they had reached a settlement with regard to all liability issues in the above-entitled cause.  However, a dispute remained regarding what attorney's fees, if any, were due to be recovered by the plaintiff.  Plaintiff's motion for attorney's fees has been fully briefed by the parties and the Court heard oral argument on February 9, 2011; the motion is ripe for decision.[1]  For the reasons that follow, Plaintiff's motion

---

[1]Each party also filed a motion to strike the other's filings in this matter. Defendant moved to strike Plaintiff's motion and brief for failure to double-space. (Doc. 14.)  Plaintiff's brief is approximately nine pages, single-spaced.  Plaintiff moved to

for attorney's fees is GRANTED IN PART AND DENIED IN PART, and Plaintiff is awarded $17,860.27, reflecting 55 attorney hours at a rate of $300 per hour, 9.9 staff hours at a rate of $100 per hour, and $370.27 in costs.

Plaintiff sued Defendant for invasion of privacy, intentional infliction of emotional distress, defamation, and negligence/wantonness, as well as violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*   Plaintiff's claims arise from one alleged phone call made in conjunction with Defendant's collection activities.

FDCPA provides for the recovery of actual damages, statutory damages of up to $1,000, and "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Defendant does not dispute that Plaintiff is a prevailing party under FDCPA and entitled to recover fees and costs related to enforcement of FDCPA

---

strike Defendant's response brief for exceeding the page limit because it was sixteen pages, double-spaced. (Doc. 16.)  Plaintiff also requests sanctions, arguing Defendant filed a frivolous and unnecessary motion.  Both motions are frivolous and unnecessary. While the Court assumed that the parties would double-space their arguments, the Court's briefing schedule did not specify that requirement.  And, Defendant has not achieved any advantage over the plaintiff by filing an argument that is sixteen pages, double-spaced, when Plaintiff filed nine pages, single-spaced.  Both motions are DENIED.

liability.  (Doc. 15.)  The parties also agree that the starting point for the Court's calculation of the amount of a reasonable fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  The parties disagree about how many hours were "reasonably expended" and whether Plaintiff's counsel's hourly rate is "reasonable."

The Court addresses the latter issue first.   Plaintiff's counsel is claiming a rate of $350 per hour.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)) .  "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates."  *Id*. (citing *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987)).  "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Id*. (citing *Blum*, 465 U.S. at 896 n.11).  "It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must

speak to rates actually billed and paid in similar lawsuits.  Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Id*.  (citing *Hensley*, 461 U.S. at 439 n.15).  "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence."  *Id*.  "The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge."  *Id*.

In support of the reasonableness of his $350 hourly rate, Plaintiff submits the affidavits of three local attorneys.  The three attorneys cite hourly rates of $300, $450, and $420 as being reasonable and appropriate rates in this area, given Plaintiff's counsel's extensive experience and the work done in this case.  (Doc. 13, Exs. 16-18.)  The three attorneys are clear examples of opinion evidence.  All state that they are familiar with Plaintiff's counsel, "somewhat familiar" with the scope and purpose of FDCPA, and recognize the "uniqueness" of this particular litigation; then the attorneys give an opinion on the hourly rate they find reasonable.  Plaintiff

does not offer any evidence of rates actually charged by lawyers in similar circumstances.  None of the attorneys who signed affidavits claim to have prosecuted cases under FDCPA and/or recovered any fees under the Act.

Plaintiff also submits the "Laffey Matrix," a chart intended for use in cases with statutes permitting the prevailing party to recover "reasonable" attorney's fees.  The chart gives an approximation of prevailing market rates for litigation counsel in the Washington, D.C. area from 2003 through 2007. (Doc. 13, Ex. 20.)  This case was not litigated in Washington, D.C., and Plaintiff does not submit any evidence comparing the differences in costs between Birmingham, Alabama and Washington, D.C.; yet, the Laffey Matrix reflects an hourly rate of $425 as being "reasonable" in 2006-07 for an attorney with over twenty years of litigation experience.

Defendant argues that a rate of $350 per hour is unreasonable and suggested in oral argument that a rate of $250 per hour would still be "too high."  However, Defendant has not cited any law nor proffered any evidence to counter Plaintiff's showing on this issue.  Therefore, the Court is left only with Plaintiff's opinion evidence, a generalized rate for the

Washington, D.C. area, Defendant's objections, and the Court's own experience.

The Eleventh Circuit Court of Appeals recognized that determining a reasonable hourly rate can be an incredibly difficult chore:

> [O]rdinarily there are no quotations for the prevailing market rate for a given attorney's services. Instead, the best information available to the court is usually a range of fees set by the market place, with the variants best explained by reference to an attorney's demonstrated skill. It is the job of the district court in a given case to interpolate the reasonable rate based on an analysis of the skills enumerated above which were exhibited by the attorney in the case at bar, remembering that the highest market rates are not theoretical rates for the perfect lawyer and that the lowest market rates are being earned not by imbeciles but by men and women who are proud to say they are attorneys, who are good enough to earn a livelihood from the profession, and who are at least well enough qualified to be admitted to the bar.

*Norman*, 836 F.2d at 1299.   Having considered Plaintiff's evidence, Defendant's objections, and the skill exhibited by Plaintiff's counsel in prosecuting Defendant's liability under FDCPA in this action, the Court finds that a rate of $300 per hour is reasonable.

The issue of how many hours were "reasonably expended" in enforcing Defendant's liability under FDCPA is more complicated.  In fact, once the issue of hours is determined, the court "should then address whether the fee should be adjusted upward or downward and may be guided by the twelve factors described in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), which include the 'important factor' of the 'degree of the plaintiff's success in the suit.'"  *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 Fed. Appx. 161, 164 (11th Cir. 2008) (quoting *Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006)).  "In doing so, the court may attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by some proportion." *Norman*, 836 F.2d at 1302 (citing *Hensley*, 461 U.S. at 436-37). "A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole."  *Id.*  "Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours." *Id.* (citing *Popham v. City of Kennesaw*, 820 F.2d 1570, 1578 (11th Cir. 1987)).  "It is improper to make the reduction based on a simple ratio

of successful issues to issues raised." *Id*. (citing *Hensley*, 461 U.S. at 435 n.11).

Plaintiff contends that counsel expended a total of 126.54 hours in this litigation, an amount that includes 11.54 hours of staff work at $100 per hour and 2.0 hours of secretarial work at $25 per hour. (Doc. 12 ¶ 3.) Deducting staff and secretarial work, Plaintiff's motion seeks reimbursement for 113 attorney hours. (*Id*.) The Court must determine, however, how many of these hours were "reasonably expended" in enforcing Defendant's liability under FDCPA.

A time line of relevant dates is helpful:

June 15, 2006: Plaintiff files a complaint in the Jefferson County Circuit Court, alleging invasion of privacy, intentional infliction of emotional distress, defamation, and negligence/wantonness under Alabama state law. Plaintiff's complaint does not include a claim under FDCPA.

July 26, 2006: Defendant sends Plaintiff a letter and cites FDCPA as a defense and argues all state law claims are preempted by FDCPA.

August 15, 2006: Defendant files an answer and includes FDCPA as an affirmative defense.

September 8, 2006: Plaintiff mails a letter to Defendant identifying FDCPA violations, but no amendment to the complaint was filed.

August 21, 2007: The deadline to amend the complaint in state court passes and no FDCPA claim has been added.

September 5, 2007: Plaintiff files an amended complaint in state court without leave, attempting to add a "pattern and practice" state law claim. Plaintiff does not seek to add a claim under FDCPA. Defendant subsequently files a motion to strike the amendment as being filed out of time.

January 17, 2008: Plaintiff files a motion to amend the complaint to add a violation of FDCPA. Defendant subsequently files its opposition.

January 7, 2010: Nearly two years after Plaintiff sought amendment, the state court allows the FDCPA claim. The same day, Defendant issues an offer of judgment for $1,500, plus attorney fees calculated from January 7, 2010, forward. Plaintiff rejects this offer.

January 29, 2010: The case is removed to this Court.

March 22, 2010: Defendant issues a second offer of judgment for $1,500, plus attorney fees calculated from January 7, 2010.

May 21, 2010: The case settles for $1,500, plus court-determined fees.

Defendant argues that the only hours "reasonably expended" in prosecuting FDCPA liability began on January 7, 2010, when the state court allowed amendment to add the FDCPA claim, and ended when Defendant's first offer of judgment expired fourteen (14) days later. In support of the latter contention, Defendant maintains that its offer on January 7, 2010, would have resulted in the same compensation to the plaintiff as the

amount ultimately obtained through settlement on May 21, 2010; therefore, any hours incurred after refusing the offer of judgment were "unreasonable." The Court disagrees.

In reviewing the offers of judgment and the terms of the ultimate settlement agreement, it is clear that there is a difference in the amount of attorney's fees offered. The offers of judgment mandate that attorney's fees are calculated from January 7, 2010, onward. The settlement agreement provides that the Court will determine the amount of attorney's fees, and there is no limitation on the Court's award. 15 U.S.C. § 1692k(a)(3), provide that the person aggrieved by a violation of FDCPA is entitled to the recovery of costs and a reasonable attorney's fee. Attorney's fees are awarded by statute to the plaintiff—not his or her attorney. Therefore, the offers of judgment do not result in the same compensation to the plaintiff as the amount ultimately obtained through settlement on May 21, 2010. The Court does not consider the offers of judgment as a cut-off point for determining the number of hours reasonably expended.

The Court also is not convinced that January 7, 2010, is an appropriate starting point for calculating the number of reasonable hours incurred by Plaintiff's counsel.  Plaintiff is entitled to attorney's fees related to time spent enforcing liability under FDCPA.  Clearly, attorneys spend time prior to the date a complaint (or amendment) is filed consulting with their client, researching the law, investigating facts, drafting pleadings, and engaging in other work related to the claim at issue.

Neither is the Court convinced by Plaintiff's argument that he is entitled to attorney's fees from the inception of this litigation in June 2006. Plaintiff admits that he considered the relief available under FDCPA and specifically chose not to file suit under the Act in June 2006.  (Doc. 12, Attach. 1 at 1.)  By choosing not to proceed under the FDCPA, Plaintiff cannot recover attorney's fees associated with that choice.  However, it is evident to the Court that after Defendant raised its affirmative defense and argued with Plaintiff that his state law claims were precluded by FDCPA, the parties proceeded as if this was an action brought under FDCPA.  Defendant admittedly chose to engage in gamesmanship: remain silent, wait until Plaintiff misses the deadline to amend the complaint to add the FDCPA

claim, and then fight the amendment. (Doc. 15 at 5.) Ultimately, Defendant's strategy failed because the state court allowed the amendment and at that point, the litigation was nearly four years-old.

Taking all of these factors into consideration, and after careful review of the attorney time records submitted, the Court finds that 55 attorney hours and 9.9 staff hours were reasonably expended in the enforcement of Defendant's liability under FDCPA. In determining the foregoing amounts, the Court reduced counsel's time for items that appeared purely secretarial in nature (i.e., "diarying file," filing and faxing documents), *see, e.g., Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002), as well as time entries that were vague and from which the Court could not discern that time billed was reasonably related to prosecution under FDCPA.

Moreover, the Court gave careful consideration to the twelve factors described in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), including the "degree of the plaintiff's success in the suit." Defendant argues that a sizable attorney's fee is not justified in this action because it is a simple FDCPA claim involving only one phone call and

recovery of a mere $1,500.  Defendant is correct that this is not a case that involves incredibly complicated legal issues.  However, this case has dragged on for over four years due, in no small part, to the "strategic" decisions made by the defendant.  The Court also cannot ignore that Congress chose to include a mandatory attorney fee provision in FDCPA as a method of creating a "private attorney general" approach to enforcement.  *See Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995).  Because FDCPA caps damages at a relatively low amount, "[i]n order to encourage able counsel to undertake FDCPA cases, as congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases."  *Id*. at 652.  Further reduction is not appropriate merely because the damages in this case total only $1,500.

For the reasons outlined above, the Court finds that attorney fees and costs in the amount of $17,860.27 (55 hours at a rate of $300 per hour, plus 9.9 hours at a rate of $100 per hour, plus $370.27 in costs) are reasonable.  Accordingly, Plaintiff's motion for an Award of Attorney's Fees Under FRCP 54(d)(2) is GRANTED IN PART AND DENIED IN PART.  Plaintiff is awarded $17,860.27 in attorney's fees and costs.  The Clerk of Court is DIRECTED to

enter judgment in favor of the plaintiff and against the defendant in the amount of $17,860.27, plus interest accrued at the prevailing legal rate per annum from the date of judgment until paid.

Done this 3rd day of March 2011.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297